**TIFFANY & BOSCO, P.A.**
Richard G. Himelrick, State Bar No. 004738
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 255-6000
Email: rgh@tblaw.com

*[Proposed] Liaison Counsel for Movant and the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
Laurence M. Rosen
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: pkim@rosenlegal.com
          lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Movant and the Class*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| David G. Lowthorp, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>Mesa Air Group, Inc.; Jonathan G. Ornstein; Michael J. Lotz; Daniel J. Altobello; Ellen N. Artist; Mitchell Gordon; Dana J. Lockhart; G. Grant Lyon; Giacomo Picco; Harvey Schiller; Don Skiados; Raymond James & Associates, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Cowen and Company, LLC; Stifel, Nicolaus & Company, Incorporated; and Imperial Capital, LLC,<br><br>    Defendants. | No.  2:20-cv-00648-DLR<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF BENNETT GLOVER TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** |

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant Bennett Glover ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 27 of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing Movant as Lead Plaintiff for the Class of all purchasers or acquirers of common stock of Mesa Air Group, Inc. ("Mesa" or the "Company") issued in connection with the Company's August 2018 initial public offering (the "IPO" or the "Offering") to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(2) approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel and Tiffany & Bosco, P.A. as Liaison Counsel for the Class.

## I.    CLAIMS ASSERTED

On April 1, 2020, this action was commenced against the Company and certain of its officers, directors, and underwriters for violations under the Securities Act by Rosen Law. That same day, Rosen Law issued a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case, the Class Period, and the 60-day deadline for class members to move this Court to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Richard G. Himelrick filed herewith ("Himelrick Decl." or "Himelrick Declaration").

Defendant Mesa Air Group purports to operate as the holding company for Mesa Airlines, Inc., which provides regional air carrier services under capacity purchase agreements ("CPA") with American Airlines ("American") and United Airlines.

The complaint alleges that defendants made false and/or misleading statements and/or failed to disclose that: (1) Mesa Air Group's operational performance was poor and below industry standards; (2) Mesa Air Group had a shortage of qualified mechanics and maintenance personnel; (3) Mesa Air Group had an inadequate number of spare

1

aircraft and parts; (4) Mesa Air Group did not have a strong track record of reliable performance; (5) then-existing "risks" had already materialized; (6) Mesa Air Group knew of undisclosed adverse trends and uncertainties at the time of the IPO; and (7) as a result, Defendants' public statements were materially false and misleading at all relevant times.

When the true details entered the market, the lawsuit claims that investors suffered damages.

## ARGUMENT

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002); *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *2 (D. Ariz. Apr. 7, 2008).

As explained below, Movant satisfies the above criteria and is the most adequate plaintiff and should be appointed Lead Plaintiff.

### A.    Movant Is Willing to Serve as Class Representative

As set forth in his certification filed herewith, Movant attests that he has reviewed the Complaint, adopts the allegations therein, and is willing to serve as a representative of the class. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class. *See* Himelrick Decl., Ex. 2.

### B.    Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group . . . that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii) (emphasis added); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify how to calculate the "largest financial interest," the approximate losses suffered are the most determinative. *Richardson v. TVIA, Inc.*, 2007 WL 1129344, at \*4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant purchased 17,500 shares of Mesa stock during the Class Period at a cost of over $99,750.00. Movant still holds all of these shares, thereby suffering approximate losses of over $46,725.00. *See* Himelrick Decl., Ex. 3. Movant is not aware of any other individual movant who has suffered greater losses in Mesa securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed Lead Plaintiff for the Class.

### C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1)    the class is so numerous that joinder of all members is impracticable,

3

(2)    there are questions of law or fact common to the class,

(3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *In re Cavanaugh,* 306 F.3d 726, 730 (9th Cir. 2002). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

Movant is a resident of Missouri. Movant has been investing in the stock market for approximately 15 years. Movant has a degree in Aviation Safety and works as an airline pilot. Movant fulfills all of the requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class and his claims are typical of the members of the class. Movant and all members of the class allege that Defendants violated the Securities Act by issuing the Offering Documents used to effectuate Mesa's IPO which were negligently prepared and, as a result, contained untrue statements of material facts or omitted to state other facts necessary to make the statements made therein not misleading. Movant, as did all of the members of the class, purchased the Company's securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

4

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the Class, provides ample reason to appoint Movant as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (a) will not fairly and adequately protect the interest of the class; or
>
> (b) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed in Section C, above. Movant is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the class.

## III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel and Tiffany & Bosco, P.A. as Liaison Counsel. The firms have been actively researching the Class Plaintiffs' and Movant's claims – reviewing publicly available financial and other documents and gathering information in support of the claims against the defendants, as well as filing the initial complaint. Furthermore, the firms are experienced in the area of securities litigation and class actions and have been appointed as lead counsel in securities class

5

actions throughout the country. *See* Firm Resumes, Himelrick Decl., Ex. 4-5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's chosen counsel has the skill and knowledge that will enable the firms to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order (1) appointing Movant as Lead Plaintiff for the class; (2) approving The Rosen Law Firm, P.A. as Lead Counsel and Tiffany & Bosco, P.A. as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: June 1, 2020                     Respectfully submitted,

                                        **TIFFANY & BOSCO, P.A.**

                                        */s/Richard G. Himelrick*
                                        Richard G. Himelrick, State Bar No. 004738
                                        Seventh Floor Camelback Esplanade II
                                        2525 East Camelback Road
                                        Phoenix, Arizona 85016
                                        Telephone: (602) 255-6000
                                        Email: rgh@tblaw.com

                                        *[Proposed] Liaison Counsel for Movant And the Class*

                                        **THE ROSEN LAW FIRM P.A.**
                                        Phillip Kim
                                        Laurence M. Rosen
                                        275 Madison Avenue, 40th Floor
                                        New York, NY 10016
                                        Telephone: (212) 686-1060
                                        Email: pkim@rosenlegal.com
                                                lrosen@rosenlegal.com

                                        *[Proposed] Lead Counsel for Movant And the Class*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2020, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*/s/Shelley Boettge*
Shelley Boettge

7