James S. Christian (SBN 023614)
**CHRISTIAN GOODMAN PLC**
5050 North 40th Street, Suite 320
Phoenix, Arizona 85018
Telephone: (602) 899-8033
James@Christian-Goodman.com

*Proposed Liaison Counsel for the Class*

Jonathan Gardner*
Alfred L. Fatale III*
Marco A. Duenas*
Lisa Strejlau*
* *pro hac vice forthcoming*
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
jgardner@labaton.com
afatale@labaton.com
mduenas@labaton.com
lstrejlau@labaton.com

*Counsel for Proposed Lead Plaintiff City
of Pittsburgh Comprehensive Municipal
Pension Trust Fund*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| David G. Lowthorp, Individually And On Behalf Of All Others Similarly Situated, <br><br> Plaintiff, <br><br> V. <br><br> Mesa Air Group, Inc.; Jonathan G. Ornstein; Michael J. Lotz; Daniel J. Altobello; Ellen N. Artist; Mitchell Gordon; Dana J. Lockhart; G. Grant Lyon; Giacomo Picco; Harvey Schiller; Don Skiados; Raymond James & Associates, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Cowen and Company, LLC; Stifel, Nicolaus & Company, Incorporated; and Imperial Capital, LLC, <br><br> Defendants. | Case No. 2:20-cv-00648-DLR <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF CITY OF PITTSBURGH COMPREHENSIVE MUNICIPAL PENSION TRUST FUND FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; AND IN OPPOSITION TO ALL COMPETING MOTIONS** <br><br> ORAL ARGUMENT REQUESTED |

Proposed Lead Plaintiff and Plaintiff in the first-filed State Action, City of Pittsburgh CMPTF,[1] respectfully submits this memorandum in further support of its motion for appointment as Lead Plaintiff, and approval of Labaton Sucharow as Lead Counsel for the Class and Christian Goodman as Liaison Counsel to the Class (ECF No. 15), and in opposition to all competing movants.[2]

## PRELIMINARY STATEMENT

City of Pittsburgh CMPTF is the Lead Plaintiff movant most capable of coordinating the Federal and State Actions, and thus the most adequate to represent the Class.  In *Cyan, Inc. v. Beaver County Employees Retirement Fund*, the Supreme Court held that state courts have concurrent jurisdiction of claims arising under the Securities Act.  138 S. Ct. 1061 (2018).  Thus, there are currently two cases—one in federal court and one in state court—pending against Defendants in connection with the IPO at issue. Defendants have asserted in City of Pittsburgh CMPTF's first-filed state court class action that the pendency of the State Action and this Action threatens a procedural quagmire of duplicative litigation and conflicting outcomes.  City of Pittsburgh CMPTF, as the Plaintiff in the State Action and proposed Lead Plaintiff for the Federal Action, is the sole movant capable of eliminating the concerns raised by Defendants.

The State Action and the later-filed Federal Action are identical in that they: (i) name the same defendants; (ii) allege violations of Sections 11, 12(a)(2), and 15 of the Securities Act; (iii) rely on the same allegedly false statements in the Offering Documents; and (iv) are brought on behalf of the same putative Class.  Were both the Federal and State Actions filed in federal court, they would be ripe for consolidation under Rule 42 of the Federal Rules of Civil Procedure, but no comparable mechanism

---

[1]  All definitions and abbreviations used herein remain unchanged from City of Pittsburgh CMPTF's previous submissions before the Court.  *See* ECF No 16.

