**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David G Lowthorp, | No. CV-20-00648-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Mesa Air Group Incorporated, et al., | |
| Defendants. | |

Before the Court are three competing motions for appointment as lead plaintiff and approval of lead counsel, (Docs. 10, 15, 22).[1]  For the following reasons, Dekalb County Pension Fund's ("Dekalb") motion, (Doc. 22), is granted and the remaining competing motions, (Docs. 10, 15), are denied.[2]

This is a class action lawsuit—filed on behalf of those who purchased or acquired Mesa Air Group, Inc. ("Mesa") securities pursuant Mesa's initial public offering registration statement in August of 2018—that seeks to recover damages caused by Defendants' alleged violation of the Securities Act of 1933.  (Doc. 1).  The Private Securities Litigation Reform Act of 1995 (PSLRA) establishes the procedure for selecting

---

[1] Mr. Behr has also filed a motion to appoint counsel and lead plaintiff (Doc. 13) but moves to withdraw that motion.  (Doc. 23.)  The Court will grant Mr. Behr's motion to withdraw.

[2] City of Pittsburg Comprehensive Municipal Pension Trust Fund's ("Pittsburg") request for oral argument is denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion.  *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f)*; Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

a lead plaintiff in class actions brought under the Securities Act. *See* 15 U.S.C. § 77z-1(a)(1). Within twenty days of filing the complaint, the plaintiff(s) responsible for bringing the action must publish a notice in a widely circulated publication or service advising the members of the purported class of the pendency of the action, its claims, and the class period. § 77z-1(a)(3)(A)(i). Any member of the purported class has 60 days from the date the notice was published to move to serve as lead plaintiff. *Id.* Within 90 days of publication, the court must "consider any motion made by a purported class member . . . and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interest of class members . . . " § 77z-1(a)(3)(B)(i).

The PSLRA establishes a rebuttable presumption that the most adequate plaintiff is the person or entity that: (1) "has either filed the complaint or made a motion in response to a notice," (2) "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." § 77z-1(a)(3)(B)(iii)(I). This presumption is rebuttable only by proof that the presumptively adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." § 78u-4(a)(3)(B)(iii)(II).

Plaintiff David Lowthorp filed the complaint in this matter on April 1, 2020 and published notice of the action in PR Newswire the same day. (Doc. 1; Doc. 20-1.) On June 1, 2020, Mr. Glover, Pittsburg, and Dekalb timely filed their separate motions for appointment as lead plaintiff. (Docs. 10, 15, 22.) On June 15 and 16, 2020, Pittsburg and Dekalb filed responses to the competing motions and Mr. Glover filed a notice of non-opposition. (Docs. 28-30.) All three movants satisfy the PSLRA's first requirement because they have filed motions in response to a notice.

The three movants claim to have suffered the following financial losses as a result of Defendants' alleged violations of the Securities Act:

1. Mr. Glover: $46,725, (Doc. 11 at 4);

2.  Pittsburg: $137,606.66, (Doc. 16 at 7);

3.  Dekalb: $308, 151, (Doc. 22 at 9).

No one disputes the accuracy of these figures. Dekalb therefore has the largest financial interest in the relief sought by the class.

Dekalb also satisfies Rule 23's typicality and adequacy requirements. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*. 976 F.2d 497, 508 (9th Cir. 1992) (internal quotations and citation omitted). Dekalb meets the typicality requirement because, like the other purported class members, it claims to have purchased Mesa stock pursuant and/or traceable to the initial public offering at process that were allegedly artificially inflated and sustained damages as a result.

The test for adequacy is whether: "(1) the proposed lead plaintiff's interests are in common with, and not antagonistic to, those of the class; and (2) proposed lead plaintiff's counsel are qualified, experienced, and generally able to conduct the litigation." *Schonfield v. Dendreon Corp.*, No. C07-800MJP, 2007 WL 2916533, at *4 (W.D. Wash. Oct. 4, 2007) (citing *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)). As a fellow purchaser of Mesa stock during the class period who suffered financially from Defendants' alleged violations of the Securities Act, Dekalb's interests are identical to those of the other purported class members and movants, and no one asserts otherwise.[3] Dekalb is represented by Faruqi & Faruqi, LLP ("Faruqi") as lead counsel and the DeConcini Firm (DeConcini") as liaison counsel. (Doc. 22 at 14.) Dekalb has demonstrated that Faruqi and DeConcini are qualified, experienced, and capable of

---

[3] Notably, Mr. Glover expresses no opposition to Dekalb's appointment. (Doc. 30.) Further, rather than asserting that Dekalb would be an inadequate lead plaintiff or would be subject to distinct defenses in order to rebut the presumption, Pittsburg merely argues that Pittsburg would be better in the role. It cites its responsibility as the lead plaintiff in a parallel state action and asks the Court to overlook the fact that Pittsburg has a smaller financial interest than Dekalb. (Doc. 28.) The Court is unpersuaded by this rationale. In addition, Dekalb correctly argues that Pittsburg's participation in the state action may subject Pittsburg to unique defenses that render it incapable of adequately representing the class.

conducting successful securities litigation.[4]  (*Id.* at 7-14.)  Moreover, no one has objected to or otherwise raised concerns regarding the qualifications of Faruqi or DeConcini, and under the PSLRA the Court generally defers to the lead plaintiff's proposed counsel unless there is reason to believe that chosen counsel will not adequately protect the interests of the class.  *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 711-12 (9th Cir. 2009). The Court therefore finds that Dekalb is the most adequate plaintiff to represent the purported class.

**IT IS ORDERED** that Dekalb's motion for appointment as lead plaintiff and approval of its selection of lead counsel, (Doc. 22), is **GRANTED**.  Dekalb's selection of lead counsel is approved, and Faruqi & Faruqi, LLC is appointment as lead counsel for the purported class.  The DeConcini Firm is appointed to serve as liaison counsel for lead plaintiff and the purported class.

**IT IS FURTHER ORDERED** that Mr. Glover and Pittsburg's competing motions for appointment as lead plaintiff and approval of lead counsel, (Docs. 10, 15), are **DENIED**.

**IT IS FURTHER ORDERED** that the motion to withdraw the motion to appoint counsel and lead plaintiff (Doc. 23) is **GRANTED.**  Mr. Behr's motion to appoint counsel and lead plaintiff (Doc. 13) is withdrawn.

Dated this 22nd day of June, 2020.

_____
Douglas L. Rayes
United States District Judge

---

[4] Indeed, other courts have found Faruqi to be qualified to serve as lead counsel in cases under the Securities Act.  *See, e.g., Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014).