**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
Nina F. Locker (*pro hac vice*)
nlocker@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Laurie B. Smilan (*pro hac vice*)
lsmilan@wsgr.com
1700 K St. NW, 5th Fl.
Washington, DC 20006
Telephone: (202)-973-8800
Facsimile: (202)-973-8899

**SACKS, RICKETTS & CASE LLP**
Cynthia A. Ricketts, SBN 012668
cricketts@srclaw.com
Andrew C. Stanley, SBN 029789
astanley@srclaw.com
2800 North Central Avenue, Suite 1910
Phoenix, AZ 85004
Telephone: (602) 385-3370
Facsimile: (602) 385-3371

*Attorneys for Defendants Mesa Air Group, Inc.,*
*Jonathan G. Ornstein, Michael J. Lotz, Daniel J. Altobello,*
*Ellen N. Artist, Mitchell Gordon, Dana J. Lockhart,*
*G. Grant Lyon, Giacomo Picco, Harvey Schiller, and Don Skiados*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| David G. Lowthorp, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> Mesa Air Group, Inc., et al., <br><br> Defendants. | CASE NO.: CV-20-648-PHX-MTL <br><br> **NOTICE OF INCORPORATION BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE** |

Defendants Mesa Air Group, Inc. ("Mesa"), Jonathan G. Ornstein, Michael J. Lotz, Daniel J. Altobello, Ellen N. Artist, Mitchell Gordon, Dana J. Lockhart, G. Grant Lyon, Giacomo Picco, Harvey Schiller, and Don Skiados ("Mesa Defendants") hereby respectfully request that the Court consider certain documents under the doctrine of incorporation by reference and/or take judicial notice as set forth herein in support of Mesa Defendants' Motion to Dismiss. All references to Exhibits ("Ex.") are to the documents attached to the Declaration of Andrew C. Stanley in Support of Mesa Defendants' Motion to Dismiss ("Stanley Declaration").

## ARGUMENT

The Supreme Court has directed that a court, in ruling on a motion to dismiss a securities fraud complaint, "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).[1]  Consistent with this directive, Defendants submit for the Court's consideration certain of Mesa's filings with the Securities and Exchange Commission ("SEC"), excerpts of earnings call transcripts, and a Department of Transportation official release. Not only are most of these documents incorporated by reference into the Complaint, they also are properly subject to judicial notice.  Consideration of documents under both doctrines is appropriate at the motion to dismiss stage.

**I.    THE COURT SHOULD CONSIDER THE FULL TEXT OF DOCUMENTS INCORPORATED BY REFERENCE INTO THE COMPLAINT**

The Ninth Circuit recently reaffirmed that on a motion to dismiss, the Court is permitted to consider a document as part of the Complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), *cert. denied*,

---

[1] *See In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) (affirming dismissal and reviewing documents incorporated by reference and matters subject to judicial notice).

139 S. Ct. 2615 (2019) ("extensively" means "at least more than once" (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)); *see also Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 779 F.3d 1036, 1042-43 (9th Cir. 2015) ("'We may consider materials incorporated into the complaint'").

Under the "incorporation-by-reference" doctrine, the incorporated documents are treated "as though they are part of the complaint itself." *Orexigen*, 899 F.3d at 1002; *see McGovney v. Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1051 (N.D. Cal. 2019) (same). The Court may consider the full text of incorporated documents, "including portions which were not mentioned in the complaints." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *see Northstar*, 779 F.3d at 1043 (considering "entire content" of various SEC filings incorporated by reference). The doctrine is "designed to prevent artful pleading by plaintiffs[.]" *Orexigen*, 899 F.3d at 1003. In other words, it "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims." *Id.* at 1002; *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (same).

The Court generally "'may assume an incorporated document's contents are true for purposes of a motion to dismiss[.]'" *Orexigen*, 899 F.3d at 1003 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)); *see NVIDIA*, 768 F.3d at 1057-58 n.10 ("'Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties – and the Court – are free to refer to any of its contents'"). And, to the extent an incorporated document contradicts a plaintiff's conclusory allegations, the Court need not accept those allegations as true. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint"); *Philco Invs., Ltd. v. Martin*, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011) (not accepting as true Plaintiffs' allegations that are contradicted by conference call transcript).

