Gary F. Urman (AZ 11748)
gurman@dmyl.com
**DECONCINI MCDONALD YETWIN & LACY, P.C.**
2525 East Broadway, Suite 500
Tucson, Arizona 85716
Telephone:520-322-5000
Facsimile: 520-322-5585

*Attorneys for Lead Plaintiff DeKalb County*
*Pension Fund and Liaison Counsel for the Class*

Lubna Faruqi (*Admitted pro hac vice*)
Robert W. Killorin (*Admitted pro hac vice*)
James M. Wilson, Jr. (*Admitted pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: lfaruqi@faruqilaw.com
       rkillorin@faruqilaw.com
       jwilson@faruqilaw.com

*Attorneys for Lead Plaintiff DeKalb County*
*Pension Fund and Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| David G. Lowthorp, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>V.<br><br>Mesa Air Group, Inc.; Jonathan G. Ornstein; Michael J. Lotz; Daniel J. Altobello; Ellen N. Artist; Mitchell Gordon; Dana J. Lockhart; G. Grant Lyon; Giacomo Picco; Harvey Schiller; Don Skiados; Raymond James & Associates, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Cowen and Company, LLC; Stifel, Nicolaus & Company, Incorporated; and Imperial Capital, LLC,<br><br>Defendants. | Case No. 2:20-cv-00648-MTL<br><br>**LEAD PLAINTIFF'S PARTIAL OBJECTION TO DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE**<br><br><u>CLASS ACTION</u> |

## I.    INTRODUCTON

In combination with their motion to dismiss Lead Plaintiff's class action complaint (the "Complaint"), Defendants seek to judicially notice 13 documents. Generally, a district court may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The two exceptions to this rule are the incorporation by reference doctrine and judicial notice under Fed. R. Evid. 201. The Ninth Circuit has recently commented on a "concerning pattern" in securities class actions where defendants "exploit[ incorporation by reference and judicial notice] improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The Court warned that "[i]f defendants are permitted to present their own version of the facts at the pleading stage – and district courts accept those facts as uncontroverted and true – it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.* at 999.

Defendants ask the Court to consider the "full text" of nine documents it claims were incorporated by reference into the Complaint, and to take judicial notice of six SEC filings, five conference call transcripts, one government publication and one news article. With respect to the documents Defendants claim were incorporated by reference into the Complaint, Defendants contend that the Court may assume the documents are true for the purpose of a motion to dismiss. Notice of Incorporation By Reference and Request For Judicial Notice (ECF No. 58) ("RJN") at 2.

Lead Plaintiff does not object to the court recognizing the existence of offered documents and the statements made within. However, Lead Plaintiff objects to the Court accepting as true any of the statements or information

contained in these documents that Defendants seek to have incorporated by reference or judicially noticed.[1]

## II.      LEGAL STANDARDS

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja*, 899 F.3d at 998. If matters outside the pleadings are presented to and not excluded by the court on a motion under Rule 12(b)(6), the motion must be treated as one for summary judgment under Rule 56 and the parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. Fed. R. Civ. P. 12(d).

There are two limited exceptions to this requirement. First, a court may consider "material which is properly submitted as part of the complaint . . . ." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). A document is not considered "outside" of the complaint when its contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading. *Id.* at 453-54. However, when a factual dispute exists over the documents one party offers to be incorporated by reference, a court may consider the existence of the documents but may not consider them for their truth. *Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942 n.1. (9th Cir. 2008) (considering documents referenced in a complaint but not accepting their statements as truth to resolve a factual dispute).

Second, Rule 201 of the Federal Rules of Evidence allows for judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known

---

[1]     If the Court were to accept the documents Defendants offer to be incorporated by reference or judicially noticed for their truth, Lead Plaintiff respectfully requests that Defendants' motion to dismiss be converted to a motion for summary judgment under Fed. R. Civ. P. 56, and that Lead Plaintiff be provided the opportunity to conduct discovery and respond completely. *See Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1279 (C.D. Cal. 2016) ("[a]nd typically, if a court considers more than what's in the complaint, the motion gets converted into a Federal Rule of Civil Procedure 56 ("Rule 56") motion for summary judgment").

within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) ("we may also take notice of 'matters of public record' but not of facts that may be 'subject to reasonable dispute'") (citing *Lee v. City of Los Angeles*, F.3d 668, 689 (9th Cir. 2001)). However, the Court may not take judicial notice of facts favorable to Defendants that could reasonably be disputed. *Id.*

In *Khoja*, the Ninth Circuit warned that "[t]he overuse and improper application of judicial notice and the incorporation-by-reference doctrine [] can lead to unintended and harmful results." *Khoja*, 899 F.3d at 998. The "unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.*

## III.     RESPONSE AND PARTIAL OBJECTION

When confronted with a situation where Defendants seek incorporation by reference and judicial notice of documents that present only facts favorable to defendants, the *Corinthian* Court demonstrates the appropriate way to deal with Defendants' request. In *Corinthian*, Ernst & Young LLP ("EY") asked the court to take judicial notice of two "facts": (1) that EY did not perform the Compliance Reports certifying Corinthian's compliance with the Higher Education Act; and (2) that the Financial Statement Reports referenced in plaintiff's complaint did not state any opinion or give any indication as to Corinthian's compliance with the Higher Education Act. *Corinthian*, 655 F.3d at 999. The Ninth Circuit found that since the complaint expressly referred to and "necessarily relies on" the reports, the court was able to consider the existence of the reports. *Id.* However, the Ninth Circuit stated that they could not be considered to draw inferences or take notice of facts that might be reasonable disputed. *Id.* The "facts" EY wanted judicially

3

noticed were "open questions requiring further factual development" that were subject to "reasonable dispute," and therefore the Ninth Circuit would not decide the disputed factual matters at the motion to dismiss stage. *Id.* Lead Plaintiff asks that this Court follows the Ninth Circuit's approach in *Corinthian* and considers only the fact that Defendants' 13 proffered documents exist, but does not consider any statement or information contained in the documents to be true for the matter asserted.

