**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
Nina F. Locker (*Pro Hac Vice*)
nlocker@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Laurie B. Smilan (*Pro Hac Vice*)
lsmilan@wsgr.com
1700 K St. NW, 5th Fl.
Washington, DC 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899

**SACKS, RICKETTS & CASE LLP**
Cynthia A. Ricketts, SBN 012668
cricketts@srclaw.com
Andrew C. Stanley, SBN 029789
astanley@srclaw.com
2800 North Central Avenue, Suite 1910
Phoenix, AZ 85004
Telephone: (602) 385-3370
Facsimile: (602) 385-3371

*Attorneys for Defendants Mesa Air Group, Inc.,*
*Jonathan G. Ornstein, Michael J. Lotz, Daniel J. Altobello,*
*Ellen N. Artist, Mitchell Gordon, Dana J. Lockhart,*
*G. Grant Lyon, Giacomo Picco, Harvey Schiller, and Don Skiados*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| David G. Lowthorp, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> Mesa Air Group, Inc., et al., <br><br> Defendants. | CASE NO.:  CV-20-648-PHX-MTL <br><br> **MESA DEFENDANTS' REPLY IN SUPPORT OF NOTICE OF INCORPORATION BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE** |

Defendants Mesa Air Group, Inc. ("Mesa"), Jonathan G. Ornstein, Michael J. Lotz, Daniel J. Altobello, Ellen N. Artist, Mitchell Gordon, Dana J. Lockhart, G. Grant Lyon, Giacomo Picco, Harvey Schiller, and Don Skiados (the "Mesa Defendants") submit this Reply in further support of their Notice of Incorporation by Reference and Request for Judicial Notice (Doc. 58) ("RJN") and in response to Lead Plaintiff DeKalb County Pension Fund's ("Plaintiff") Partial Objection to the Notice (Doc. 62) ("RJN Opposition").

## I. INTRODUCTION

The Mesa Defendants submitted thirteen (13) exhibits with the RJN and in support of their Motion to Dismiss (Doc. 56). As discussed in the RJN, these documents are attached to the Declaration of Andrew C. Stanley in Support of Mesa Defendants' Motion to Dismiss ("Stanley Decl."), and are comprised of:

- **SEC Filings:** Certain of the Company's filings with the Securities and Exchange Commission (Stanley Decl. Ex.1-5 and 8) (the "SEC Filings");

- **Earnings Call Transcripts:** Transcripts of certain of the Company's earnings conference calls published by S&P Global, Inc. (Stanley Decl. Ex. 6-7, 9-10, and 12) (the "Earnings Call Transcripts");

- **DOT Bulletin:** A Department of Transportation official release entitled "Preliminary Air Traffic Data, April 2020: 96% Reduction in U.S. Airline Passengers from 2019," Release No. BTS 36-20 (Stanley Decl. Ex. 11) (the "DOT Bulletin"); and

- **News Article:** A news article published by CNBC entitled "Regional airlines ground flights due to navigation system problem" (Stanley Decl. Ex. 13) ("News Article").

Plaintiff does not dispute the authenticity of any of the documents. Plaintiff also does not dispute, and therefore concedes, that the SEC Filings and Earnings Call Transcripts are referred to extensively in the Complaint (Doc. 52) and form the basis of Plaintiff's claims and, therefore, are incorporated by reference into the Complaint. *See* RJN Opposition at 4:10-13 (not objecting to SEC Filings incorporated by reference but

objecting to consideration of contents); 4:24-5:1 (same regarding Earnings Call Transcripts).  Plaintiff also does not dispute and thus concedes that the Court may take judicial notice of *all* of the exhibits to the RJN: the SEC Filings, Earnings Call Transcripts, the DOT Bulletin, and the News Article.  *See* RJN Opposition at 4-6.

