**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
Nina F. Locker (*pro hac vice*)
nlocker@wsgr.com
Laurie B. Smilan (*pro hac vice*)
lsmilan@wsgr.com
Douglas W. McManaway (*pro hac vice*)
dmcmanaway@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

**SACKS, RICKETTS & CASE LLP**
Cynthia A. Ricketts, SBN 012668
cricketts@srclaw.com
Andrew C. Stanley, SBN 029789
astanley@srclaw.com
2800 North Central Avenue, Suite 1910
Phoenix, AZ 85004
Telephone: (602) 385-3370
Facsimile: (602) 385-3371

*Attorneys for Defendants Mesa Air Group, Inc.,*
*Jonathan G. Ornstein, Michael J. Lotz, Daniel J. Altobello,*
*Ellen N. Artist, Mitchell Gordon, Dana J. Lockhart,*
*G. Grant Lyon, Giacomo Picco, Harvey Schiller, and Don Skiados*

# UNITED STATES DISCTRICT COURT

# DISTRICT OF ARIZONA

|  |  |
|---|---|
| David G. Lowthorp, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Mesa Air Group, Inc., et al.,<br><br>Defendants. | CASE NO.: 2:20-cv-00648-DLR<br><br>**MESA DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT**<br><br>Hon. Michael T. Liburdi |

Defendants Mesa Air Group, Inc. ("Mesa" or the "Company"), Jonathan G. Ornstein, Michael J. Lotz, Daniel J. Altobello, Ellen N. Artist, Mitchell Gordon, Dana J. Lockhart, G. Grant Lyon, Giacomo Picco, Harvey Schiller, and Don Skiados (collectively, the "Individual Defendants" and together with Mesa, the "Mesa Defendants"), hereby answer DeKalb County Pension Fund's ("Lead Plaintiff") Amended Class Action Complaint (the "Complaint"). Except as to allegations specific to each of them or as otherwise indicated, the Individual Defendants lack information and belief sufficient to answer allegations relating to the other Individual Defendants, and, on that basis, deny such allegations. Defendants Altobello and Picco retired from Mesa's Board of Directors on April 9, 2019 and lack knowledge and information sufficient to form a belief as to the to the truth of the allegations regarding events and conduct after their retirement and, on that basis, are unable to respond to such allegations. All claims under Section 12 of the Securities Act of 1933 (the "Section 12 Claims") and all claims relating to the Mesa Defendants' statements regarding Mesa's operational performance (the "Operational Performance Claims"), its Capacity Purchase Agreement ("CPA") with American Airlines, Inc. (the "American CPA" and the "American CPA Claims"), its operational spare aircraft (the "Spares Claims"), and third-party maintenance agreements (the "Outsourced Maintenance Claims") have been dismissed pursuant to the Court's July 22, 2021 Order (Doc. 81) (the "Order") and no answer to allegations concerning the dismissed claims is required.[1] Mesa Defendants respond only as to the remaining Section 11 and Section 15 claims relating to statements concerning Mesa's maintenance personnel (the "In-House Maintenance Claims"). Mesa Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations concerning Lead Plaintiff's alleged investigation, review and analysis and its PSLRA Certification, which

---

[1] Collectively, the Section 12 Claims, the Operational Performance Claims, the CPA Claims, and the Outsourced Maintenance Claims are sometimes referred to as the "Dismissed Claims."

1

is cited in footnote 1 and is attached as Exhibit A to the Complaint, and, on that basis, deny such allegations. To the extent the paragraphs of the Complaint are grouped under headings and subheadings, Mesa Defendants respond generally that such headings and subheadings state legal conclusions and characterizations to which no response is required. To the extent not specifically admitted and except as averred, each and every allegation of the Complaint is denied. The paragraph number for each answer corresponds with the analogous paragraph of the Complaint.

1.      Mesa Defendants admit that Lead Plaintiff purports to bring the action on its own behalf and on behalf of a class who purchased certain securities pursuant to Mesa's initial public offering ("IPO") that commenced on August 9, 2018. Mesa Defendants admit that the Company filed its Form S-1 on July 13, 2018, that its Registration Statement became effective on August 9, 2018 (the "Registration Statement"), and that its Form 424B4 Prospectus was filed on August 10, 2018. Mesa Defendants deny any violations of the Securities Act of 1933 (the "Securities Act") and deny that class certification is appropriate for Lead Plaintiff's claims. Mesa Defendants aver that Lead Plaintiff's claims under Section 12 of the Securities Act and all other claims under Sections 11 and 15 of the Securities Act except the In-House Maintenance Claims have been dismissed. Mesa Defendants lack knowledge and information sufficient to form a belief as to the truth of allegations that Lead Plaintiff or any purported class member acquired shares that were issued pursuant to and/or traceable to the IPO. Such allegations are therefore denied. The remaining allegations in paragraph 1 are assertions or legal conclusions to which no response is required. To the extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 1.

2.      Mesa Defendants admit the allegations as of the date of Mesa's IPO. Except as expressly admitted herein, Mesa Defendants deny each and every allegation in paragraph 2.

3.    Mesa Defendants admit the allegations as of the date of Mesa's IPO and aver that Mesa had one unassigned operational spare aircraft in addition to spare aircraft assigned under each of the CPAs.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 3.

4.    Mesa Defendants admit that Mesa filed for bankruptcy in 2010 and emerged from bankruptcy in 2011 but deny Lead Plaintiff's characterization of the causes therefor.  Mesa Defendants admit that the Registration Statement opined that Mesa had demonstrated recent strong operational performance, and deny any characterization of statements therein that are inconsistent the Registration Statement, which speaks for itself.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 4.

5.    Mesa Defendants admit the allegations of the first sentence of paragraph 5. and deny the remaining allegations to the extent inconsistent with the information set forth  in the Registration Statement, which speaks for itself.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 5.

6.    Mesa Defendants admit that Mesa discussed its growth, competition, and recent record of operational performance in the Registration Statement, which speaks for itself.  Mesa Defendants deny that the Registration Statement failed to disclose any existing conditions, trends, uncertainties, and risks required to be disclosed, specifically denying that Mesa did not have sufficient qualified mechanics and maintenance personnel to properly and timely service its aircraft at the time of its IPO.  Defendants Mesa, Ornstein, and Lotz admit, and the remaining Mesa Defendants other than Defendants  Altobello and Picco are informed and believe, that Defendant Ornstein participated in an earnings call on May 10, 2019, where the issue of maintenance personnel was discussed, but deny Lead Plaintiff's characterization of Defendant Ornstein's statements which are reflected in the transcript of the earnings call prepared by S&P Global Market Intelligence which the Mesa Defendants other than Defendants Altobello and Picco are informed and believe is accurate and speaks for itself. The

remaining allegations in this paragraph relate to claims concerning Mesa's statements regarding the dismissed Spares Claims and the Operational Performance Claims, as to which no response is required. To the extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 6.

7.      Mesa Defendants admit that Defendant Ornstein was Chairman and Chief Executive Officer ("CEO"), and Defendants Mesa, Ornstein and Lotz admit, and the remaining Mesa Defendants other than Defendants Altobello and Picco are informed and believe that Ornstein spoke during the May 10, 2019 earnings call, but deny the allegations in paragraph 7 to the extent they mischaracterize, inaccurately or selectively quote, and reference out of context the statements made during the earnings call, which statements are reflected in the May 10, 2019 earnings call transcript, prepared by S&P Global Market Intelligence, which the Mesa Defendants other than Defendants Altobello and Picco are informed and believe is accurate and speaks for itself. Mesa Defendants admit that the allegations in footnote 3. The remaining allegations in this paragraph relate to the dismissed Spares Claims as to which no response is required. To the extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 7.

8.      Mesa Defendants deny each and every allegation in paragraph 8.

9.      Mesa Defendants admit that language quoted in paragraph 9 appears in the Registration Statement but deny the allegations in paragraph 9 to the extent they mischaracterize, inaccurately or selectively quote, reference out of context, and/or are inconsistent with the Registration Statement, which speaks for itself. Mesa Defendants deny the allegation that prior to and at the time of the offering Mesa was significantly understaffed with respect to qualified mechanics and maintenance personnel to fully service its fleet. The remaining allegations in this paragraph relate to claims concerning Mesa's statements regarding the dismissed Spares Claims and Operational Performance Claims as to which no response is required. To the extent a response is required, and

except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in Paragraph 9.