[2]  The competing motions were filed by: (i) DeKalb County Employees Retirement Plan ("DeKalb County") (ECF No. 22); (ii) Bennett Glover (ECF No. 10); (iii) Charles Gates ("Gates") (ECF No. 19); and (iv) Marc D. Behr ("Behr") (ECF No. 13).  Subsequent to the filing of the competing motions, Behr and Gates withdrew their respective motions.  *See* ECF Nos. 23, 24.

exists here. Thus, the two cases will require coordination if both survive Defendants' expected motion to dismiss. At the same time, Defendants could (and have in the State Action) attempt to leverage the existence of these parallel cases to delay the litigation, again giving way to pointless motion practice, increased costs, and a drain on party and judicial resources. Consequently, the Class will greatly benefit from uniform representation across both Actions to ensure that the cases move forward in a cohesive, economical, and orderly manner. City of Pittsburgh CMPTF is this representative.

City of Pittsburgh CMPTF, as the plaintiff in the State Action, has been protecting the interests of the Class since *before* the copycat Federal Action was filed. This has included, *inter alia*, contesting Defendants' motion to stay the State Action as an improper attempt to select the plaintiff that they would prefer to litigate against and the forum in which they do so. *See* ECF No. 16, at 1-2. Moreover, as the interests of the Class are already fully protected by City of Pittsburgh CMPTF in the State Action, all other Lead Plaintiff motions only serve to invite disparate Class leadership across two separate actions. As such, these motions were made solely in the interests of opposing movants—not the best interests of the Class.

The Class deserves the benefit of uniform leadership who can control scheduling and address Defendants' concerns with duplicative briefing, discovery and trial work, and thus litigate these claims in the most efficient and economical manner. Accordingly, the interests of the Class favor City of Pittsburgh CMPTF's appointment as Lead Plaintiff to allow for the orderly coordination of the Federal and State Actions. City of Pittsburgh CMPTF should be appointed.

## ARGUMENT

### I.    THE FEDERAL AND STATE ACTIONS ARE IDENTICAL

The Federal Action is a facsimile of the State Action, and therefore coordination of these cases will be necessary to best protect the interests of the Class.  The Federal and State Actions are factually indistinguishable because they: (i) name the same defendants; (ii) plead the same causes of action; (iii) allege the same false and misleading statements; and (iv) are brought on behalf of the same Class.  *See* ECF No. 1 ("Federal Complaint"); ECF No. 20-1 ("State Complaint").  The primary difference between these two cases is that the State Action was filed by City of Pittsburgh CMPTF *before* the Federal Action. Since filing the State Action, City of Pittsburgh CMPTF has been contesting Defendants' unwarranted attempts to delay the State Action based on the subsequent filing of the Federal Action—a portent of the disorderly procedural path Defendants will take this case down if not unified by a single Class representative.  *See* Memorandum of Law, ECF No. 16 at 1-3 (discussing procedural background).

*First*, both the Federal and State Actions are brought against the exact same entities and individuals as defendants, as illustrated below.

- **Corporate Defendant:** Mesa Air.  *See* Federal Complaint ¶ 9; State Complaint ¶ 21.

- **Executive Defendants:** Jonathan G. Ornstein, and Michael J. Lotz.  *See* Federal Complaint ¶¶ 10-11; State Complaint ¶¶ 22-23.

- **Director Defendants:** Daniel J. Altobello, Ellen N. Artist, Mitchell Gordon, Dana J. Lockhart, G. Grant Lyon, Giacomo Picco, Harvey Schiller, Don Skiados.  *See* Federal Complaint ¶¶ 12-18; State Complaint ¶¶ 24-31.

- **Underwriter Defendants:** Raymond James & Associates, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Cowen and Company, LLC; Stifel, Nicolaus & Company, Incorporated; and Imperial Capital, LLC.  *See* Federal Complaint ¶¶ 22-26; State Complaint ¶¶ 34-39.

*Second*, the Federal and State Actions allege the same Securities Act violations. The two cases first allege that Defendants violated Section 11 of the Securities Act by issuing a Registration Statement in connection with the IPO that contained false and misleading statements.  *See* Federal Complaint ¶¶ 58-66; State Complaint ¶¶ 118-128.