Courts have considered a variety of documents under the incorporation by reference doctrine, including SEC filings, press releases and transcripts of earning calls and investor conferences.  *See, e.g.*, *Orexigen*, 899 F.3d at 1003-07 (district court properly considered analyst report, blog posts, internet and other articles, agency report and registration statement under incorporation by reference doctrine); *GoPro*, 2019 WL 1231175, at *6 (considering press releases, earnings call transcripts, SEC filings under incorporation by reference doctrine); *Colyer v. Acelrx Pharm., Inc.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) ("the amended complaint quotes extensively from the transcripts of both [conference] calls"); *Aerohive*, 367 F. Supp. 3d at 1051 (complaint incorporates contents of quarterly earnings call, quarterly SEC reports); *In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 987-88 (N.D. Cal. 2017) (quarterly shareholder letter, transcripts of earnings call, slide decks, Forms 4, and proxy are referenced or necessarily relied on and are incorporated by reference); *Patel v. Parnes*, 253 F.R.D. 531, 546-50 (C.D. Cal. 2008) (incorporating analyst reports).

Defendants therefore request that the Court consider the following documents, which the Complaint cites or necessarily relies on and which form the basis of Plaintiff's claims:

1.     **Exhibit 1**: excerpts from Mesa's Form 424B4 (Prospectus), filed with the SEC on August 10, 2018 (the "Prospectus").  The Prospectus, as part of the Registration Statement, is referenced in the Complaint at ¶¶ 1, 8, 9, 10, 13, 44, 45, 50, 51, 53, 56, 58, 60, 65-74, 77, 79-84, 131, 133.  These numerous references are sufficiently extensive for Exhibit 1 to be deemed incorporated by reference. In addition, the Complaint also asserts that the Prospectus contained allegedly false and misleading statements and/or omissions that form the basis of Plaintiff's claims.  This is also sufficient to deem Exhibit 1 incorporated by reference.  *See Orexigen*, 899 F.3d at 1002, 1006 (affirming district court's decision to incorporate by reference the defendant's Registration Statement).

2.     **Exhibit 2**: the index of exhibits identified in Mesa's Form S-1/A, filed with the SEC on July 30, 2018.  The Form S-1/A, as part of the Registration Statement, is

referenced in the Complaint at ¶¶ 1, 8, 9, 10, 13, 44, 45, 50, 51, 53, 56, 58, 60, 65-74, 77, 79-84, 131, 133. These numerous references are sufficiently extensive for Exhibit 3 to be deemed incorporated by reference. In addition, the Complaint also asserts that the Prospectus contained allegedly false and misleading statements and/or omissions that form the basis of Plaintiff's claims. This is also sufficient to deem Exhibit 2 incorporated by reference. *Orexigen*, 899 F.3d at 1002, 1006.

3.    **Exhibit 3**: Mesa's Code Share and Revenue Sharing Agreement between America West Airlines and Mesa Airlines, Inc., dated March 20, 2001, filed with the SEC as Exhibit 10.11.1 to Mesa's Form S-1/A, filed with the SEC on July 30, 2018. The Code Share and Revenue Sharing Agreement (also referred to as a capacity purchase agreement or "CPA") is referenced in the Complaint at ¶¶ 2, 3, 12, 13, 20, 45, 46, 47, 53, 54, 67, 69, 75, 77, 78, 85, 92, 93, 94, 97, 98, 102-105, 109. These numerous references are sufficiently extensive for Exhibit 3 to be deemed incorporated by reference. *Orexigen*, 899 F.3d at 1002, 1006.

4.    **Exhibit 4**: Mesa's Form 8-K, filed with the SEC on January 31, 2019. The Form 8-K is referenced in the Complaint at ¶¶ 78 and 92. Other statements cited in the Complaint at ¶¶ 13, 75, 78, 85, and 94 (specifically, the transcript of Mesa's Q1 2019 Earnings Conference Call) also refer to the Form 8-K. These numerous references are sufficiently extensive for Exhibit 4 to be deemed incorporated by reference. *Orexigen*, 899 F.3d at 1002; *Patel*, 253 F.R.D. at 545 (incorporating by reference defendant's Forms 8-K filed with the SEC).

5.    **Exhibit 5**: Mesa's Nineteenth Amendment to Code Share and Revenue Sharing Agreement between American Airlines, Inc. and Mesa Airlines, Inc., dated January 22, 2019, filed with the SEC as Exhibit 10.11.20 to Mesa's Form 10-K, filed with the SEC on December 17, 2019. The Nineteenth Amendment is referenced in the Complaint at ¶¶ 78, 92-94, 97, 98, 102, 103, 105. These numerous references are sufficiently extensive for Exhibit 5 to be deemed incorporated by reference. *Orexigen*, 899

F.3d at 1002; *Aerohive*, 367 F. Supp. 3d at 1051 (incorporating by reference transcripts of earnings calls and quarterly reports filed with the SEC).