### A.   SEC Filings

Exhibits 1-5 and 8 offered by Defendants are various SEC documents filed during the relevant time period. Lead Plaintiff does not object to Defendants' offered SEC Filings as being incorporated by reference or judicially noticed for the limited purposes of acknowledging the existence of the documents and the statements that were said within. However, Lead Plaintiff objects to the Court accepting any of the statements as true because Defendants offer nothing but self-serving statements made by Mesa and its executives that do nothing but attempt to rebut allegations in Lead Plaintiff's well pled Complaint. The facts Defendants attempt to assert for their truth are in contention and are therefore not appropriate for judicial notice. *See Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1349 n.153 (C.D. Cal. 2014) (taking judicial notice of SEC filings only for their existence and contents, not for the truth of the information contained in them).

### B.   Conference Call Transcripts

Exhibits 6-7, 9-10, and 12 offered by Defendants are S&P Global Inc.'s transcripts of Mesa's conference calls from 2019 Q1 through 2020 Q1. Lead Plaintiff does not object to Defendants' offered conference call transcripts as being incorporated by reference or judicially noticed for the limited purposes of acknowledging the existence of the documents and the statements that were said

within. However, Lead Plaintiff objects to the Court accepting any of the statements as true because Defendants offer nothing but self-serving statements made by Mesa and its executives that do nothing but attempt to rebut allegations in Lead Plaintiff's well pled Complaint. The facts Defendants attempt to assert for their truth are in contention and are therefore not appropriate for judicial notice. *See Khoja*, 899 F.3d 988 at 999-1000 (noting that a transcript of an investor conference call could be judicially noticed for the fact that there was an investor conference call on that date, but rejecting to judicially notice any of the facts contained in the conference call because all of the statements were subject to dispute.)

### C. Government Publications and Notices

Defendants offer Exhibit 11 to be judicially noticed, which is a Department of Transportation bulletin. Lead Plaintiff does not object to Defendants' Department of Transportation bulletin being judicially noticed for the limited purposes of acknowledging the existence of the document. However, Lead Plaintiff objects to the Court accepting any of the statements inside the bulletin as true because the bulletin contains disputable facts which are not appropriate for judicial notice. *See McGhee v. City of Flagstaff*, No. CV-20-08081-PCT-GMS, 2020 WL 2309881, at *2 (D. Ariz. May 8, 2020) ("[t]o avoid taking judicial notice of disputable facts within matters of public records, the Court limits its judicial notice of the proposed publications to their existence and that they contain the purported statements.")

### D. News Articles

Lastly, Defendants offer Exhibit 13 to be judicially noticed, which is a CNBC article entitled "Regional airlines ground flights due to navigation system problem," dated June 9, 2019, https://www.cnbc.com/2019/06/09/regional-airlines-ground-flights-due-to-navigation-system-problem.html. Lead Plaintiff does not object to Defendants'

news article being judicially noticed for the limited purposes of acknowledging the existence of the document. However, Lead Plaintiff objects to the Court accepting any of the statements inside the news article as true because the accuracy of the information in the news article cannot be readily determined and/or can be reasonably questioned. Fed. R. Evid. 201; *see Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1028-1029 (C.D. Cal. 2015) ("to the extent the court can take judicial notice of press releases and news articles, it can do so only to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true'") (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)) (citing *Premier Growth Fund v. Alliance Capital Mgmt.*, 435 F.3d 396, 401 n. 15 (3d Cir. 2006)).

## IV.  CONCLUSION

For the reasons stated above, Lead Plaintiff respectfully requests that the Court should deny Defendants' request for incorporation-by-reference and deny Defendants' requests for judicial notice to the extent that Defendants seek to rely on them for the truth of the matters stated.

Dated: November 16, 2020

By: */s/ James M. Wilson, Jr.*
James M. Wilson, Jr.

Lubna Faruqi (*Admitted pro hac vice*)
Robert W. Killorin (*Admitted pro hac vice*)
James M. Wilson, Jr. (*Admitted pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: lfaruqi@faruqilaw.com
rkillorin@faruqilaw.com
jwilson@faruqilaw.com

*Attorneys for Lead Plaintiff DeKalb County Pension Fund and Lead Counsel for the Class*

**DECONCINI MCDONALD YETWIN & LACY, P.C.**
2525 East Broadway, Suite 500
Tucson, Arizona 85716

Telephone:520-322-5000
Facsimile: 520-322-5585
Email: gurman@dmyl.com

*Attorneys for Lead Plaintiff DeKalb County Pension Fund and Liaison Counsel for the Class*