The only dispute with respect to the RJN is Plaintiff's *partial* objection, which asks the Court to ignore the full content and context of each of these documents.  In other words, Plaintiff asks the Court to only consider the "portions of documents that support [its] claims, while omitting portions of those very documents that weaken—or doom— [its] claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), *cert. denied.*, 139 S. Ct. 2615 (2019) (citations omitted).  For the Court to do what Plaintiff asks, however, requires the Court to ignore well-established Ninth Circuit law and impermissibly narrow the incorporation by reference and judicial notice doctrines.  *See* RJN Opp. at, *e.g.*, 1-2 (objecting to the "Court accepting as true any of the statements or information contained in these documents that Defendants seek to have incorporated by reference or judicially noticed."); and 4 (asking the Court to "consider[] only the fact that Defendants' 13 proffered documents exist, but [to] not consider any statement or information contained in the documents to be true for the matter asserted").  Plaintiff's request also asks the Court to ignore the Supreme Court's recognition that a Securities Act claim "always depends on context," and a challenged statement must be read "in light of all its surrounding text, including hedges, disclaimers, and apparently conflicting information." *Omnicare, Inc. v. Laborers Dist. Council Constr. Industry Pension Fund*, 575 U.S. 175, 190 (2015).  The Court should not do as Plaintiff requests.

The Supreme Court has also made clear that when considering a motion to dismiss, courts "*must* take into account plausible opposing inferences" and "*must* consider . . . other sources . . . in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Maker Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007) (emphasis added); *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) (affirming dismissal and reviewing documents

incorporated by reference and matters subject to judicial notice).  Accordingly, because the SEC Filings and Earnings Call Transcripts (Exhibits 1-10 and 12 to the Stanley Decl.) are incorporated by reference into the Complaint, the entire contents of those documents must be considered and assumed true for purposes of the Motion to Dismiss, and all plausible inferences from those documents that contradict inferences arising from Plaintiff's allegations in the Complaint also must be considered.  At a minimum, the Court must take judicial notice of the contents of all of the exhibits referenced in the RJN (Exhibits 1-13 to the Stanley Decl.) and consider the entire contents of those documents, including those that contradict Plaintiff's allegations in the Complaint, when deciding the Mesa Defendants' Motion to Dismiss.  *See, e.g., Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit [ . . . ] Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

## II.   ARGUMENT

### A.   The Court Must Consider the Full Contents of the SEC Filings and Earnings Call Transcripts Under the Incorporation By Reference Doctrine

Plaintiff does not dispute that the SEC Filings (Stanley Decl. Ex. 1-5 and 8) and Earnings Call Transcripts (Stanley Decl. Ex. 6-7, 9-10, and 12) are incorporated by reference into the Complaint.  (RJN Opp. 4-5.)  Yet, Plaintiff asks the Court to only acknowledge the documents' "existence" and disregard their full contents.  RJN Opp. 2-3 (citing *Khoja*).  The Court cannot and should not disregard the context of these documents.

As the Supreme Court has recognized, a Securities Act claim, such as Plaintiff's claim here, "always depends on context," and a challenged statement must be read "in light of all its surrounding text, including hedges, disclaimers, and apparently conflicting information."  *Omnicare*, 575 U.S. 175, 190; *see also* Motion to Dismiss (Doc. 56) at 6-7.

Plaintiff must plead *facts* showing that Mesa's Registration Statement and Prospectus for its IPO contained an untrue statement of material fact or omitted a material fact necessary to make an affirmative statement not misleading. *Omnicare*, 575 U.S. at 178-79; *see also* Motion to Dismiss (Doc. 56) at 6-7. Here, the statements that Plaintiff challenges are cherrypicked without context from documents upon which Plaintiff relied in forming its allegations. As such, the Court must consider the full contents of those documents and other documents that are incorporated by reference. Plaintiff relies on *Khoja* for its partial objection. However, *Khoja* does not prevent the Court from considering the full text of the SEC Filings and Earnings Call Transcripts. To the contrary, in *Khoja*, the Ninth Circuit reaffirmed the rule that the "incorporation-by-reference doctrine" permits the Court to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja,* 899 F.3d 988, 998, 1002. Indeed, as a district court explained when recently applying *Khoja* and rejecting an argument substantially identical to Plaintiff's argument here: "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." *In re Eventbrite, Inc. Sec. Litig.*, No. 5:18-CV-02019-EJD, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (emphasis in original). As that court further explained: ". . . *Khoja* holds that an incorporated or noticed document's truth may not be assumed if the only purpose is to dispute or create a defense to a well-pled fact in a complaint. [ . . . ] nothing in *Khoja* prevents this Court from analyzing an alleged false statement in context. [ . . . ]." *Id.* (emphasis in original). *Khoja* thus did not eradicate the rule that alleged false statements "must be analyzed in context." *Id.* Accordingly, *Khoja* did not change the incorporation by reference doctrine in the Ninth Circuit nor require the Court to accept as true Plaintiff's allegations in the Complaint that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences," as Plaintiff suggests (RJN Opp. 2-3). *Khoja*, 899 F.3d at 1008.