10.     Mesa Defendants deny that the risk factors in the Registration Statement were false, misleading, or incomplete, and deny that any of the identified risks had materialized at the time of the IPO.  Mesa Defendants admit that the language quoted in paragraph 10 appears in the Registration Statement, but deny that the quotations are complete or presented with context, and deny the allegations in Paragraph 10 to the extent they are inconsistent with the Registration Statement, which speaks for itself.  The remaining allegations in this paragraph relate to the Operational Performance Claims as to which no response is required.  To the extent a response is required and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 10.

11.     The allegation in the first sentence of paragraph 11 consists of vague assertions and appears to relate to the dismissed Operational Performance Claims, and, for both such reasons, no response is required.  Mesa Defendants other than Defendants Altobello and Picco admit that Mesa issued a press release on May 9, 2019, which speaks for itself,  and are informed and believe that the transcript for the May 10, 2019 earnings call prepared by S&P Global Market Intelligence, which also purports to set forth the analysts' consensus for the fiscal quarter ended March 31, 2019, is accurate and speaks for itself. Mesa Defendants deny the allegations to the extent they mischaracterize, inaccurately or selectively quote, reference out of context, or add emphasis to the statements reflected in the May 9, 2019 press release or May 10, 2019 earnings call transcript.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 11.

12.     Mesa Defendants other than Defendants Altobello and Picco admit that Mesa issued a press release on August 8, 2019, which speaks for itself, and are informed and believe that the transcript for the August 8, 2019 earnings call prepared by S&P Global Market Intelligence, which also purports to set forth the analysts' consensus for

-5-

the fiscal quarter ended June 30, 2019, is accurate and speaks for itself, and deny the allegations to the extent they mischaracterize, inaccurately or selectively quote, reference out of context, or add emphasis to the statements in the August 8, 2019 press release or the August 8, 2019 earnings call transcript. The remaining allegations in this paragraph relate to the dismissed Spares Claims as to which no response is required.  To the extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 12.

13.     The allegations in paragraph 13 relate to the dismissed American CPA Claims as to which no response is required.  To the extent a response is required, Mesa Defendants aver that the Registration Statement and statements made by Mr. Ornstein on February 5, 2019 as well as Mesa's closing stock prices speak for themselves and otherwise deny the allegations in paragraph 13.

14.     Mesa Defendants deny the allegations of paragraph 14, except to admit that Exhibit B of the Complaint, cited in footnote 4, provides the price of Mesa's stock at closing on the dates listed therein.

## JURISDICTION AND VENUE

15.     Mesa Defendants admit that Lead Plaintiff purports to assert claims under Sections 11, 12 and 15 of the Securities Act but deny that any such claims have merit. Mesa Defendants aver that Lead Plaintiff's claims under Section 12 and all Section 11 and 15 claims other than the In-House Maintenance Claims have been dismissed.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 15.

16.     Mesa Defendants deny that this Court continues to have jurisdiction over the subject matter of this action to the extent Lead Plaintiff lacks standing to assert claims on its own behalf or on behalf of the putative class.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 16.

17.    Mesa Defendants admit that venue is proper in this district but deny that any wrongful acts occurred in this district.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 17.

18.    Mesa Defendants admit that at times they have used instrumentalities of interstate commerce, including the United States mails, interstate telephone communications and the facilities of the national securities exchanges and markets.  Except as expressly admitted herein, Mesa Defendants deny each and every allegation in paragraph 18.

## PARTIES

19.    Mesa Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Lead Plaintiff's securities transactions and therefore deny such allegations.  Mesa Defendants deny that Lead Plaintiff or any putative class member suffered any damages as a result of Mesa Defendants' conduct, specifically denying that they suffered any damages relating to the In-House Maintenance Claims, the sole remaining claim in this case.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 19.

20.    Mesa Defendants admit the allegations in paragraph 20.

21.    Mesa Defendants admit that Jonathan G. Ornstein has served as Mesa's CEO since May 1, 1998, and as Chairman of Mesa's Board of Directors (the "Board") since 1999.  Mesa Defendants admit that Ornstein signed or authorized the signing and issuance of the Registration Statement.  Defendants Mesa and Ornstein admit that Ornstein reviewed the Registration Statement and provided certain information contained therein.  Mesa Defendants aver that the term "contributed" is vague and, on that basis, aver that they are unable to respond to the allegation.  The Mesa Defendants other than Defendants Mesa and Ornstein aver that they lack information and belief sufficient to answer allegations relating to Defendant Ornstein which they have not otherwise admitted herein.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 21.

22.    Mesa Defendants admit that Michael J. Lotz served as Chief Financial Officer ("CFO") from August 1999 to January 2000 and from June 2008 until present, as Chief Operating Officer ("COO") from January 2000 until June 2008, and as President since June 22, 2000, and signed or authorized the signing and issuance of the Registration Statement.  Defendants Mesa and Lotz admit that Lotz reviewed the Registration Statement and provided certain information contained therein.  Mesa Defendants aver that the term "contributed" is vague and, on that basis, aver that they are unable to respond to the allegation.  The Mesa Defendants other than Mesa and Lotz lack information and belief sufficient to answer allegations relating to Defendant Lotz which they have not otherwise admitted herein.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 22.

23.    Mesa Defendants admit that Daniel J. Altobello served as a member of the Board at the time of the IPO and signed or authorized the signing and issuance of the Registration Statement.  Mesa Defendants aver that Altobello retired from the Board on April 9, 2019.  Defendants Mesa and Altobello admit the allegation that Altobello reviewed the Registration Statement.  Mesa Defendants aver that the term "contributed" is vague and, on that basis, aver that they are unable to respond to the allegation.  The Mesa Defendants other than Mesa and Altobello lack information and belief sufficient to answer allegations relating to Defendant Altobello which they have not otherwise admitted herein.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 23.

24.    Mesa Defendants admit that Ellen N. Artist served as a member of the Board at the time of the IPO and signed or authorized the signing and issuance of the Registration Statement.  Defendants Mesa and Artist admit that Artist reviewed the Registration Statement.  The remaining Mesa Defendants lack information and belief sufficient to answer allegations relating to Defendant Artist.  Except as expressly admitted herein, Mesa Defendants deny each and every allegation in paragraph 24.

25.     Mesa Defendants admit that Mitchell Gordon served as a member of the Board at the time of the IPO and signed or authorized the signing and issuance of the Registration Statement.  Defendants Mesa and Gordon admit that Gordon reviewed the Registration Statement.  Mesa Defendants aver that the term "contributed" is vague and, on that basis, aver that they are unable to respond to the allegation.  The Mesa Defendants other than Mesa and Gordon lack information and belief sufficient to answer allegations relating to Defendant Gordon which they have not otherwise admitted herein.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 25.

26.     Mesa Defendants admit that Dana J. Lockhart served as a member of the Board at the time of the IPO and signed or authorized the signing and issuance of the Registration Statement.  Defendants Mesa and Lockhart admit that Lockhart reviewed the Registration Statement.  Mesa Defendants aver that the term "contributed" is vague and, on that basis, aver that they are unable to respond to the allegation.  The Mesa Defendants other than Mesa and Lockhart lack information and belief sufficient to answer allegations relating to Defendant Lockhart which they have not otherwise admitted herein.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 26.

27.     Mesa Defendants admit that G. Grant Lyon served as a member of the Board at the time of the IPO and signed or authorized the signing and issuance of the Registration Statement.  Mesa Defendants aver that Lyon stepped down from Mesa's Board on February 4, 2020.  Defendants Mesa and Lyon admit that Lyon reviewed the Registration Statement.  Mesa Defendants aver that the term "contributed" is vague and, on that basis, aver that they are unable to respond to the allegation.  The Mesa Defendants other than Mesa and Lyon lack information and belief sufficient to answer allegations relating to Defendant Lyon which they have not otherwise admitted herein.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 27.

28.     Mesa Defendants admit that Giacomo Picco served as a member of the Board at the time of the IPO and signed or authorized the signing and issuance of the Registration Statement.  Mesa Defendants aver that Defendant Picco stepped down from Mesa's Board on April 9, 2019.  Defendants Mesa and Picco admit the allegation that Picco reviewed the Registration Statement.  Mesa Defendants aver that the term "contributed" is vague and, on that basis, aver that they are unable to respond to the allegation.  The Mesa Defendants other than Mesa and Picco lack information and belief sufficient to answer allegations relating to Defendant Picco which they have not otherwise admitted herein.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 28.