The Actions similarly plead violations of Section 12(a)(2) of the Securities Act, alleging that Defendants unlawfully promoted, solicited, and sold Mesa Air securities in the IPO pursuant to the Prospectus which contained untrue statements of material fact. *See* Federal Complaint ¶¶ 67-72; State Complaint ¶¶ 129-136.  Finally, both the Federal and State Actions include violations of Section 15 of the Securities Act, alleging that the individuals defendants (listed above) are liable as control persons of Mesa Air. *See* Federal Complaint ¶¶ 73-77; State Complaint ¶¶ 137-142.

*Third*, the Federal and State Actions rely on the same documents and false statements in alleging identical Securities Act violations.  Specifically, both actions plead the exact same, or substantively similar statements, in Mesa Air's Registration Statement and Prospectus (the "Offering Documents"), to the extent that Defendants made positive representations or omitted material facts concerning Mesa Air's operational performance, maintenance, and spare aircraft ( Federal Complaint ¶¶ 34-37; State Complaint ¶¶ 72-78), as well as boilerplate risk disclosures related thereto (Federal Complaint ¶ 38; State Complaint ¶¶ 80-85).

*Finally*, as a result of the following, the Federal and State Actions are brought on behalf of precisely the same Class—those investors who purchased shares of Mesa Air common stock pursuant and/or traceable to the Offering Documents issued in connection with the IPO.

Given these similarities, allowing for splintered leadership across federal and state court would only serve to inject the risk of duplicative litigation (and fees) as well as varying outcomes.  The Class deserves better than confusion and disarray in having its claims adjudicated.  It deserves a well-qualified and committed representative across all proceedings.  Based on this reasoning, City of Pittsburgh CMPTF is the only adequate candidate for appointment as Lead Plaintiff.

4

## II.    CITY OF PITTSBURGH CMPTF SHOULD BE APPOINTED AS LEAD PLAINTIFF

City of Pittsburgh CMPTF respectfully requests that it be appointed Lead Plaintiff. As established in its Motion and accompanying Memorandum of Law, it suffered a significant loss of ***$137,606.66*** on shares purchased traceable to Mesa Air's IPO. *See* Memorandum of Law, ECF No. 16 at 9-10.  City of Pittsburgh CMPTF otherwise satisfies the typicality and adequacy requirements of Rule 23 because it seeks the same relief and advances the same legal theories as other Class members and its interests are perfectly aligned with the other members of the Class and are not antagonistic in any way. *See id.* at 10-11.  Because City of Pittsburgh CMPTF has selected Labaton Sucharow as Lead Counsel for the Class, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation. *See id.* at 13-14. Finally, as a sophisticated institutional investor, City of Pittsburgh CMPTF readily possesses the ability, experience, and resources, to ensure that the Federal and State Actions both proceed in a cohesive and efficient manner. *See id.* 11-12.  As discussed below, appointing City of Pittsburgh CMPTF and Labaton Sucharow will conserve party resources and prevent unnecessary confusion during pre-trial proceedings.

### A.    Appointing City of Pittsburgh CMPTF Will Create Significant Benefits That Cannot Be Achieved With Any Other Movant

As outlined herein, both the Federal and State Actions are essentially identical, and are therefore linked.  Rather than create an unnecessary and duplicative prosecutorial structure for these two cases, appointing City of Pittsburgh CMPTF and its choice of counsel, both of whom are ***already litigating*** the State Action, will ease the parties' financial and administrative burden and ultimately benefit the Class.