6.      **Exhibit 6**: S&P Global's Transcript of Mesa's Q1 2019 Earnings Conference Call dated February 5, 2019.  The Transcript is referenced in the Complaint at ¶¶ 13, 75, 78, 85, 94.  These references, which quote from and summarize alleged statements during the Earnings Conference Call, are sufficiently extensive for Exhibit 6 to be deemed incorporated by reference.  *Orexigen*, 899 F.3d at 1002; *Aerohive*, 367 F. Supp. 3d at 1051.

7.      **Exhibit 7**: S&P Global's Transcript of Mesa's Q3 2019 Earnings Conference Call dated August 9, 2019.  The Transcript is referenced in the Complaint at ¶¶ 7, 12, 102-110.  These references, which quote from and summarize alleged statements during the Earnings Conference Call, are sufficiently extensive for Exhibit 7 to be deemed incorporated by reference. *Orexigen*, 899 F.3d at 1002; *Aerohive*, 367 F. Supp. 3d at 1051.

8.      **Exhibit 9**: S&P Global's Transcript of Mesa's Q4 2019 Earnings Conference Call dated December 11, 2019.  The Transcript is referenced in the Complaint at ¶ 78.  This reference, which quotes and summarizes a significant part of the Earnings Conference Call, is sufficiently extensive for Exhibit 9 to be deemed incorporated by reference. *Orexigen*, 899 F.3d at 1002; *Aerohive*, 367 F. Supp. 3d at 1051.

9.      **Exhibit 12**: S&P Global's Transcript of Mesa's Q2 2019 Earnings Conference Call dated May 10, 2019.  The Transcript is referenced in the Complaint at ¶¶ 7, 11, 97-100.  These references, which quote from and summarize alleged statements during the Earnings Conference Call, are sufficiently extensive for Exhibit 12 to be deemed incorporated by reference. *Orexigen*, 899 F.3d at 1002; *Aerohive*, 367 F. Supp. 3d at 1051.

## II.    THE COURT ALSO MAY TAKE JUDICIAL NOTICE OF THE CITED EXHIBITS

Courts may take judicial notice of information "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can

be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In considering allegations of securities fraud, courts may take judicial notice of "information that was publicly available to reasonable investors at the time the defendant made the allegedly false statements." *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (taking judicial notice of SEC filings, transcripts of conference calls, and press releases); *Mallen v. Alphatec Holdings, Inc.*, 861 F. Supp. 2d 1111, 1122 n.5 (S.D. Cal. 2012), *aff'd sub nom. Fresno Cty. Employees' Ret. Ass'n v. Alphatec Holdings, Inc.*, 607 F. App'x 694 (9th Cir. 2015) (same).

### SEC Filings

SEC filings are proper subjects of judicial notice. Fed. R. Evid. 201(b); *Metzler Inv. GMBH v. Corinthian Colls, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings subject to judicial notice on motion to dismiss); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) ("SEC filings are generally recognized as the most accurate and authoritative source of public information about a company."); *In re Hypercom Corp. Sec. Litig.*, 2006 WL 1836181, at *2 (D. Ariz. July 5, 2006) (taking judicial notice of proxy statement); *ScripsAmerica, Inc. v. Ironridge Global LLC*, 119 F. Supp. 3d 1213, 1230-31 (C.D. Cal. 2015) (taking judicial notice of SEC filings); *Weller v. Scout Analytics, Inc.*, 230 F. Supp. 3d 1085, 1094 n.5 (N.D. Cal. 2017) (same) (citing *Copper Mountain*, 311 F. Supp. at 863-64); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019) (same).

Accordingly, judicial notice of the following exhibits to the Stanley Declaration is appropriate:

1.      **Exhibit 1**: excerpts from Mesa's Prospectus, filed with the SEC on August 10, 2018.

2.      **Exhibit 2**: the index of exhibits identified in Mesa's Form S-1/A, filed with the SEC on July 30, 2018.

3. **Exhibit 3**: Mesa's Code Share and Revenue Sharing Agreement between America West Airlines and Mesa Airlines, Inc., dated March 20, 2001, filed with the SEC as Exhibit 10.11.1 to Mesa's Form S-1/A, filed with the SEC on July 30, 2018

4. **Exhibit 4**: Mesa's Form 8-K, filed with the SEC on January 31, 2019.