Following *Khoja*, the law in the Ninth Circuit remains the same: a court is not required to accept as true conclusory allegations that are contracted by documents incorporated into the Complaint. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998); *Philco Invs., Ltd. v. Martin*, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011) (not accepting as true Plaintiffs' allegations that are contradicted by conference call transcript).  "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (citations omitted); *In re Fusion-io, Inc. Sec. Litig.*, 2015 WL 661869, at *9 (N.D. Cal. Feb. 12, 2015) (treating SEC filings and earnings call transcripts as "part of the complaint" and assuming their "contents are true for purposes of a motion to dismiss") (citation omitted); *Hutton v. McDaniel*, 264 F. Supp. 3d 996, 1007–08 (D. Ariz. 2017) (treating proxy statements, press releases, and a government form as incorporated by reference and stating the court would "assume that [their] contents are true for purposes of" the motion to dismiss) (*citing United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Where facts and inferences drawn from documents incorporated by reference into the Complaint conflict with Plaintiffs' allegations, the Court may consider this discrepancy in evaluating the complaint and whether to dismiss the claims asserted therein. *See, e.g., Paddock v. DreamWorks Animation SKG, Inc.*, 2015 WL 12711653, at *5 n.4 (C.D. Cal. Apr. 1, 2015) (dismissing securities class action; that plaintiffs misconstrued allegedly false statements was "evident after an examination of the full statements made"), *aff'd sub nom. Roofers Local No. 149 Pension Fund v. DreamWorks Animation SKG, Inc.*, 677 F. App'x 376 (9th Cir. 2017); *Philco*, 2011 WL 4595247, at *7 n.9 (not accepting as true Plaintiffs' allegations that are contradicted by conference call transcript).

The incorporation by reference doctrine's purpose is to prevent a plaintiff from doing exactly what Plaintiff seeks to do here:  "artful pleading" by "selecting only portions of documents that support their claims, while omitting portions of those very documents

-5-

that weaken—or doom—their claims." *Khoja*, 899 F.3d 988, 1002; *see also, Colyer v. Acelrx Pharm., Inc.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) ("the amended complaint quotes extensively from the transcripts of both [conference] calls"; "Plaintiffs cannot selectively quote from one part of a publicly-available transcript and then object to Defendants' decision to provide the Court with the complete transcript.").

Thus, the Court should find that the SEC Filings (Stanley Decl. Ex. 1-5 and 8) and Earnings Call Transcripts (Stanley Decl. Ex. 6-7, 9-10, and 12) are incorporated by reference into Plaintiff's Complaint and assume the truth of the contents of those documents and all reasonable inferences to be drawn from those documents when deciding the Mesa Defendants' Motion to Dismiss.

**B.    Alternatively, the Court Must Take Judicial Notice of the Contents of the SEC Filings and Earnings Call Transcripts**

At a minimum, the Court must take judicial notice of the SEC Filings and Earnings Call Transcripts and consider their entire contents when deciding the Mesa Defendant's Motion to Dismiss.  *See* RJN at 5-7 (stating basis for judicial notice and collecting cases demonstrating that courts routinely recognize that SEC filings are subject to judicial notice, including on a motion to dismiss); RJN at 7 (stating basis for judicial notice and citing cases regarding judicial notice of earnings conference calls); *see also Sprewell*, 266 F.3d 979, 988 ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit [ . . . ] Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (courts need not accept as true "allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

Although Plaintiff does not dispute that the Court may take judicial notice of these documents, it asks the Court to impermissibly narrow the judicial notice doctrine.  RJN Opp. at 4-5.  Specifically, Plaintiff argues that an investor conference call should only be

judicially noticed "for the fact there was an investor conference call on that date." RJN Opp. at 5 (citing *Khoja*). The Court must reject Plaintiff's effort to limit the judicial notice doctrine in this manner as such a limitation is contrary to the law in the Ninth Circuit.