29.     Mesa Defendants admit that Harvey Schiller served as a member of the Board at the time of the IPO and signed or authorized the signing and issuance of the Registration Statement.  Defendants Mesa and Schiller admit that Schiller reviewed or the Registration Statement.  Mesa Defendants aver that the term "contributed" is vague and, on that basis, aver that they are unable to respond to the allegation.  The Mesa Defendants other than Mesa and Schiller lack information and belief sufficient to answer allegations relating to Defendant Schiller which they have not otherwise admitted herein. Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 29.

30.     Mesa Defendants admit that Spyridon "Don" Skiados served as a member of the Board at the time of the IPO and signed or authorized the signing and issuance of the Registration Statement.  Defendants Mesa and Skiados admit that Skiados reviewed the Registration Statement.  Mesa Defendants aver that the term "contributed" is vague and, on that basis, aver that they are unable to respond to the allegation.  The Mesa Defendants other than Mesa and Skiados lack information and belief sufficient to answer allegations relating to Defendant Skiados which they have not otherwise admitted herein. Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 30.

31. The allegations in this paragraph contain assertions as to which no response is required.

32. Mesa Defendants admit that the Individual Defendants signed or authorized the signing and issuance of the Registration Statement and that Mesa hired the underwriters. Mesa Defendants aver that the allegation that the Individual Defendants assisted the underwriters consists of vague assertions and, on that basis, deny the allegation. Except as expressly admitted herein, Mesa Defendants deny the remaining allegations in paragraph 32.

33. Mesa Defendants admit that Defendant Raymond James & Associates, Inc. ("Raymond James") acted as an underwriter with respect to Mesa's IPO. Defendants Mesa, Ornstein, and Lotz admit that certain of the Underwriter Defendants participated in the roadshow for the IPO. Except as expressly admitted, Mesa Defendants lack knowledge and information sufficient to form a belief as to allegations relating to Raymond James and, on that basis, deny the remaining allegations in paragraph 33.

34. Mesa Defendants admit that Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") acted as an underwriter with respect to Mesa's IPO. Defendants Mesa, Ornstein, and Lotz admit that certain of the Underwriter Defendants participated in the roadshow for the IPO. Except as expressly admitted, Mesa Defendants lack knowledge and information sufficient to form a belief as to allegations relating to Merrill Lynch and, on that basis, deny the remaining allegations in paragraph 34.

35. Mesa Defendants admit that Defendant Cowen and Company, LLC ("Cowen") acted as an underwriter with respect to Mesa's IPO. Defendants Mesa, Ornstein, and Lotz admit that certain of the Underwriter Defendants participated in the roadshow for the IPO. Except as expressly admitted, Mesa Defendants lack knowledge and information sufficient to form a belief as to allegations relating to Cowen and, on that basis, deny the remaining allegations in paragraph 35.

36.     Mesa Defendants admit that Defendant Stifel, Nicolaus & Company, Incorporated ("Stifel") acted as an underwriter with respect to Mesa's IPO.  Defendants Mesa, Ornstein, and Lotz admit that certain of the Underwriter Defendants participated in the roadshow for the IPO.  Except as expressly admitted, Mesa Defendants lack knowledge and information sufficient to form a belief as to allegations relating to Stifel and, on that basis, deny the remaining allegations in paragraph 36.

37.     Mesa Defendants admit that Imperial Capital, LLC ("Imperial") acted as an underwriter with respect to Mesa's IPO.  Defendants Mesa, Ornstein, and Lotz admit that certain of the Underwriter Defendants participated in the roadshow for the IPO.  Except as expressly admitted, Mesa Defendants lack knowledge and information sufficient to form a belief as to allegations relating to Imperial and, on that basis, deny the remaining allegations in paragraph 37.

38.     The allegations in this paragraph contain assertions as to which no response is required.

39.     Mesa Defendants deny that the Registration Statement contained false and misleading statements.  No response is required with respect to legal conclusions concerning the Underwriter Defendants.

a.  Mesa Defendants are informed and believe that the Underwriter Defendants are investment banking houses that specialize in public offerings of securities and acted as underwriters with respect to Mesa's IPO.  Mesa Defendants admit that Mesa issued the Registration Statement, which disclosed the discounts and commissions received by the Underwriter Defendants and which speaks for itself.  Defendants Mesa, Ornstein, and Lotz admit and the remaining Mesa Defendants are informed and believe that certain of the Underwriter Defendants arranged a multi-city roadshow prior to Mesa's IPO during which they met with potential investors and presented information about the Company, its operations, and its financial

-12-

prospects.  Except as expressly admitted herein, Mesa Defendants deny each and every allegation in paragraph 39(a).

b.  Mesa Defendants admit that Mesa disclosed in its Registration Statement that it agreed to indemnify the Underwriter Defendants against certain liabilities, including liabilities under the Securities Act, and refer to the Registration Statement, which speaks for itself.  Except as expressly admitted herein, Mesa Defendants deny each and every allegation in paragraph 39(b).

c.  Mesa Defendants admit that certain of the Underwriter Defendants assisted Mesa in planning the IPO.  Mesa Defendants are informed and believe that the Underwriter Defendants collectively conducted a reasonable and adequate due diligence investigation and aver that they relied on representations by the Underwriter Defendants to that effect and admit that the Underwriter Defendants collectively had access to internal, confidential, and current corporate information concerning Mesa's operational and financial results and prospects at the time of the IPO.  Except as expressly admitted herein, Mesa Defendants deny each and every allegation in paragraph 39(c).

d.  Defendants Mesa, Ornstein, and Lotz admit, and the remaining Mesa Defendants are informed and believe, that certain of the Underwriter Defendants met and conferred with representatives of Mesa regarding the IPO and Mesa's Registration Statement.  Except as expressly admitted herein, Mesa Defendants deny each and every allegation in paragraph 39(d).

e.  The allegations in paragraph 39(e) contain legal conclusions as to which no response is required.  To the extent a response is required, Mesa Defendants deny each and every allegation in paragraph 39(e).

-13-

40.     The allegations in paragraph 40 contain assertions as to which no response is required.

## SUBSTANTIVE ALLEGATIONS

41.     Mesa Defendants admit that the information in paragraph 41 was true as of the date of the IPO.   Except as expressly admitted herein, Mesa Defendants deny each and every allegation in paragraph 41.

42.     Mesa Defendants admit that on January 5, 2010, Mesa filed a petition to reorganize under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of New York.  Mesa Defendants aver that the other allegations in paragraph 42 relate to alleged matters that occurred a decade prior to the Initial Public Offering and are irrelevant, that Lead Plaintiff's references to events occurring in 2008 and 2009 without specific dates renders such allegations vague and ambiguous, deny the Plaintiff's characterization of such matters, and refer to Mesa's SEC filings in 2008, 2009, and 2010 relating to some of these matters, which speak for themselves.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 42.

43.     Mesa Defendants admit that Mesa emerged from bankruptcy in 2011 and that it discussed its operational performance in the Registration Statement, which speaks for itself, and aver that the Operational Performance Claims have been dismissed and therefore no response to such allegations is required.  To the extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 43.

44.     Mesa Defendants admit that it discussed its operational performance in the Registration Statement, which speaks for itself, and aver that the Operational Performance Claims have been dismissed.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 44.

45.     Mesa Defendants admit the allegations in ¶ 45 as of the date of the IPO.

46.     Mesa Defendants admit the allegations in ¶ 46 as of the date of the IPO.

-14-

47. Mesa Defendants admit the allegations in ¶ 47 as of the date of the IPO.

48. Mesa Defendants admit the allegations in ¶ 48 as of the date of the IPO.

49. Mesa Defendants admit that maintenance was Mesa's largest annual operating expense from fiscal years 2013 through 2017, and the ratio of maintenance expenses to operating revenues ranged from 25% to 38% during that same period. Except as expressly admitted herein, Mesa Defendants deny each and every allegation in paragraph 49.

50. Mesa Defendants admit the allegations of paragraph 50 other than Plaintiff's characterizations, except and to the extent the allegations are inconsistent with the Registration Statement which speaks for itself.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 50.

51. Mesa Defendants admit the allegations of paragraph 51 other than Plaintiff's characterizations, except and to the extent the allegations are inconsistent with the Registration Statement, which speaks for itself.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 51.