In this case, coordinating the Federal and State Actions under the banner of unified Class representation will avoid piecemeal litigation and discovery should  both cases survive the motion to dismiss.  City of Pittsburgh CMPTF and its counsel, in connection with the filing of the State Action, have already taken great steps to investigate the

5

underlying Securities Act violations brought against Defendants.  Further, City of Pittsburgh CMPTF has already been diligently litigating this case, including by opposing Defendants' opportunistic attempts to stall the litigation and improper assertion that they have any bearing on the selection of the representative to best advance the interests of the Class.  *See* Memorandum of Law, ECF No. 16 at 1-3

Permitting uniform Class leadership will create efficiencies in discovery proceedings.  Indeed, fact and expert discovery will be the same in the two actions.  Absent uniform representation, two different law firms will be forced to review the same documents produced by Defendants and third parties, issue multiple sets of similar interrogatories, and defend and take duplicative depositions, thereby incurring additional costs to the Class. *See In re Milestone Scientific Sec. Litig.*, 187 F.R.D. 165, 176 (D.N.J. 1999) ("[T]he appointment of several firms as lead counsel can raise a number of concerns, including … duplication of efforts, absence of coordination, delay and increased fees and costs."); *see also* Fed. R. Civ. P. 1 (all civil actions should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Moreover, given the mirror image of facts and allegations between the Federal and State Actions, if both cases were to proceed City of Pittsburgh CMPTF's proposed Lead Counsel could use the same expert to perform the same analysis in both cases to save considerable costs and resources for the Class.  Thus, having the Federal and State Actions prosecuted by the same firm will provide for a more thorough understanding of all the issues than would occur if each case were litigated separately by two distinct law firms. *See Doe v. Vill. of Saugerties*, No. 1:07-CV-228 GLS/RFT, 2007 WL 1814682, at *3 (N.D.N.Y. June 18, 2007) (noting importance of gaining "deeper understanding on all of the issues" by streamlining process and eliminating "unnecessary repetition").

In the circumstances here, uniform leadership for the Federal and State Actions would avoid duplication of effort and resources among the parties because the underlying facts of the two cases are intertwined.  Accordingly, the interests of judicial economy

favor uniform Lead Plaintiff and Lead Counsel to handle all related cases efficiently through appropriate coordination and would avoid the expenses, burdens, and risks of duplicative litigation.

### B.    All Other Motions Should Be Denied

The interests of the Class are already ***fully protected*** by City of Pittsburgh CMPTF in the State Action.  Therefore, the competing motions for appointment as Lead Plaintiff advance no interests other than those of the respective movants.  Indeed, the appointment of fractured Class representation will only serve to set the course of this litigation in flux.  More troubling, is that it opens the door for Defendants to pit such disparate leadership against one another in an effort to sow intra-Class discord.  Indeed, if Defendants' conduct to date in the State Action is any indication, they intend to manipulate these parallel proceedings in an attempt to stifle the orderly resolution of the Class' claims.  As a result, only the motion of City of Pittsburgh CMPTF is made in the best interests of the Class.  Accordingly, all competing motions should be denied.

### CONCLUSION

For the foregoing reasons, City of Pittsburgh CMPTF respectfully requests that the Court: (i) appoint it as Lead Plaintiff; (ii) approve its selection of Labaton Sucharow as Lead Counsel for the Class and of Christian Goodman as Liaison Counsel for the Class; and (iii) grant such further relief as the Court may deem just and proper.

DATED:  June 15, 2020                         Respectfully submitted,

*/s/ James S. Christian*

James S. Christian (SBN 023614)
**CHRISTIAN GOODMAN PLC**
5050 North 40th Street, Suite 320
Phoenix, Arizona 85018
Telephone: (602) 899-8033
James@Christian-Goodman.com

*Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Jonathan Gardner (*pro hac vice forthcoming*)
Alfred L. Fatale III (*pro hac vice forthcoming*)
Marco A. Duenas (*pro hac vice forthcoming*)

Lisa Strejlau (*pro hac vice forthcoming*)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
jgardner@labaton.com
afatale@labaton.com
mduenas@labaton.com
lstrejlau@labaton.com

*Counsel for Proposed Lead Plaintiff City of Pittsburgh Comprehensive Municipal Pension Trust Fund*

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 15, 2020, I was authorized to electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ James S. Christian*
James S. Christian