5. **Exhibit 5**: Mesa's Nineteenth Amendment to Code Share and Revenue Sharing Agreement between American Airlines, Inc. and Mesa Airlines, Inc., dated January 22, 2019, filed with the SEC as Exhibit 10.11.20 to Mesa's Form 10-K, filed with the SEC on December 17, 2019.

6. **Exhibit 8**: Mesa's Press Release dated February 10, 2020 and filed with the SEC as Exhibit 99.1 to SEC Form 8-K on February 10, 2020.

**Conference Call Transcripts**

Judicial notice of conference call transcripts is appropriate because those materials, like SEC filings, are matters of public record and capable of accurate and ready determination. *See Facebook*, 405 F. Supp. 3d at 827-28 ("Transcripts of conference earning calls are judicially noticeable because they are matters of public record.") (quoting *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016)).

Accordingly, judicial notice of the following exhibits to the Stanley Declaration is appropriate:

1. **Exhibit 6**: S&P Global's Transcript of Mesa's Q1 2019 Earnings Conference Call dated February 5, 2019.

2. **Exhibit 7**: S&P Global's Transcript of Mesa's Q3 2019 Earnings Conference Call dated August 9, 2019.

3. **Exhibit 9**: S&P Global's Transcript of Mesa's Q4 2019 Earnings Conference Call dated December 11, 2019.

4. **Exhibit 10**: S&P Global's Transcript of Mesa's Q1 2020 Earnings Conference Call dated February 10, 2020.

5. **Exhibit 12**: S&P Global's Transcript of Mesa's Q2 2019 Earnings Conference Call dated May 10, 2019.

**Government Publications and Notices**

Judicial notice of government publications and notices is similarly appropriate because such materials are matters of public record and capable of accurate and ready determination. *See Veliz v. Cintas Corp.*, 2009 WL 1107702 at *3, n.2 (N.D. Cal. Apr. 23, 2009) (taking judicial notice of statements and notices from the U.S. Department of Transportation); *Daversa-Evdyriadis v. Norwegian Air Shuttle ASA*, 2020 WL 5625740, at *1 n.2 (C.D. Cal. Sept. 17, 2020) (taking judicial notice of government document available from the U.S. Department of Transportation website)

Accordingly, judicial notice of Exhibit 11 to the Stanley Declaration is appropriate. Exhibit 11 is a Department of Transportation bulletin entitled "Preliminary Air Traffic Data, April 2020: 96% Reduction in U.S. Airline Passengers from 2019," Release No. BTS 36-20, https://www.bts.gov/newsroom/preliminary-air-traffic-data-april-2020-96-reduction-us-airline-passengers-2019, dated June 10, 2020.

**News Articles**

Judicial notice of news articles is appropriate because such materials are matters of public record and capable of accurate and ready determination. *See Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458-59 (9th Cir. 1995) (upholding judicial notice of widespread layoffs from a newspaper article); *Parent v. Millercoors LLC*, , 2016 WL 3348818, at *4 (S.D. Cal. June 16, 2016) ("Facts that become widely known through news or other announcements, including on websites, are subject to judicial notice.").

Accordingly, judicial notice of Exhibit 13 to the Stanley Declaration is appropriate. Exhibit 13 is a CNBC article entitled "Regional airlines ground flights due to navigation system problem," dated June 9, 2019, https://www.cnbc.com/2019/06/09/regional-airlines-ground-flights-due-to-navigation-system-problem.html.

***

WHEREFORE, Defendants respectfully request that the Court consider and/or take judicial notice of the above-referenced documents in connection with the Mesa Defendants' Motion to Dismiss.

Dated: October 1, 2020

**WILSON SONSINI GOODRICH & ROSATI, PROFESSIONAL CORPORATION**
/s/ *Nina F. Locker*
Nina F. Locker (*pro hac vice*)
Laurie B. Smilan (*pro hac vice*)

**SACKS, RICKETTS & CASE LLP**
Cynthia A. Ricketts (Arizona Bar No. 012668)
Andrew C. Stanley (Arizona Bar No. 029789)

*Attorneys for Defendants Mesa Air Group, Inc., Jonathan G. Ornstein, Michael J. Lotz, Daniel J. Altobello, Ellen N. Artist, Mitchell Gordon, Dana J. Lockhart, G. Grant Lyon, Giacomo Picco, Harvey Schiller, Don Skiados*