The Ninth Circuit in *Khoja* did not limit the judicial notice doctrine for investor conference calls as Plaintiff suggests. In *Khoja*, the Ninth Circuit found that the district court erred when it adopted defendant's construction of one specific earning call transcript to show what investors "knew" from the call because the transcript was "subject to varying interpretations" such that there was "reasonable dispute as to what the transcript establishes." 899 F.3d 988, 999-1000 (9th Cir. 2018) (internal quotation marks and citation omitted). Here, there is no such "reasonable dispute." Nor does Plaintiff argue that such a dispute exists. *See generally* RJN Opp.

The other case upon which Plaintiff relies, *United States v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011) (RJN Opp. at 3-4), to impermissibly narrow the judicial notice doctrine, is equally inapposite. There, the defendant asked the court to take judicial notice of certain facts that were "open questions requiring further factual development" that could be reasonably disputed from financial audit reports (not the type of public records attached to the RJN here). Under those facts, the Ninth Circuit only took judicial notice of the financial audit reports' existence and declined to take judicial notice of the reports' contents because they were subject to "reasonable dispute" and did not meet the evidentiary requirements of Fed. R. Evid. 201. *Corinthian Colleges*, 655 F.3d at 998-99.

Here, the SEC Filings and Earnings Call Transcripts are fundamentally different from the financial audit reports at issue in *Corinthian Colleges*—they are publicly available documents, from reliable sources, that were made available to Plaintiff and other investors when Defendants made the allegedly false statements, and courts routinely take

-7-

judicial notice of such documents.  *See* RJN at 5-7 and authorities cited therein.[1]  There is no "reasonable dispute" as to the authenticity or accuracy of the SEC Filings and Earnings Call Transcripts (indeed Plaintiff does not actually dispute their authenticity or accuracy).  At a minimum, the Court must take judicial notice of the SEC Filings and Earnings Call Transcripts and consider their entire contents when determining the Mesa Defendants' Motion to Dismiss.

### C.     The Court Also Must Take Judicial Notice of the DOT Bulletin and The Facts Therein Because Its Accuracy Cannot Reasonably be Questioned

Although Plaintiff also does not dispute that the Court may take judicial notice of the DOT Bulletin, Stanley Decl. Ex. 11, it again asks the Court to impermissibly narrow the judicial notice doctrine by limiting its judicial notice to the DOT Bulletin's existence. *See* RJN Opposition at 5.

In support of its narrowing of the judicial notice doctrine, Plaintiff relies only upon *McGhee v. City of Flagstaff*, No. CV-20-08081-PCT-GMS, 2020 WL 2309881, at *2 (D. Ariz. May 8, 2020).  *McGhee* does not support, much less require, the Court to limit its judicial notice of the DOT Bulletin to the Bulletin's existence, as Plaintiff urges.

The court's decision in *McGhee* turned on the source of the COVID-19 statistics of cases and deaths reported in the document sought to be judicially noticed.  The *McGhee* court's refusal to take judicial notice of the COVID-19 statistics was based upon its uneasiness with the disputed nature of the statistics on COVID-19 cases and deaths (during the relatively early stages of what is still an uncertain and evolving pandemic).  *Id.* 2020 WL 2309881, at *1 ("Moreover, the COVID-19 pandemic is still unfolding and the testing capabilities to assess how infectious and lethal the virus is are constantly changing. Any statistics at this juncture are not only disputed in this action but are inherently unreliable and the Court declines to take judicial notice of them.").  Thus, the *McGhee*

---

[1] The DOT Bulletin and News Article (discussed below, *infra* Part C) are also distinguishable from the financial audit reports in *Corinthian Colleges* because they refer to matters of public record and capable of accurate and ready determination under Fed. R. Evid. 201.

court refused to take judicial notice of the statistics because it found that they were subject to reasonable dispute and thus did not satisfy the requirements of Fed. R. Evid. 201. *Id.*