52. Mesa Defendants admit that the Company provides maintenance and repairs for its aircraft as part of its business.  The remaining allegations state conclusions and characterizations as to which no response is required.   To the extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 52.

53. Mesa Defendants admit allegations in paragraph 53 as of the time of the IPO.  Except as expressly admitted herein, Mesa Defendants deny each and every allegation in paragraph 53.

54. The allegations in paragraph 54 relate to the dismissed Spares Claims as to which no response is required.  To the extent a response is required, Mesa Defendants aver that at the time of the IPO Mesa had one  unassigned operational spare in addition to multiple spare aircraft assigned under each of the CPAs and that the assigned spares were

-15-

able to be utilized when an assigned aircraft was unavailable. Except as expressly admitted or averred, Mesa Defendants deny each and every allegation in paragraph 54.

55. Mesa Defendants admit that the information in paragraph 55 appears in the Registration Statement, but deny that it is complete or presented with context, and deny the allegations in paragraph 55 to the extent they are inconsistent with the Registration Statement, which speaks for itself. Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 55.

56. Mesa Defendants admit that the charts in paragraph 56 appear in the Registration Statement, which speaks for itself. Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 56.

57. Mesa Defendants admit the allegations in paragraph 57.

58. Mesa Defendants admit the allegations in paragraph 58.

59. Mesa Defendants admit the allegations of paragraph 59, except as to Defendant Picco, who was not a selling shareholder in connection with the IPO. Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 59.

60. Mesa Defendants admit that paragraph 60 purports to quote and characterize statements in the Registration Statement, but deny the allegations to the extent they mischaracterize, inaccurately or selectively quote, or reference out of context, and refer to the Registration Statement, which speaks for itself. Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 60.

61. The allegations in paragraph 61 contain legal conclusions and/or relate to the dismissed Section 12 Claims and for each of these reasons no response is required. As to the allegations in footnote 5, cited in paragraph 61, Mesa Defendants deny that any statements described in the Complaint were false or misleading. The remaining allegations in footnote 5 contain assertions to which no response is required. To the

extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 61.

62. The allegations in paragraph 62 contain legal conclusions and/or relate to the dismissed Section 12 Claims and for each of these reasons no response is required.

63. The allegations in paragraph 63 contain legal conclusions to which no response is required.

64. The allegations in paragraph 64 contain legal conclusions to which no response is required.

65. Mesa Defendants deny each and every allegation in paragraph 65 and also aver that to the extent the allegations relate to the Dismissed Claims, no response is required.

66. Mesa Defendants admit that the quoted portions of paragraph 66 are set forth in the Registration Statement, but deny the allegations to the extent they mischaracterize, inaccurately or selectively quote, reference out of context, and/or are inconsistent with the Registration Statement, which speaks for itself and also aver that to the extent the allegations relate to the Dismissed Claims, no response is required. To the extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 66.

67. Mesa Defendants admit that the quoted portions of paragraph 67 are set forth the Registration Statement but deny the allegations to the extent they mischaracterize, inaccurately or selectively quote, reference out of context, and/or are inconsistent with the Registration Statement, which speaks for itself. To the extent the allegations in paragraph 67 relate to the dismissed American CPA Claims, the dismissed Section 12 Claims or other of the Dismissed Claims, no response is required. To the extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 67.

68. Mesa Defendants admit that the quoted portions of paragraph 68 are set forth in the Registration Statement, but denies the allegations to the extent they

mischaracterize, inaccurately or selectively quote, reference out of context, and/or are inconsistent with the Registration Statement, which speaks for itself. To the extent the allegations in paragraph 68 relate to the dismissed Outsourced Maintenance Claims, the dismissed Section 12 Claims, or other of the Dismissed Claims, no response is required. Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 68.

69. Mesa Defendants admit that the quoted portions of paragraph 69 are set forth in the Registration Statement but deny the allegations to the extent they mischaracterize, inaccurately or selectively quote, reference out of context, and/or are inconsistent with the Registration Statement, which speaks for itself. To the extent the allegations in paragraph 69 relate to the dismissed Spares Claims, the dismissed Section 12 Claims, or other of the Dismissed Claims, no response to such allegations is required. To the extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 69.

70. Mesa Defendants admit that the quoted portions of paragraph 70 are set forth in the Registration Statement but deny the allegations to the extent they mischaracterize, inaccurately or selectively quote, reference out of context, and/or are inconsistent with the Registration Statement, which speaks for itself. To the extent the allegations in paragraph 70 relate to the dismissed Operational Performance Claims, the dismissed Section 12 Claims, or other of the Dismissed Claims, no response to such allegations is required. To the extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 70.

71. Mesa Defendants admit that the quoted portions of paragraph 71 are set forth in the Registration Statement but deny the allegations to the extent they mischaracterize, inaccurately or selectively quote, reference out of context, and/or are inconsistent with the Registration Statement, which speaks for itself. To the extent the allegations in paragraph 71 relate to the dismissed Outsourced Maintenance Claims, the

dismissed Section 12 Claims, or other of the Dismissed Claims, no response to such allegations is required.  To the extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 71.

72.    Mesa Defendants admit that the quoted portions of paragraph 72 are set forth in the Registration Statement but deny the allegations to the extent they mischaracterize, inaccurately or selectively quote, reference out of context, and/or are inconsistent with the Registration Statement, which speaks for itself.  To the extent the allegations in paragraph 72 relate to the dismissed Operational Performance Claims, the dismissed Section 12 Claims, or other of the Dismissed Claims, no response to such allegations is required.  To the extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 72.

73.    Mesa Defendants admit that the quoted portions of paragraph 73 are set forth in the Registration Statement but deny the allegations to the extent they mischaracterize, inaccurately or selectively quote, reference out of context, and/or are inconsistent with the Registration Statement, which speaks for itself.  To the extent the allegations in paragraph 73 relate to the dismissed Outsourced Maintenance Claims, the dismissed Section 12 Claims, or other of the Dismissed Claims, no response to such allegations is required.  To the extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 73.

74.    Mesa Defendants admit that the quoted portions of paragraph 74 are set forth in the Registration Statement but deny the allegations to the extent they mischaracterize, inaccurately or selectively quote, reference out of context, and/or are inconsistent with the Registration Statement, which speaks for itself. To the extent the allegations in paragraph 74 relate to the dismissed Section 12 Claims, or other of the Dismissed Claims, no response is required.  To the extent a response is required, and

except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 74.

75.    In response to Paragraph 75, Mesa Defendants incorporate by reference their responses to Paragraphs 66-74, and deny that any statements in the Registration Statement were false and misleading, or that Mesa omitted material adverse facts, trends, uncertainties, or risks that purportedly existed prior to or at the time of the IPO. Defendants Mesa, Ornstein and Lotz admit, and the remaining Mesa Defendants other than Defendants Altobello and Picco are informed and believe that paragraph 75(b) purports to quote Defendant Ornstein's statement about in-house maintenance personnel from the May 10, 2019 earnings call but deny the allegations to the extent they mischaracterize, inaccurately or selectively quote, reference out of context, or add emphasis to the statements, and refer to the May 10, 2019 earnings call transcript, prepared by S&P Global Market Intelligence, which the Mesa Defendants other than Defendants Altobello and Picco are informed and believe is accurate and which speaks for itself.  Mesa Defendants deny the allegation that at the time of the IPO, as a result of the Company's growth and expansion prior to the IPO, Mesa's qualified mechanics and qualified maintenance personnel were significantly understaffed.  The remaining allegations in this paragraph relate to the Dismissed Claims, as to which no response is required.  To the extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 75.

76.    In response to Paragraph 76, Mesa Defendants incorporate by reference their responses to Paragraphs 66-75, and aver that to the extent the allegations in paragraph 76 relate to the Dismissed Claims, and state legal conclusions, no response is required.  To the extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 76.

77.    The allegations in paragraph 77 relate to the dismissed American CPA Claims, as to which no response is required.  To the extent a response is required, other

-20-

than statements that are accurately quoted, Mesa Defendants deny the allegations in paragraph 77.

78.    In response to Paragraph 78, Mesa Defendants incorporate by reference their responses to Paragraph 77, and aver that the allegations in paragraph 78 relate to the dismissed American CPA Claims, as to which no response is required.  To the extent a response is required, other than statements that are accurately quoted, Mesa Defendants deny the allegations in paragraph 78.