*McGhee* did not limit the judicial notice doctrine or adopt a new rule, as Plaintiff suggests. *McGhee*, 2020 WL 2309881.  Instead, the court in *McGhee* properly applied that doctrine based upon the facts before it.  A proper application of the judicial notice doctrine here requires that the Court take judicial notice of the DOT Bulletin and its entire contents when determining the Mesa Defendants' Motion to Dismiss because there is no dispute the Court should take judicial notice of the DOT Bulletin and no reasonable dispute as to the contents of the DOT Bulletin.  *See* RJN at 8 (discussing judicial notice of the DOT Bulletin).  In stark contrast to *McGhee*, the source of the information in the DOT Bulletin is not disputed; Plaintiff does not dispute that the DOT is qualified to report travel statistics.  In fact, the court in *McGhee* explicitly acknowledged that courts take judicial notice of government statistics such as those in the DOT Bulletin.  *McGhee*, 2020 WL 2309881, at *1 (collecting cases).

**D.**    **The Court Also Must Take Judicial Notice of the News Article and the Reported Facts Therein Because Its Accuracy Cannot Reasonably be Questioned**

Plaintiff acknowledges that judicial notice of the News Article is appropriate, but again seeks to limit the Court's judicial notice to the News Article's existence.  RJN Opp. 5-6.  Ostensibly, Plaintiff claims the News Article lacks the indicia of reliability in a public record.  *Id.*  Plaintiff provides no factual support for its conclusory allegation, nor any actual dispute as to the News Article's credibility or accuracy, which simply reports a government announcement.  *Id.*  As set forth in the RJN at page 8, judicial notice of the News Article is appropriate because it presents facts that became publicly known when published (i.e., the public had knowledge of the reported government announcement from the News Article).  *See* Stanley Dec. Ex. 13 (article reporting on Mesa Airlines and other airlines, stating, e.g., "Regional airlines in the U.S. canceled flights after receiving error messages from navigation systems aboard some of their planes, the Federal Aviation

-9-

Administration said Sunday."); *see also Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458-59 (9th Cir. 1995) (upholding judicial notice of widespread layoffs from a newspaper article); *Parent v. Millercoors LLC*, 2016 WL 3348818, at *4 (S.D. Cal. June 16, 2016) ("Facts that become widely known through news or other announcements, including on websites, are subject to judicial notice."). Plaintiff offers no valid reason or authority for the Court to conclude otherwise. The Court should take judicial notice of the News Article and the statements therein when determining the Mesa Defendants' Motion to Dismiss.

## III.   CONCLUSION

As set forth herein and in the RJN, the Mesa Defendants respectfully ask the Court to find the SEC Filings (Stanley Decl. Ex.1-5 and 8) and Earnings Call Transcripts (Stanley Decl. Ex. 6-7, 9-10, and 12) incorporated by reference into the Complaint and to assume as true the contents of these documents and all reasonable inferences arising from these documents when considering the Mesa Defendants' Motion to Dismiss. The Mesa Defendants also ask the Court to take judicial notice of the existence and contents of the SEC Filings, the Earnings Call Transcripts, the DOT Bulletin, and the News Article (Exhibits 1-13 to the Stanley Decl.) when considering the Mesa Defendants' Motion to Dismiss. The Court should grant the Mesa Defendants' Request for Judicial Notice in its entirety.

Dated:  December 16, 2020

By: <u>Andrew C. Stanley</u>
**SACKS, RICKETTS & CASE LLP**
Cynthia A. Ricketts (AZ Bar No.: 012668)
Andrew C. Stanley (AZ Bar No.: 029789)
2800 Central Ave., Suite 1910
Phoenix, AZ  85004

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
Nina F. Locker (*Pro Hac Vice*)
650 Page Mill Rd
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

-10-

Facsimile: (650) 565-5100
Email: nlocker@wsgr.com

Laurie B. Smilan (*Pro Hac Vice*)
1700 K St. NW, 5th Fl.,
Washington, DC 20006
Telephone: (202)-973-8800
Facsimile: (202)-973-8899
Email: lsmilan@wsgr.com

*Attorneys for Mesa Defendants*