79.    Mesa Defendants deny each and every allegation in paragraph 79.

80.    Mesa Defendants admit that the quoted portions of paragraph 80 are set forth in the Registration Statement but deny the allegations to the extent they mischaracterize, inaccurately or selectively quote, reference out of context, or add emphasis to the statements, and refer to the Registration Statement, which speaks for itself.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 80.

81.    Mesa Defendants admit that the quoted portions of paragraph 81 are set forth in the Registration Statement but deny the allegations to the extent they mischaracterize, inaccurately or selectively quote, reference out of context, and/or are inconsistent with the Registration Statement, which speaks for itself.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 81.

82.    The allegations in paragraph 82 relate to the dismissed Outsourced Maintenance Claims, as to which no response is required.  To the extent a response is required, Mesa Defendants admit that the quoted portions of paragraph 82 are set forth in the Registration Statement which speaks for itself and, except as expressly admitted or averred, deny the allegations in paragraph 82.

83.    The allegations in paragraph 83 relate to the dismissed Outsourced Maintenance Claims, as to which no response is required.  To the extent a response is required, Mesa Defendants admit that the quoted portions of paragraph 83 are set forth in

the Registration Statement which speaks for itself and, except as expressly admitted or averred, deny the allegations in paragraph 83.

84. The allegations in paragraph 84 relate to the dismissed Outsourced Maintenance Claims, to which no response is required. To the extent a response is required, Mesa Defendants admit that the quoted portions of paragraph 84 are set forth in the Registration Statement which speaks for itself and, except as expressly admitted or averred, deny the allegations in paragraph 84.

85. In response to Paragraph 85, Mesa Defendants incorporate by reference their responses to Paragraphs 79-84. Mesa Defendants deny that the Registration Statement failed to disclose, misrepresented, or omitted material adverse facts, material adverse trends, material uncertainties, or significant risks related to its in-house maintenance team or otherwise, that purportedly existed at the time of the IPO. Defendants Mesa, Ornstein and Lotz admit, and the remaining Mesa Defendants other than Defendants Altobello and Picco are informed and believe that paragraph 85(b) purports to quote and characterize Defendant Ornstein's statement from the May 10, 2019 earnings call concerning Mesa's maintenance personnel, but deny the allegations to the extent they mischaracterize, inaccurately or selectively quote, reference out of context, or add emphasis to the statements, and refer to the May 10, 2019 earnings call transcript, prepared by S&P Global Market Intelligence, which the Mesa Defendants other than Defendants Altobello and Picco are informed and believe is accurate and which speaks for itself. Mesa Defendants deny the allegation that at the time of IPO, its qualified mechanics and qualified maintenance personnel were significantly understaffed. The remaining allegations in this paragraph relate to the dismissed Spares and Operational Performance Claims, and/or Section 12 Claims or state legal conclusions and for each of these reasons, no response is required. To the extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 85.

86.    Mesa Defendants deny that the Registration Statement omitted any adverse conditions, risks, and uncertainties relating to in-house maintenance that were required to be disclosed.  To the extent the allegations in paragraph 86 relate to the dismissed Operational Performance Claims, Spares Claims, Section 12 Claims and/or state legal conclusions, no response is required.  To the extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 86.

87.    Mesa Defendants deny that Mesa had a shortage of qualified mechanics to service its fleet at the time of the IPO, or that this led to increased maintenance expenses, decreased revenues, or weak earnings.  To the extent the allegations in paragraph 87 relate to the Dismissed Claims, including the dismissed Spares Claims, Operational Performance Claims, and Section 12 Claims, no response is required.  To the extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 87.

88.    Mesa Defendants admit that several market analysts initiated coverage of the Company after the IPO and that paragraph 88 purports to quote a September 4, 2018 report where an analyst from Cowen expressed his opinion, which speaks for itself. Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 88.

89.    Mesa Defendants admit that paragraph 89 purports to quote a September 4, 2019 report where an analyst from Raymond James expressed his opinion, which speaks for itself.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 89.

90.    Mesa Defendants deny that the Company's maintenance personnel and mechanics were understaffed and that commentary from analysts highlight any misrepresentations in the Registration Statement.  Mesa Defendants admit that analysts published reports regarding Mesa, which speak for themselves.  The remaining allegations relate to the dismissed Spares Claims, as to which no response is required.  To

the extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 90.

91.    Mesa Defendants admit the allegations in the first two sentences of paragraph 91, and lack knowledge and information sufficient to form a belief as to the remainder of the allegations.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 91.

92.    The allegations in paragraph 92 relate to the dismissed American CPA Claims, as to which no response is required.  To the extent a response is required, Mesa Defendants admit that Mesa issued a press release on January 31, 2019 announcing amendments to the American CPA, and both the press release and the amendments speak for themselves.  To the extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 92.

93.    The allegations in paragraph 93 relate to the dismissed American CPA Claims, as to which no response is required.  To the extent a response is required, Mesa Defendants admit that analysts published reports regarding Mesa, which speak for themselves.  To the extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 93.

94.    The allegations in paragraph 94 relate to the dismissed American CPA Claims, and other Dismissed Claims as to which no response is required.  To the extent a response is required, Defendants Mesa, Ornstein, and Lotz admit, and the remaining Mesa Defendants are informed and believe that Ornstein participated in a February 5, 2019 earnings call but deny the allegations in paragraph 94 to the extent they mischaracterize, inaccurately or selectively quote, and reference out of context the statements made during the earnings call, which statements are reflected in the February 5, 2019 earnings call transcript, prepared by S&P Global Market Intelligence, which the Mesa Defendants are informed and believe is accurate and which speaks for itself. Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 94.

-24-

95.    Mesa Defendants admit that Mesa issued a press release on March 6, 2019, which speaks for itself.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 95.

96.    Mesa Defendants other than Defendants Altobello and Picco admit that Mesa issued a press release on May 9, 2019, which speaks for itself, and are informed and believe that a May 10, 2019 earnings call transcript prepared by S&P Global Market Intelligence, sets forth the referenced analysts' consensus, is accurate, and speaks for itself.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 96.

97.    The allegations in paragraph 97 relate to the dismissed American CPA Claims and Spares Claims, as to which no response is required.  To the extent a response is required, Mesa Defendants deny each and every allegation in paragraph 97.

98.    The allegations in paragraph 98 relate to the dismissed American CPA claims, as to which no response is required.  To the extent a response is required, Mesa Defendants deny the allegations in paragraph 98.

99.    Defendants Mesa, Ornstein and Lotz admit and the remaining Mesa Defendants  other than Defendants Altobello and Picco are informed and believe that Defendant Ornstein spoke during the May 10, 2019 earnings call, but deny the allegations in paragraph 99 to the extent they mischaracterize, inaccurately or selectively quote, and reference out of context the statements made during the earnings call, which statements are reflected in the May 10, 2019 earnings call transcript, prepared by S&P Global Market Intelligence, which the Mesa Defendants other than Defendants Altobello and Picco are informed and believe is accurate and speaks for itself. .  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 99.

100.    Defendants Mesa, Ornstein and Lotz admit and the remaining Mesa Defendants other than Defendants Altobello and Picco are informed and believe that Defendant Ornstein spoke during the May 10, 2019 earnings call, but deny the allegations

in paragraph 100 to the extent they mischaracterize, inaccurately or selectively quote, and reference out of context the statements made during the earnings call, which statements are reflected in the May 10, 2019 earnings call transcript, prepared by S&P Global Market Intelligence, which the Mesa Defendants other than Defendants Altobello and Picco are informed and believe is accurate and speaks for itself.  Except as expressly admitted herein, Mesa Defendants deny each and every allegation in paragraph 100.

101.    Mesa Defendants other than Defendants Altobello and Picco admit the allegations of Paragraph 101 with respect to information reported by Mesa.  Mesa Defendants other than Defendants Altobello and Picco are informed and believe that the transcript for the August 8, 2019 earnings call prepared by S&P Global Market Intelligence is accurate, sets forth the referenced analysts' consensus, and speaks for itself.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 101.

102.    The allegations in paragraph 102 relate to the dismissed American CPA and Outsourced Maintenance Claims or other Dismissed Claims, as to which no response is required.  To the extent a response is required, Defendants, Mesa, Ornstein, and Lotz admit, and the remaining Mesa Defendants other than Defendants Altobello and Picco are informed and believe that Bradford Rich spoke during the August 9, 2019 conference call, but deny the allegations in paragraph 102 to the extent they mischaracterize, inaccurately or selectively quote, and reference out of context the statements made during the earnings call, which statements are reflected in the August 9, 2019 earnings call transcript, prepared by S&P Global Market Intelligence which the Mesa Defendants other than Defendants Altobello and Picco are informed and believe is accurate and which speaks for itself.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 102.

103.    The allegations in paragraph 103 relate to the dismissed American CPA Claims or other Dismissed Claims, as to which no response is required.  To the extent a response is required, Defendants, Mesa, Ornstein, and Lotz admit, and the remaining

Mesa Defendants other than Defendants Altobello and Picco are informed and believe that Bradford Rich spoke during the August 9, 2019 conference call, but deny the allegations in paragraph 102 to the extent they mischaracterize, inaccurately or selectively quote, and reference out of context the statements made during the earnings call, which statements are reflected in the August 9, 2019 earnings call transcript prepared by S&P Global Market Intelligence which the Mesa Defendants other that Defendants Altobello and Picco are informed and believe is accurate and which speaks for itself.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 103.

104.    Mesa Defendants deny the Company failed to maintain sufficient maintenance personnel at the time of the Offering.  The remaining allegations in paragraph 104 relate to the dismissed Spares and American CPA Claims or other Dismissed Claims as to which no response is required.  To the extent a response is required, Mesa Defendants other than Defendants Altobello and Picco deny the remaining allegations in paragraph 104.

105.    To the extent the allegations in paragraph 105 relate to the dismissed American CPA Claims and the Spares Claims or any other Dismissed Claims, no response is required.  To the extent a response is required, Defendants, Mesa, Ornstein, and Lotz admit, and the remaining Mesa Defendants other than Defendants Altobello and Picco are informed and believe that Bradford Rich spoke during the August 9, 2019 conference call, but deny the allegations in paragraph 105 to the extent they mischaracterize, inaccurately or selectively quote, and reference out of context the statements made during the earnings call, which statements are reflected in the August 9, 2019 earnings call transcript, prepared by S&P Global Market Intelligence which the Mesa Defendants other than Defendants Altobello and Picco are informed and believe is accurate and which speaks for itself.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 105.

106.    To the extent the allegations in paragraph 105 relate to the dismissed Spares Claims and American CPA Claims, or any other Dismissed Claims, no response is required.  Defendants, Mesa, Ornstein, and Lotz admit, and the remaining Mesa Defendants other than Defendants Altobello and Picco are informed and believe, that Bradford Rich spoke during the August 9, 2019 conference call, but deny the allegations in paragraph 106 to the extent they mischaracterize, inaccurately or selectively quote, and reference out of context the statements made during the earnings call, which statements are reflected in the August 9, 2019 earnings call transcript, prepared by S&P Global Market Intelligence which the Mesa Defendants other than Defendants Altobello and Picco are informed and believe is accurate and which speaks for itself.   Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 106.

107.    To the extent the allegations in paragraph 107 relate to the dismissed Spares Claims, the American CPA Claims or any other Dismissed Claims, no response is required.  Defendants, Mesa, Ornstein, and Lotz admit, and the remaining Mesa Defendants other than Defendants Altobello and Picco are informed and believe that Bradford Rich spoke during the August 9, 2019 conference call, but deny the allegations in paragraph 107 to the extent they mischaracterize, inaccurately or selectively quote, and reference out of context the statements made during the earnings call, which statements are reflected in the August 9, 2019 earnings call transcript, prepared by S&P Global Market Intelligence which the Mesa Defendants other than Defendants Altobello and Picco are informed and believe is accurate and which speaks for itself.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 107.

108.    Mesa Defendants deny that the Company lacked a sufficient number of mechanics to maintain Mesa's aircraft at the time of the IPO.  The remaining allegations in paragraph 108 relate to the dismissed Spares, American CPA, and Operational Performance Claims or other Dismissed Claims, as to which no response is required.  To

the extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 108.

109. The allegations in paragraph 109 relate to the dismissed Spares, American CPA, and Operational Performance Claims or other Dismissed Claims, as to which no response is required. To the extent a response is required, Defendants, Mesa, Ornstein, and Lotz admit, and the remaining Mesa Defendants other than Defendants Altobello and Picco are informed and believe that Defendant Ornstein spoke during the August 9, 2019 conference call, but deny the allegations in paragraph 109 to the extent they mischaracterize, inaccurately or selectively quote, and reference out of context the statements made during the earnings call, which statements are reflected in the August 9, 2019 earnings call transcript, prepared by S&P Global Market Intelligence which the Mesa Defendants other than Defendants Altobello and Picco are informed and believe is accurate and which speaks for itself. Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 109.

110. The allegations in paragraph 110 relate to the dismissed Spares Claims, as to which no response is required. To the extent a response is required, Mesa Defendants deny the allegations in paragraph 110.

111. Mesa Defendants admit that the price of Mesa's stock at the time of the IPO was $12.00 per share and that Mesa's stock closed at $3.03 on April 1, 2020. To the extent the allegations in paragraph 111 relate to the dismissed Spares Claims or other Dismissed Claims, no response is required. To the extent a response is required, and except as expressly admitted or averred herein, Mesa Defendants deny the allegations in paragraph 111.

112. The allegations in paragraph 112 are based on an anonymous "former employee" who may or may not exist, whose identity, personal knowledge, credibility, and accuracy have not been established, and whose allegations are unspecific as to time. Mesa Defendants lack knowledge and information sufficient to form a belief as to the

truth of his/her alleged statements, and on that basis deny the allegations based on these statements.

113. The allegations in paragraph 113 are based on an anonymous "former employee" who may or may not exist, whose identity, personal knowledge, credibility, and accuracy have not been established, and whose allegations are unspecific as to time. Mesa Defendants lack knowledge and information sufficient to form a belief as to the truth of his/her alleged statements, and on that basis deny the allegations based on these statements and deny his/her characterizations and opinions concerning the Company overall.

114. The allegations in paragraph 114 are based on an anonymous "former employee" who may or may not exist, whose identity, personal knowledge, credibility, and accuracy have not been established, and whose allegations are unspecific as to time. Mesa Defendants lack knowledge and information sufficient to form a belief as to the truth of his/her alleged statements, and on that basis deny the allegations based on these statements and deny his/her characterizations and opinions concerning the Company overall.

115. The allegations in paragraph 115 are based on an anonymous "former employee" who may or may not exist, whose identity, personal knowledge, credibility, and accuracy have not been established, and whose allegations are unspecific as to time but aver that he/she claims to have left the Company prior to the IPO. Mesa Defendants lack knowledge and information sufficient to form a belief as to the truth of his/her alleged statements, and on that basis deny the allegations based on these statements.

116. The allegations in paragraph 116 are based on an anonymous "former employee" who may or may not exist, whose identity, personal knowledge, credibility, and accuracy have not been established, and whose allegations are unspecific as to time but aver that he/she claims to have left the Company prior to the IPO. Mesa Defendants lack knowledge and information sufficient to form a belief as to the truth of his/her

alleged statements, and on that basis deny the allegations based on these statements and deny his/her characterizations and opinions concerning the Company overall.

117.    The allegations in paragraph 117 are based on an anonymous "former employee" who may or may not exist, whose identity, personal knowledge, credibility, and accuracy have not been established, and whose allegations are unspecific as to time, but aver that he/she claims to have left the Company prior to the IPO and to report on his experience at other airlines.  Mesa Defendants lack knowledge and information sufficient to form a belief as to the truth of his/her alleged statements, and on that basis deny the allegations based on these statements and deny his/her characterizations and opinions concerning the Company overall.

118.    The allegations in paragraph 118 are based on an anonymous "former employee" who may or may not exist, whose identity, personal knowledge, credibility, and accuracy have not been established, and whose allegations are unspecific as to time, but aver that he/she claims to have left the Company prior to the IPO.  Mesa Defendants lack knowledge and information sufficient to form a belief as to the truth of his/her alleged statements, and on that basis deny the allegations based on these statements and deny his/her characterizations and opinions concerning the Company overall.

119.    The allegations in paragraph 119 are based on an anonymous "former employee" who may or may not exist, whose identity, personal knowledge, credibility, and accuracy have not been established, and whose allegations are unspecific as to time but aver that he/she claims to have left the Company prior to the IPO.  Mesa Defendants lack knowledge and information sufficient to form a belief as to the truth of his/her alleged statements, and on that basis deny the allegations based on these statements and deny his/her characterizations and opinions concerning the Company overall.

120.    The allegations in paragraph 120 are based on an anonymous "former employee" who may or may not exist, whose identity, personal knowledge, credibility, and accuracy have not been established, and whose allegations are unspecific as to time but aver that he/she claims to have left the Company prior to the IPO.  Mesa Defendants

-31-

lack knowledge and information sufficient to form a belief as to the truth of his/her alleged statements, and on that basis deny the allegations based on these statements and deny his/her characterizations and opinions concerning the Company overall.

## LEAD PLAINTIFF'S CLASS ACTION ALLEGATIONS

121.    Mesa Defendants admit that Lead Plaintiff purports to bring this action on its own behalf and on behalf of a class who purchased Mesa's securities pursuant to and/or traceable to Mesa's IPO (the "Class").  Mesa Defendants aver that as a result of the Order dismissing many of the claims herein, the Class must be limited to those who acquired shares pursuant to or traceable to the IPO and held such shares as of May 10, 2019 and that any recovery is limited to any decline in the price of those shares attributable to the disclosures relating to in-house mechanics made on that date.  Mesa Defendants also aver that after the expiration of the IPO lock-up in February 2019, non-registered shares entered the market and persons purchasing thereafter cannot "trace" their shares to the Registration Statement.  Mesa Defendants deny that Lead Plaintiff can demonstrate the requisites for certification of any class.  Except as expressly admitted herein, Mesa Defendants deny each and every allegation in paragraph 121.

122.    Mesa Defendants admit that the price of Mesa's stock at the time of the IPO was $12.00 per share and that Mesa's stock closed at $3.03 on April 1, 2020, but aver that any recovery is limited to any decline in the price of those shares attributable to disclosures relating to in-house mechanics, the only claim remaining in the case. Mesa Defendants deny that Mesa misrepresented or failed to disclose facts, adverse conditions, risks, trends, or uncertainties, concerning Mesa's mechanics and maintenance personnel in the Registration Statement or that it lacked qualified mechanics and maintenance personnel at the time of the IPO.   The remaining allegations in paragraph 122 relate to the dismissed Spares Claims or other of the Dismissed Claims, as to which no response is required.  To the extent a response is required, Mesa Defendants deny the allegations in paragraph 122.

123.    The allegations in paragraph 123 are assertions or legal conclusions as to which no response is required.  To the extent a response is required, Mesa Defendants deny each and every allegation in paragraph 123 and aver that no class may be properly certified in this action.

124.    The allegations in paragraph 124 are assertions or legal conclusions as to which no response is required.  To the extent that this paragraph purports to contain factual assertions requiring a response, Mesa Defendants deny that the Mesa Defendants engaged in any wrongful conduct and deny that Lead Plaintiff or the putative Class has any claim.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 124.

125.    The allegations in paragraph 125 are assertions or legal conclusions as to which no response is required.  To the extent that this paragraph purports to contain factual assertions requiring a response, Mesa Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning the purported adequacy of Lead Plaintiff or its counsel, and on that basis, deny such allegations.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 125.

126.    The allegations in paragraph 126 are assertions or legal conclusions as to which no response is required.  To the extent that this paragraph purports to contain factual assertions requiring a response, Mesa Defendants deny there were any violations of federal securities laws, false or misleading statements or omissions in the Registration Statement, or any damages sustained by members of the putative class.  Except as expressly admitted or averred herein, Mesa Defendants deny each and every allegation in paragraph 126.

127.    The allegations in paragraph 127 are assertions or legal conclusions as to which no response is required.  To the extent a response is required, Mesa Defendants deny each and every allegation in paragraph 127.

**Count I: Violations of Section 11 of the Securities Act Against All Defendants**

128.    Mesa Defendants repeat each and every response contained above.

129.    Mesa Defendants admit that Lead Plaintiff purports to assert Count I pursuant to Section 11 of the Securities Act against all Defendants, deny that such claims have merit, and aver that no such claims can be asserted with respect to the Dismissed Claims.  Except as expressly admitted herein, Mesa Defendants deny each and every allegation in paragraph 129.

130.    The allegations in paragraph 130 are assertions or legal conclusions as to which no response is required.  To the extent that this paragraph purports to contain factual assertions requiring a response, Mesa Defendants admit that they did not act with intentional, reckless, or otherwise fraudulent intent.  Except as expressly admitted herein, Mesa Defendants deny each and every allegation in paragraph 130.

131.    Mesa Defendants deny each and every allegation in paragraph 131.

132.    Mesa Defendants deny each and every allegation in paragraph 132.

133.    Mesa Defendants deny each and every allegation in paragraph 133.

134.    Mesa Defendants deny each and every allegation in paragraph 134.

135.    Mesa Defendants lack knowledge and information sufficient to form a belief as to whether Lead Plaintiff acquired Mesa's stock pursuant to the Registration Statement, and on that basis, deny the allegation.

136.    Mesa Defendants lack knowledge and information sufficient to form a belief as to what facts Lead Plaintiff and other members of the putative class knew or could have reasonably discovered, and on that basis, deny such allegations.  Mesa Defendants deny any wrongful conduct occurred.  Except as expressly admitted herein, Mesa Defendants deny each and every allegation in paragraph 136.

137.    Mesa Defendants aver that the Court dismissed the American CPA and Operational Performance Claims as untimely.  Mesa Defendants deny that any statement in the Registration Statement was untrue or misleading by omission and deny each and every allegation in paragraph 137.

**Count II: Violations of Section 12(a)(2) of the Securities Act**

138. Pursuant to the Court's Order, the Section 12 Claim was dismissed, and therefore no response is required. To the extent a response is required, Mesa Defendants deny each and every allegation in paragraph 138.

139. Pursuant to the Court's Order, the Section 12Claim was dismissed, and therefore no response is required. To the extent a response is required, Mesa Defendants deny each and every allegation in paragraph 139.

140. Pursuant to the Court's Order, the Section 12Claim was dismissed, and therefore no response is required. To the extent a response is required, Mesa Defendants admit that they did not act with intentional, reckless, or otherwise fraudulent intent but otherwise deny each and every allegation in paragraph 140.

141. Pursuant to the Court's Order, the Section 12 Claim was dismissed, and therefore no response is required. The allegations in paragraph 141 are assertions or legal conclusions as to which no response is required. To the extent a response is required, Mesa Defendants deny each and every allegation in paragraph 141.

142. Pursuant to the Court's Order, the Section 12Claim was dismissed, and therefore no response is required. To the extent a response is required, Mesa Defendants deny there were any untruths or omissions in the Prospectus or Registration Statement and lack knowledge and information sufficient to form a belief as to what facts Lead Plaintiff and members of the putative class knew or in the exercise of reasonable diligence could have reasonably known, and on that basis, deny such allegations. Except as expressly admitted herein, Mesa Defendants deny each and every allegation in paragraph 142.

143. Pursuant to the Court's Order, the Section 12 Claim was dismissed, and therefore no response is required. To the extent a response is required, Mesa Defendants deny each and every allegation in paragraph 143.

144. Pursuant to the Court's Order, the Section 12 Claim was dismissed, and therefore no response is required. To the extent a response is required, Mesa Defendants

aver that the Court dismissed the American CPA and Operational Performance Claims as untimely, and deny each and every allegation in paragraph 144.

### Count III: Violations of Section 15 of the Securities Act Against the Individual Defendants

145.    Mesa Defendants repeat each and every response contained above.

146.    The Individual Defendants admit that Lead Plaintiff purports to assert Count III pursuant to Section 15 of the Securities Act against all Defendants except the Underwriter Defendants.  Mesa Defendants aver that Mesa could not be a "control person" of Mesa.  Except as expressly admitted and averred, Mesa Defendants deny each and every allegation in paragraph 146.

147.    The allegations in paragraph 147 are assertions or legal conclusions as to which no response is required.  To the extent that this paragraph purports to contain factual assertions requiring a response, the Mesa Defendants admit that they did not act with intentional, reckless, or otherwise fraudulent intent.  Except as expressly admitted herein, Mesa Defendants deny each and every allegation in paragraph 147.

148.    The allegations in paragraph 148 are assertions or legal conclusions as to which no response is required.  To the extent that this paragraph purports to contain factual assertions requiring a response, Mesa Defendants deny each and every allegation in paragraph 148.

149.    Mesa Defendants aver that Lead Plaintiff's Section 12(a)(2) claim was dismissed, and to the extent any Section 15 claims against the Individual Defendants were predicated on violations of Section 12, or any of the Dismissed Claims, such claims under Section 15 are also dismissed.  As to the remaining Section 15 claims, Mesa Defendants deny each and every allegation in paragraph 149.

150.    Mesa Defendants lack knowledge and information sufficient to form a belief as to what facts Lead Plaintiff and other members of the putative class knew or in the exercise of reasonable diligence could have reasonably known, and on that basis, deny such allegations.  Mesa Defendants aver that the Court dismissed the American

-36-

CPA and Operational Performance Claims as untimely.  As to the surviving Section 15 claims, Mesa Defendants deny each and every allegation in paragraph 150.

## Prayer for Relief

To the extent any response is required to Lead Plaintiff's prayer for relief, Mesa Defendants deny each and every allegation therein.  Mesa Defendants specifically deny this action is a proper class action or that Lead Plaintiff or members of the putative class were damaged.  Mesa Defendants also aver that rescissory damages are only available pursuant to Section 12 claims or Section 15 claims predicated upon Section 12 claims, and that such claims have been dismissed by the Court.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion or production not otherwise legally assigned to him, her, or it, each of the Mesa Defendants asserts the following defenses.  Each of the Mesa Defendants also reserves the right to amend this Answer to assert further defenses that become available and apparent during pretrial proceedings in this action.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Lead Plaintiff's claims are barred, in whole or in part, by the lack of loss causation, because Lead Plaintiff has not suffered any injury as a result of the alleged misstatement or omission.

### Third Affirmative Defense

Lead Plaintiff was not damaged by any of the Mesa Defendants' conduct.

### Fourth Affirmative Defense

Lead Plaintiff cannot establish that the Registration Statement contained any misleading statement or omission, or failed to disclose any information that was required to be stated therein.

Fifth Affirmative Defense

Lead Plaintiff cannot establish that any alleged misrepresentation or omission in the Registration Statement was material.

Sixth Affirmative Defense

Lead Plaintiff's damages, if any, resulted from the intervening and superseding act of a third party.

Seventh Affirmative Defense

The claims asserted in the Complaint are barred by Lead Plaintiff's inequitable conduct and unclean hands.

Eighth Affirmative Defense

Lead Plaintiff is estopped, in whole or in part, from asserting the claims set forth in the Complaint.

Ninth Affirmative Defense

Lead Plaintiff and others alleged to be members of the putative class lack standing to maintain some or all of their claims.

Tenth Affirmative Defense

Lead Plaintiff's alleged losses were not caused by any alleged misrepresentation or omission upon which its claims are based.

Eleventh Affirmative Defense

Each of the Mesa Defendants acted in good faith reliance on rules, regulations, and informal guidance offered by the Securities & Exchange Commission, as well as applicable judicial precedent and common understanding among lawyers specializing in the securities field.

Twelfth Affirmative Defense

Based on a reasonable investigation, each of the Mesa Defendants had reasonable ground to believe and did believe that the Registration Statement was accurate, complete, and not misleading.

-38-

Thirteenth Affirmative Defense

Despite the exercise of reasonable care, Mesa Defendants did not know and could not have known about any alleged misstatement or omission in the Registration Statement.

Fourteenth Affirmative Defense

The Individual Defendants were not controlling persons of the Company.

Fifteenth Affirmative Defense

Each of the Individual Defendants did not have knowledge of or reasonable ground to believe in the existence of the facts by reason of which the Company's liability is alleged to exist, and, to the extent that lack of culpable participation is an element of any defense, did not culpably participate in any violation of the Securities Act.

Sixteenth Affirmative Defense

Lead Plaintiff's claims and/or the claims of members of the class that Lead Plaintiff purports to represent, are barred in whole or in part, to the extent that Lead Plaintiff and the purported class members held, have disposed of, or could have disposed of their securities at a price in excess of the offering price.

Seventeenth Affirmative Defense

Lead Plaintiff's claims and/or the claims of members of the class that Lead Plaintiff purports to represent, are barred in whole or in part, to the extent that they did not purchase shares traceable to the IPO.

Eighteenth Affirmative Defense

Lead Plaintiff's claims are barred, in whole or in part, because any alleged misstatements in the Registration Statement are non-actionable statements because the Registration Statement contained sufficient cautionary language and risk disclosures.

Nineteenth Affirmative Defense

Lead Plaintiff's claims are barred, in whole or in part, because the alleged misrepresentations are non-actionable statements of opinion that Lead Plaintiff has not alleged, and cannot prove, were not genuinely believed.

-39-

Twentieth Affirmative Defense

Without admitting that Lead Plaintiff suffered damages in any amount, or that any of the Mesa Defendants are or should be liable for any such damages, to the extent that Lead Plaintiff failed to mitigate, minimize or avoid any loss or damage referred to in its Complaint, any recovery against the Mesa Defendants must be reduced by that amount or eliminated.

Twenty-First Affirmative Defense

Lead Plaintiff's claims against Mesa Defendants are barred, in whole or in part, because Lead Plaintiff assumed the risks disclosed in the Registration Statement associated with the IPO and any losses Lead Plaintiff allegedly experienced were caused because those risks came to fruition.

Twenty-Second Affirmative Defense

Without admitting any wrongful or liability-creating conduct on the part of any Mesa Defendant, this action is barred, in whole or in part, by the doctrines of estoppel, waiver, consent, and ratification.

Twenty-Third Affirmative Defense

This action is barred, in whole or in part, because the alleged damages, if any, are speculative and impossible to ascertain.

Twenty-Fourth Affirmative Defense

Recovery in this action is barred, in whole or in part, to the extent recovery is had in another lawsuit, other proceeding, or otherwise.

Twenty-Fifth Affirmative Defense

Lead Plaintiff's claims are barred to the extent they rely on documents and statements not incorporated into the Registration Statement, or on statements that were modified or superseded by those documents.

Twenty-Sixth Affirmative Defense

Without admitting that Lead Plaintiff suffered damages in any amount, or that any of the Mesa Defendants are or should be liable for any such damages, any recovery for

-40-

damages allegedly incurred by Lead Plaintiff or members of the putative class is subject to offset in the amount of any tax benefits or other benefits received by Lead Plaintiff or members of the putative class through their investments.

Twenty-Seventh Affirmative Defense

Mesa Defendants adopt by reference any applicable defense pleaded or may be pleaded by any other defendant not expressly set forth herein.

Twenty-Eighth Affirmative Defense

Any liability of the outside director Individual Defendants is limited to each outside director's percentage of responsibility (if any), pursuant to the proportionate liability provisions of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(f).

Twenty-Ninth Affirmative Defense

Lead Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation.

Additional Affirmative Defenses

Mesa Defendants may have additional, as yet unidentified defenses available against the named Lead Plaintiff and/or putative class members and thus reserve the right to assert such defenses in a timely fashion after the facts to support such defenses become known to them.

Reservation of Rights

WHEREFORE, each of the Mesa Defendants denies any liability and requests judgment:

1.    Dismissing the Complaint as against each of the Mesa Defendants with prejudice;

2.    Awarding each of the Mesa Defendants costs, interest, attorneys' fees and disbursements in this action;

3.    Such other relief as this Court deems equitable and just.

-41-

## JURY DEMAND

Mesa Defendants demand a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated:  September 3, 2021                    Respectfully submitted,


                                             */s/ Nina F. Locker*

                                             **WILSON SONSINI GOODRICH & ROSATI**
                                             **Professional Corporation**
                                             Nina F. Locker (*pro hac vice*)
                                             Laurie B. Smilan (*pro hac vice*)
                                             Douglas W. McManaway (*pro hac vice*)
                                             650 Page Mill Rd
                                             Palo Alto, CA 94304

                                             **SACKS, RICKETTS & CASE LLP**
                                             Cynthia A. Ricketts (Arizona Bar No. 012668)
                                             Andrew C. Stanley (Arizona Bar No. 029789)
                                             2800 N. Central Avenue, Suite 1910
                                             Phoenix, AZ 85004

                                             *Attorneys for Mesa Defendants*

-42-