Edwin A. Barkel (Bar No. 021666)
John C. Gray (Bar No. 028454)
Michael C. Brown (Bar No. 030524)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
201 East Washington Street, Suite 1200
Phoenix, AZ  85004
Telephone:     (602) 262-5311
Facsimile:     (602) 262-5747
Email:         ebarkel@lrrc.com
               jgray@lrrc.com
               mbrown@lrrc.com

Adam S. Hakki (*pro hac vice*)
Agnès Dunogué (*pro hac vice*)
SHEARMAN AND STERLING LLP
599 Lexington Avenue
New York, NY  10022-6069
Telephone:     (212) 848-4000
Email:         adam.hakki@shearman.com
               agnes.dunogue@shearman.com

*Counsel for Defendants*
*Raymond James & Associates, Inc.; Merrill*
*Lynch,    Pierce,    Fenner    &    Smith*
*Incorporated;  Cowen  and  Company,  LLC;*
*Stifel,  Nicolaus  &  Company,  Incorporated;*
*and Imperial Capital, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| David G. Lowthorp, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>  Mesa Air Group, Inc., *et al.*,<br><br>        Defendants. | Case No. 2:20-cv-00648-MTL<br><br>(Assigned to the Hon. Michael T. Liburdi)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF THE UNDERWRITER DEFENDANTS TO THE AMENDED CLASS ACTION COMPLAINT** |

114845831.1

Defendants Raymond James & Associates, Inc. ("Raymond James"), Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), Cowen and Company, LLC ("Cowen"), Stifel, Nicolaus & Company, Incorporated ("Stifel"), and Imperial Capital, LLC ("Imperial"), by their undersigned counsel, respond as follows to the allegations in the Amended Class Action Complaint, filed on August 17, 2020 (the "Complaint"), insofar as they are made against the Underwriter Defendants.

All claims under Section 12 of the Securities Act of 1933 (the "Section 12 Claims") and all claims relating to statements regarding Mesa Air Group, Inc.'s ("Mesa") operational performance (the "Operational Performance Claims"), its Capacity Purchase Agreement ("CPA") with American Airlines, Inc. (the "American CPA" and the "American CPA Claims"), its operational spare aircraft (the "Spares Claims"), and third-party maintenance agreements (the "Outsourced Maintenance Claims") (collectively the "Dismissed Claims") have been dismissed pursuant to the Court's July 22, 2021 Order (Dkt. 81) (the "Order") and no answer to allegations concerning these claims is required.

The Underwriter Defendants incorporate into each such response a denial of all allegations in the Complaint to the extent they (i) suggest that the Registration Statement[1] contains material misstatements or omissions for which the Underwriter Defendants may be held liable, (ii) assert any factual allegations that are inconsistent with or contrary to

[1] For the sake of clarity, and unless otherwise stated, the Underwriter Defendants herein use the defined terms and phrases set forth in the Complaint. In so doing, however, the Underwriter Defendants do not concede that any such definitions are proper. This includes the term "Registration Statement," which includes the Registration Statement that was filed by Mesa on July 13, 2018, all amendments thereto, and the Prospectus that was filed on Form 2424B4 on August 10, 2018, as well as all Preliminary Prospectuses and updates and supplements thereto, which were incorporated into a formed part of the Registration Statement that became effective on August 9, 2018.

the Registration Statement, to which reference is made for a complete and accurate statement of its contents, (iii) suggest that the Underwriter Defendants failed to conduct an adequate due diligence investigation, (iv) suggest that Lead Plaintiff or members of the putative class have suffered any damages as a consequence of any acts of the Underwriter Defendants alleged in the Complaint or any alleged misstatement or omission in connection with the IPO, (v) suggest that the Underwriter Defendants have any liability under the Complaint, and (vi) suggest that Lead Plaintiff has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, for the claims against the Underwriter Defendants.  The Underwriter Defendants deny any averments in the headings and subheadings in the Complaint.  The Underwriter Defendants intend to respond only as to allegations directed at the Underwriter Defendants individually, and where the Underwriter Defendants respond to allegations that concern "Mesa Defendants"[2] and not the Underwriter Defendants individually, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants unless the Underwriter Defendants expressly state otherwise.

The Underwriter Defendants further respond to the specific allegations in the Complaint as follows:

To the extent the allegations of the introductory paragraph on page 1 of the Complaint consist of legal conclusions, no response is required or appropriate.  To the

---

[2] The "Mesa Defendants" include defendants Mesa Air Group, Inc.; Jonathan G. Ornstein; Michael J. Lotz; Daniel J. Altobello; Ellen N. Artist; Mitchell Gordon; Dana J. Lockhart; G. Grant Lyon; Giacomo Picco; Harvey Schiller; and Don Skiados.

extent a response is required, the Underwriter Defendants deny the allegations of the introductory paragraph on page 1 of the Complaint, except they admit that Lead Plaintiff purports to bring the claims described therein on the bases alleged.

## **NATURE OF THE ACTION**

1.      To the extent the allegations contained in paragraph 1 consist of legal conclusions, no response is required or appropriate.  To the extent the allegations relate to the Dismissed Claims, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to the Registration Statement referenced therein for a complete and accurate statement of its contents.

2.      The Underwriter Defendants deny that the allegations contained in paragraph 2 constitute a complete and accurate description of Mesa and its business, except they admit as of the date of the IPO, (i) Mesa is headquartered in Phoenix, Arizona, (ii) it operates as Mesa Airlines, Inc., (iii) it provided commercial passenger service to 110 cities in 38 states, the District of Columbia, Canada, Mexico, Cuba, and the Bahamas, (iv) its flights operated as American Eagle or United Express flights pursuant to the terms of the CPAs Mesa entered into with American Airlines, Inc. and United Airlines, Inc. (iv) and as of March 31, 2018, the American CPA accounted for 54% of Mesa's total revenue and the United CPA accounted for the remaining 46% of Mesa's total revenue.

3.      The Underwriter Defendants deny that the allegations contained in paragraph 3 constitute a complete and accurate statement of Mesa's business, revenue

sources, and operations, except they respectfully refer the Court to the Registration Statement for a description of Mesa's business, revenue sources, and operations as of its effective date.

4.      The Underwriter Defendants deny that the allegations contained in paragraph 4 constitute a complete and accurate statement of Mesa and its business, except they (i) admit that Mesa filed for bankruptcy in 2010, and (ii) respectfully refer the Court to the Registration Statement for a description of Mesa's business as of its effective date.

5.      The Underwriter Defendants deny that the allegations contained in paragraph 5 constitute a complete and accurate description of the IPO, except they respectfully refer the Court to the Registration Statement and actual trading records for a complete and accurate statement of their contents.

6.      To the extent the allegations contained in paragraph 6 relate to the dismissed Spares Claims and the dismissed Operational Performance Claims, no response is required.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in paragraph 6 constitute a complete and accurate statement of Mesa and its business, except they respectfully refer the Court to the Registration Statement for a description of Mesa's business as of its effective date.

7.      To the extent the allegations contained in paragraph 7 relate to the dismissed Spares Claims, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to the transcript of the earnings conference calls referenced and quoted therein for a complete and accurate statement of their contents.

8.    To the extent the allegations contained in paragraph 8 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 8.

9.    To the extent the allegations contained in paragraph 9 relate to the dismissed Spares Claims and the dismissed Operational Performance Claims, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

10.    To the extent the allegations contained in paragraph 10 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

11.    To the extent the allegations contained in paragraph 11 relate to the dismissed Operational Performance Claims, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to the public filing referenced therein and the transcript of the earnings conference call referenced and quoted therein for a complete and accurate statement of their contents.

12.    To the extent the allegations contained in paragraph 12 relate to the dismissed Spares Claims, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court

to the public filings referenced therein and the transcript of the earnings conference call referenced and quoted therein for a complete and accurate statement of their contents.

13. To the extent the allegations contained in paragraph 13 relate to the dismissed American CPA Claims, no response is required. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement and the transcript of the earnings conference calls referenced and quoted therein for a complete and accurate statement of their contents and to publicly reported market services for the trading price of Mesa's stock, and deny any inconsistent allegations contained in paragraph 13. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the sixth sentence of paragraph 13.

14. To the extent the allegations contained in paragraph 14 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to publicly reported market services for the trading price of Mesa's stock.

**JURISDICTION AND VENUE**

15. To the extent the allegations contained in paragraph 15 relate to the Dismissed Claims or consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations, except they admit that Lead Plaintiff purports to bring this action pursuant to the statutes cited therein.

16.    To the extent the allegations contained in paragraph 16 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations, except they admit that Lead Plaintiff purports to base jurisdiction over this action on the statutes cited therein.

17.    To the extent the allegations contained in paragraph 17 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations, except they (i) admit that Lead Plaintiff purports to base venue on the statute cited therein, and (ii) admit and aver on information and belief that Mesa is headquartered within this District.

18.    To the extent the allegations contained in paragraph 18 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations, except they admit that the mails, interstate wire and telephonic communications, and/or the facilities of a national securities exchange were used in connection with the IPO.

**PARTIES**

19.    To the extent the allegations contained in paragraph 19 relate to the Dismissed Claims or are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the

-7-

allegations contained therein, except they admit and aver that the Lead Plaintiff submitted a certificate in this action purporting to set forth its ownership of Mesa common stock.

20.     To the extent the allegations contained in paragraph 20 are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the allegations constitute a complete and accurate description of Mesa and its business, except they admit on information and belief that Mesa is incorporated in Nevada, maintains its principal executive offices at 410 North 44th Street, Suite 700, Phoenix, Arizona, and has its shares listed on the NASDAQ under the ticker symbol "MESA."

21.     To the extent the allegations contained in paragraph 21 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except they respectfully refer the Court to the Registration Statement, Mesa's other public filings, and actual trading records for the identities of who signed the referenced Registration Statement and public filings and for a description of Johnathan G. Ornstein, his history, title, and role at Mesa.

22.     To the extent the allegations contained in paragraph 22 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except they respectfully refer the Court to the Registration Statement, Mesa's

other public filings, and actual trading records for the identities of who signed the referenced Registration Statement and public filings and for a description of Michael J. Lotz, his history, title, and role at Mesa.

23. To the extent the allegations contained in paragraph 23 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except they respectfully refer the Court to the Registration Statement, Mesa's other public filings, and actual trading records for the identities of who signed the referenced Registration Statement and public filings and for a description of Daniel J. Altobello, his history, title, and role at Mesa.

24. To the extent the allegations contained in paragraph 24 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except they respectfully refer the Court to the Registration Statement, Mesa's other public filings, and actual trading records for the identities of who signed the referenced Registration Statement and public filings and for a description of Ellen N. Artist, her history, title, and role at Mesa.

25. To the extent the allegations contained in paragraph 25 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except they respectfully refer the Court to the Registration Statement, Mesa's other public filings, and actual trading records for the identities of who signed the referenced Registration Statement and public filings and for a description of Mitchell Gordon, his history, title, and role at Mesa.

26.     To the extent the allegations contained in paragraph 26 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except they respectfully refer the Court to the Registration Statement, Mesa's other public filings, and actual trading records for the identities of who signed the referenced Registration Statement and public filings and for a description of Dana J. Lockhart, his history, title, and role at Mesa.

27.     To the extent the allegations contained in paragraph 27 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except they respectfully refer the Court to the Registration Statement, Mesa's other public filings, and actual trading records for the identities of who signed the referenced Registration Statement and public filings and for a description of G. Grant Lyon, his history, title, and role at Mesa.

28.    To the extent the allegations contained in paragraph 28 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except they respectfully refer the Court to the Registration Statement, Mesa's other public filings, and actual trading records for the identities of who signed the referenced Registration Statement and public filings and for a description of Giacomo Picco, his history, title, and role at Mesa.

29.    To the extent the allegations contained in paragraph 29 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except they respectfully refer the Court to the Registration Statement, Mesa's other public filings, and actual trading records for the identities of who signed the referenced Registration Statement and public filings and for a description of Harvey Schiller, his history, title, and role at Mesa.

30.    To the extent the allegations contained in paragraph 30 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except they respectfully refer the Court to the Registration Statement, Mesa's other public filings, and actual trading records for the identities of who signed the

referenced Registration Statement and public filings and for a description of Don Skiados, his history, title, and role at Mesa.

31.    Paragraph 31 does not contain factual allegations and no response is required.

32.    To the extent the allegations contained in paragraph 32 are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations to the extent they suggest a material misstatement in or omission from the Registration Statement, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

33.    The Underwriter Defendants deny the allegations contained in paragraph 33 are a complete and accurate description of Raymond James' role in the IPO, except they (i) admit that its address is 880 Carillon Parkway, St. Petersburg, FL 33716, and (ii) respectfully refer the Court to the Registration Statement for a complete and accurate description of its role in the IPO.

34.    The Underwriter Defendants deny the allegations contained in paragraph 34 are a complete and accurate description of Merrill Lynch's role in the IPO, except they (i) admit that its address is 1 Bryant Park, New York, NY 10036, and (ii) respectfully refer the Court to the Registration Statement for a complete and accurate description of its role in the IPO.

35.    The Underwriter Defendants deny the allegations contained in paragraph 35 are a complete and accurate description of Cowen's role in the IPO, except

they respectfully refer the Court to the Registration Statement for a complete and accurate description of its role in the IPO. Cowen's address is 599 Lexington Ave., 20th Floor, New York, NY 10022.

36.    The Underwriter Defendants deny the allegations contained in paragraph 36 are a complete and accurate description of Stifel's role in the IPO, except they (i) admit that its address is 501 North Broadway, St. Louis, MO 63102, and (ii) respectfully refer the Court to the Registration Statement for a complete and accurate description of its role in the IPO.

37.    The Underwriter Defendants deny the allegations contained in paragraph 37 are a complete and accurate description Imperial's role in the IPO, except they respectfully refer the Court to the Registration Statement for a complete and accurate description of its role in the IPO. Imperial's address is 10100 Santa Monica Blvd., Suite 2400, Los Angeles, CA 90067.

38.    Paragraph 38 does not contain factual allegations and no response is required.

39.    To the extent the allegations contained in paragraph 39 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants (i) deny that the Registration Statement was false or misleading, (ii) deny the allegations in subparagraph 39(e), and (iii) deny all other allegations in paragraph 39, except they (iv) admit that they participated in the IPO consistent with the role of an underwriter, (v) admit that certain Underwriter Defendants

participated in the roadshow, and (vi) respectfully refer the Court to the Registration Statement for a description of the underwriting arrangements relating to the IPO.

## SUBSTANTIVE ALLEGATIONS

### Background

40.    Paragraph 40 does not contain factual allegations and no response is required.

41.    The Underwriter Defendants deny that the allegations contained in paragraph 41 constitute a complete and accurate description of Mesa and its business, except they respectfully refer the Court to the Registration Statement and its public filings for a description of Mesa and its business as of their effective dates.

42.    The Underwriter Defendants deny that the allegations contained in paragraph 42 constitute a complete and accurate description of Mesa and its business, except they (i) admit that Mesa filed bankruptcy in January 2010, and (ii) respectfully refer the Court to the Registration Statement and its public filings for a description of Mesa and its business as of their effective dates.

43.    To the extent the allegations contained in paragraph 43 relate to the dismissed Operational Performance Claims, no response is required.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in paragraph 43 constitute a complete and accurate description of Mesa and its business, except they (i) admit that Mesa emerged from bankruptcy in January 2011, and (ii) respectfully refer the Court to the Registration Statement and its public filings for a description of Mesa and its business as of their effective dates.

44. To the extent the allegations contained in paragraph 44 relate to the dismissed Operational Performance Claims, no response is required. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents and deny any inconsistent allegations contained in paragraph 44.

45. The Underwriter Defendants respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents and deny any inconsistent allegations contained in paragraph 45.

46. The Underwriter Defendants deny that the allegations contained in paragraph 46 constitute a complete and accurate description of Mesa and its business, except they respectfully refer the Court to the Registration Statement for a description of Mesa and its business as of its effective date.

47. The Underwriter Defendants deny that the allegations contained in paragraph 47 constitute a complete and accurate description of Mesa and its business, except they respectfully refer the Court to the Registration Statement for a description of Mesa and its business as of its effective date and for a complete and accurate statement of its contents.

48. The Underwriter Defendants deny that the allegations contained in paragraph 48 constitute a complete and accurate description of Mesa and its business, except they respectfully refer the Court to the Registration Statement for a description of Mesa and its business as of its effective date.

49. The Underwriter Defendants deny that the allegations contained in paragraph 49 constitute a complete and accurate description of Mesa and its business, except they respectfully refer the Court to the Registration Statement for a description of Mesa and its business as of its effective date.

50. The Underwriter Defendants respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents and deny any inconsistent allegations contained in paragraph 50.

51. The Underwriter Defendants respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents and deny any inconsistent allegations contained in paragraph 51.

52. The Underwriter Defendants deny that the allegations contained in paragraph 52 constitute a complete and accurate description of Mesa and its business, except they respectfully refer the Court to the Registration Statement for a description of Mesa and its business as of its effective date.

53. The Underwriter Defendants respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents and deny any inconsistent allegations contained in paragraph 53.

54. To the extent the allegations in paragraph 54 relate to the dismissed Spares Claims, no response is required. To the extent a response is required, the Underwriter Defendants deny that the allegations constitute a complete and accurate description of Mesa and its business, except they respectfully refer the Court to the Registration Statement for a description of Mesa and its business as of its effective date.

55. The Underwriter Defendants respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents and deny any inconsistent allegations contained in paragraph 55.

56. The Underwriter Defendants respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents and deny any inconsistent allegations contained in paragraph 56.

**Mesa's IPO**

57. The Underwriter Defendants admit the allegations contained in paragraph 57 on information and belief and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

58. The Underwriter Defendants admit the allegations contained in paragraph 58 on information and belief and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

59. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the destination of the proceeds of the overallotment. The Underwriter Defendants otherwise admit the allegations contained in paragraph 59 on information and belief and respectfully refer the Court to Mesa's public filings.

60. The Underwriter Defendants respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents and deny any inconsistent allegations contained in paragraph 60.

**The Registration Statement for the IPO Contained Materially False and Misleading Statements of Fact and Omitted Material Facts in Violation of the Securities Laws**

61.    To the extent the allegations contained in paragraph 61 relate to the dismissed Section 12 Claims or consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to Sections 11 and 12(a)(2) of the Securities Act.

62.    To the extent the allegations contained in paragraph 62 relate to the dismissed Section 12 claims or consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to Rule 408, 17 C.F.R. § 230.408(a).

63.    To the extent the allegations contained in paragraph 63 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to Item 303 of Regulation S-K, 17 C.F.R. § 229.303 and the SEC's related interpretive releases thereto.

64.    To the extent the allegations contained in paragraph 64 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to Item 503 of Regulation S-K, 17 C.F.R. § 229.105 and the SEC's related interpretive releases thereto.

65.     To the extent the allegations contained in paragraph 65 relate to the Dismissed Claims or consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations to the extent they suggest a material misstatement in or omission from the Registration Statement.

**The Registration Statement Contained Material Untrue Statements and Omissions and Failed to Disclose and Misrepresented Certain Material Adverse Trends and Uncertainties That Existed at the Time of the IPO**

66.     To the extent the allegations contained in paragraph 66 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents and deny any inconsistent allegations contained in paragraph 66.

67.     To the extent the allegations in paragraph 67 relate to the dismissed American CPA claims, the dismissed Section 12 Claims, or any of the other Dismissed Claims, no response is required.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents and deny any inconsistent allegations contained in paragraph 67.

68.     To the extent the allegations contained in paragraph 68 relate to the dismissed Outsourced Maintenance Claims, the dismissed Section 12 Claims, or any of the other Dismissed Claims, no response is required.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement for

a complete and accurate statement of its contents and deny any inconsistent allegations contained in paragraph 68.

69.    To the extent the allegations in paragraph 69 relate to the dismissed Spares Claims, the dismissed Section 12 Claims, or any of the other Dismissed Claims, no response is required.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents and deny any inconsistent allegations contained in paragraph 69.

70.    To the extent the allegations contained in paragraph 70 relate to the dismissed Operational Performance Claims, the dismissed Section 12 claims, or any of the other Dismissed Claims, no response is required.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents and deny any inconsistent allegations contained in paragraph 70.

71.    To the extent the allegations in contained in paragraph 71 relate to the dismissed Outsourced Maintenance Claims, the dismissed Section 12 Claims, or any of the other Dismissed Claims, no response is required.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents and deny any inconsistent allegations contained in paragraph 71.

72.    To the extent the allegations contained in paragraph 72 relate to the dismissed Operational Performance Claims, the dismissed Section 12 Claims, or any of the other Dismissed Claims, no response is required.  To the extent a response is required,

the Underwriter Defendants respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents and deny any inconsistent allegations contained in paragraph 72.

73. To the extent the allegations contained in paragraph 73 relate to the dismissed Outsourced Maintenance Claims, the dismissed Section 12 Claims, or any of the other Dismissed Claims, no response is required. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents and deny any inconsistent allegations contained in paragraph 73.

74. To the extent the allegations contained in paragraph 74 relate to the dismissed Section 12 Claims or any of the other Dismissed Claims, no response is required. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents and deny any inconsistent allegations contained in paragraph 74.

75. To the extent the allegations contained in paragraph 75 relate to the Dismissed Claims or consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to the transcript of the earnings conference calls referenced and quoted therein for a complete and accurate statement of their contents.

76. In response to the allegations contained in paragraph 76, the Underwriter Defendants incorporate by reference their responses to paragraphs 66-75. To the extent the allegations relate to the Dismissed Claims or consist of legal

conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to Item 303 of Regulation S-K, 17 C.F.R. § 229.303 referenced and quoted therein and to the Registration Statement referenced therein for a complete and accurate statement of their contents.

**The Registration Statement Failed to Disclose and Misrepresented Material Facts Regarding Mesa's CPA with American**

77.     To the extent the allegations contained in paragraph 77 relate to the dismissed American CPA Claims, no response is required. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents and deny any inconsistent allegations contained in paragraph 77.

78.     In response to the allegations contained in paragraph 78, the Underwriter Defendants incorporate by reference their responses to paragraph 77. To the extent the allegations contained in paragraph 78 relate to the dismissed American CPA claims or consist of legal conclusions, no response is required or appropriate. To the extent a response is required, other than statements that are accurately quoted, Underwriter Defendants deny the allegations.

**The Registration Statement Failed to Disclose and Misrepresented Significant Facts That Made the Offering More Speculative and Risky**

79.     To the extent the allegations contained in paragraph 79 consist of legal conclusions, no response is required or appropriate. To the extent a response is

required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

80. The Underwriter Defendants deny the allegations contained in paragraph 80, except they respectfully refer the Court to the Registration Statement referenced therein for a complete and accurate statement of its contents.

81. The Underwriter Defendants deny the allegations contained in paragraph 81, except they respectfully refer the Court to the Registration Statement referenced therein for a complete and accurate statement of its contents.

82. To the extent the allegations contained in paragraph 82 relate to the dismissed Outsourced Maintenance Claims, no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to the Registration Statement referenced therein for a complete and accurate statement of its contents.

83. To the extent the allegations contained in paragraph 83 relate to the dismissed Outsourced Maintenance Claims, no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to the Registration Statement referenced therein for a complete and accurate statement of its contents.

84. To the extent the allegations contained in paragraph 84 relate to the dismissed Outsourced Maintenance Claims, no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations, except they

respectfully refer the Court to the Registration Statement referenced therein for a complete and accurate statement of its contents.

85.    In response to paragraph 85, the Underwriter Defendants incorporate by reference their responses to paragraphs 79-84.  To the extent the allegations relate to the dismissed Spares Claims, the dismissed Operational Performance Claims, or the dismissed Section 12 Claims or contain legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to the Registration Statement referenced therein and the transcript of the earnings conference calls referenced and quoted therein for a complete and accurate statement of their contents.

86.    To the extent the allegations contained in paragraph 86 relate to the dismissed Spares Claims, the dismissed Operational Performance Claims, or the dismissed Section 12 Claims or consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations to the extent they suggest a material misstatement in or omission from the Registration Statement.

**Additional Facts Demonstrating that the Registration Statement Was False and Misleading at the Time of the IPO**

87.    To the extent the allegations contained in paragraph 87 relate to the dismissed Spares Claims, the dismissed Operational Performance Claims, the dismissed Section 12 Claims, or any other Dismissed Claims, no response is required.  To the extent

a response is required, the Underwriter Defendants deny the allegations to the extent the allegations suggest that the Registration Statement was false or misleading.

88. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 88, except they respectfully refer the Court to the Cowen analyst report referenced and quoted therein for a complete and accurate statement of its contents.

89. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 89, except they respectfully refer the Court to the Raymond James analyst report referenced and quoted therein for a complete and accurate statement of its contents.

90. To the extent the allegations contained in paragraph 90 relate to the dismissed Spares Claims, no response is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except they respectfully refer the Court to the Cowen and Raymond James analyst reports referenced therein for a complete and accurate statement of their contents.

91. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 91.

92. To the extent the allegations contained in paragraph 92 relate to the dismissed American CPA Claims, no response is required. To the extent a response is

required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 92.

93.    To the extent the allegations in paragraph 93 relate to the dismissed American CPA Claims, no response is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 93, except they respectfully refer the Court to the Raymond James analyst report referenced therein for a complete and accurate statement of its contents.

94.    To the extent the allegations contained in paragraph 94 relate to the dismissed American CPA Claims or any of the other Dismissed Claims, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations to extent the allegations suggest that the Registration Statement was false or misleading and otherwise respectfully refer the Court to the transcript of the earnings conference call referenced and quoted therein.

95.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 95, except they respectfully refer the Court to the public filings referenced and quoted therein.

96.    To the extent the allegations contained in paragraph 96 relate to claims that are not directed to the Underwriter Defendants, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the public filing referenced therein

for a complete and accurate statement of its contents and deny any inconsistent allegations contained therein.

97.     To the extent the allegations contained in paragraph 97 relate to claims that are not directed to the Underwriter Defendants or the dismissed American CPA Claims or the dismissed Spares Claims, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations, expect they respectfully refer the Court to the transcript of the earnings conference call referenced therein for a complete and accurate statement of its contents.

98.     To the extent the allegations contained in paragraph 98 relate to claims that are not directed to the Underwriter Defendants or to the dismissed American CPA Claims, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to the transcript of the earnings conference call referenced therein for a complete and accurate statement of its contents.

99.     To the extent the allegations contained in paragraph 99 relate to claims that are not directed to the Underwriter Defendants, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to the transcript of the earnings conference call referenced therein for a complete and accurate statement of its contents.

100.     To the extent the allegations contained in paragraph 100 relate to claims that are not directed to the Underwriter Defendants, the Underwriter Defendants

are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to the transcript of the earnings conference call referenced therein for a complete and accurate statement of its contents.

101.    To the extent the allegations contained in paragraph 101 relate to claims that are not directed to the Underwriter Defendants, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to the public filing refenced therein for a complete and accurate statement of its contents.

102.    To the extent the allegations contained in paragraph 102 relate to claims that are not directed to the Underwriter Defendants or relate to the dismissed American CPA Claims, the dismissed Outsourced Maintenance Claims, or any of the other Dismissed Claims, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to the transcript of the earnings conference call referenced therein for a complete and accurate statement of its contents.

103.    To the extent the allegations contained in paragraph 103 relate to claims that are not directed to the Underwriter Defendants or relate to the dismissed American CPA claims or any of the other Dismissed Claims, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to

the transcript of the earnings conference call referenced therein for a complete and accurate statement of its contents.

104.    To the extent the allegations contained in paragraph 104 relate to claims that are not directed to the Underwriter Defendants or relate to the dismissed Spares Claims, the dismissed American CPA Claims, or any of the other Dismissed Claims, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations to the extent the allegations suggest that the Registration Statement was false or misleading.

105.    To the extent the allegations contained in paragraph 105 relate to claims that are not directed to the Underwriter Defendants or relate to the dismissed American CPA claims, the dismissed Spares Claims, or any of the other Dismissed Claims, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to the transcript of the earnings conference call referenced therein for a complete and accurate statement of its contents.

106.    To the extent the allegations contained in paragraph 106 relate to claims that are not directed to the Underwriter Defendants or relate to the Dismissed Spares Claims, the dismissed American CPA Claims, or any of the other Dismissed Claims, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to the transcript of the earnings conference call referenced therein for a complete and accurate statement of its contents.

107.    To the extent the allegations contained in paragraph 107 relate to claims that are not directed to the Underwriter Defendants or relate to the Dismissed Spares Claims, the dismissed American CPA Claims, or any of the other Dismissed Claims, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to the transcript of the earnings conference call referenced therein for a complete and accurate statement of its contents.

108.    To the extent the allegations contained in paragraph 108 relate to claims that are not directed to the Underwriter Defendants or relate to the dismissed Spares Claims, the dismissed American CPA Claims, the dismissed Operational Performance Claims, or any of the other Dismissed Claims, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to the transcript of the earnings conference call referenced therein for a complete and accurate statement of its contents.

109.    To the extent the allegations contained in paragraph 109 relate to claims that are not directed to the Underwriter Defendants or relate to the dismissed Spares Claims, the dismissed American CPA Claims, the dismissed Operational Performance Claims, or any of the other Dismissed Claims, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to

the transcript of the earnings conference call referenced therein for a complete and accurate statement of its contents.

110.    To the extent the allegations contained in paragraph 110 relate to claims that are not directed to the Underwriter Defendants or relate to the dismissed Spares Claims, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to the transcript of the earnings conference call referenced therein for a complete and accurate statement of its contents.

111.    To the extent the allegations contained in paragraph 111 relate to the dismissed Spares Claims or any of the other Dismissed Claims or consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to publicly reported market services for the trading price of Mesa's stock.

**Former Inside Employees at Mesa Were Aware of the Problems That Were Not Disclosed in the IPO**

112.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 112 and, separately, insofar as these allegations are based on unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established.

113.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in

paragraph 113 and, separately, insofar as these allegations are based on unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established.

114. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 114, and, separately, insofar as these allegations are based on unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established.

115. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 115 and, separately, insofar as these allegations are based on unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established.

116. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 116 and, separately, insofar as these allegations are based on unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established.

117. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 117 and, separately, insofar as these allegations are based on unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established.

118. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 118 and, and, separately, insofar as these allegations are based on unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established.

119. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 119 and, and, separately, insofar as these allegations are based on unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established.

120. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 120, and, separately, insofar as these allegations are based on unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established.

## LEAD PLAINTIFF'S CLASS ACTION ALLEGATIONS

121. Paragraph 121 does not contain factual allegations and no response is required.

122. The Underwriter Defendants deny that this case is appropriate for class-action treatment. To the extent the allegations contained in paragraph 122 relate to the dismissed Spares Claims or any of the other Dismissed Claims, no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 122.

123. The Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations contained in paragraph 123.

124. The Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations contained in paragraph 124.

125. The Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations contained in paragraph 125.

126.   The Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations contained in paragraph 126.

127.   The Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations contained in paragraph 127.

**COUNT I**

**Violations of Section 11 of the Securities Act Against All Defendants**

128.   The Underwriter Defendants repeat and reallege each and every response set forth in paragraphs 1-127 as fully set forth herein.

129.   The Underwriter Defendants aver that no such claims can be asserted with respect to the Dismissed Claims.  To the extent the allegations contained in paragraph 129 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they admit that Lead Plaintiff purports to bring the claim described therein.

130.   To the extent the allegations contained in paragraph 130 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they admit that Lead Plaintiff purports to bring the claim on the bases alleged.

131.   To the extent the allegations contained in paragraph 131 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations.

132.   To the extent the allegations contained in paragraph 132 are not directed at the Underwriter Defendants or consist of legal conclusions, no response is

required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations.

133.    To the extent the allegations contained in paragraph 133 are not directed at the Underwriter Defendants or consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations.

134.    To the extent the allegations contained in paragraph 134 are not directed at the Underwriter Defendants or consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations.

135.    To the extent the allegations contained in paragraph 135 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 135.

136.    To the extent the allegations contained in paragraph 136 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations.

137.    The Underwriter Defendants aver that the Court dismissed the American CPA and Operational Performance Claims as untimely.  To the extent the allegations contained in paragraph 137 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations.

## COUNT II

### Violations of Section 12(a)(2) of the Securities Act Against All Defendants

138-144.    To the extent the allegations contained in paragraph 138-144 relate to the Dismissed Claims, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations.

## COUNT III

### Violations of Section 15 of the Securities Act Against All Individual Defendants

145-150.    The allegations contained in paragraphs 145–150 are not directed at the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations.

## PRAYER FOR RELIEF

The Underwriter Defendants deny that Lead Plaintiff or members of the putative class are entitled to the requested relief, or any relief, against the Underwriter Defendants and the Underwriter Defendants request that the Court dismiss all claims against them with prejudice, enter judgment in their favor and against Lead Plaintiff, award them attorneys' fees, costs and expenses, and order such further relief as the Court deems just and proper.  The Underwriter Defendants also aver that rescissory damages are only available pursuant to Section 12 claims or Section 15 claims predicated on Section 12 claims, and that such claims have been dismissed by the Court.

**JURY DEMAND**

The Underwriter Defendants deny the allegations in the jury demand, except they admit that Lead Plaintiff purports to demand a jury trial.

**DEFENSES**

The Underwriter Defendants state the following defenses and reserve their right to assert other and additional defenses, crossclaims and third-party claims not asserted herein of which they become aware through discovery or other investigation as may be appropriate at a later time.  In asserting these defenses, the Underwriter Defendants do not assume any burden of proof, persuasion or production with respect to any issue where the applicable law places the burden upon Lead Plaintiff and members of the putative class.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The Underwriter Defendants are not liable to Lead Plaintiff and members of the putative class because they did not make any material misstatements or material omissions, the Registration Statement bespoke caution about the risks of investing in Mesa and the Underwriter Defendants are not responsible in law or fact for any material misstatement or material omissions by others.

**THIRD DEFENSE**

The Underwriter Defendants are not liable to Lead Plaintiff and members of the putative class because they had no duty to disclose any facts allegedly not disclosed.

**FOURTH DEFENSE**

The Underwriter Defendants are not liable to Lead Plaintiff and members of the putative class because any alleged misrepresentations or omissions for which the Underwriter Defendants are allegedly responsible were not material.

**FIFTH DEFENSE**

The Underwriter Defendants are not liable to Lead Plaintiff and members of the putative class because the substance of any information that was allegedly misrepresented in and/or omitted from the Registration Statement was, in fact, represented accurately and/or disclosed.

**SIXTH DEFENSE**

The Underwriter Defendants are not liable to Lead Plaintiff and members of the putative class because:  (i) the Registration Statement did not fail to state any trend, event or uncertainty under Item 303 of Regulation S-K; (ii) even if there was a trend, event or uncertainty, it was not known to the Mesa Defendants at the time of the IPO; and (iii) even if there was a trend, event or uncertainty that was known to the Mesa Defendants at the time of the IPO, the Mesa Defendants could not reasonably expect that such known trend, event or uncertainty would have a material impact on Mesa's net sales or revenues or income from continuing operations.

**SEVENTH DEFENSE**

Any allegedly material information allegedly omitted from the Registration Statement was already disclosed and/or publicly known.

**EIGHTH DEFENSE**

Lead Plaintiff and members of the putative class lack standing to maintain some or all of their claims under Section 11 of the Securities Act, to the extent Lead Plaintiff and members of the putative class did not purchase stock in or traceable to the IPO, and (as already held by the Court) under Section 12 of the Securities Act.

**NINTH DEFENSE**

The Underwriter Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.

**TENTH DEFENSE**

The Underwriter Defendants are not liable to Lead Plaintiff and members of the putative class because they had, after reasonable and diligent investigation, reasonable grounds to believe, and did believe, at the time the offering materials became effective, that the statements in the Registration Statement were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

**ELEVENTH DEFENSE**

The Underwriter Defendants are not liable to Lead Plaintiff and members of the putative class to the extent that the acts or omissions alleged in the Complaint relate to portions of the Registration Statement reviewed by experts retained to assist in preparing such documents, including, but not limited to, independent auditors, tax specialists and legal counsel, as to which the Underwriter Defendants had no reasonable grounds to

believe, and did not believe, that any statements contained therein were misleading, including, without limitation that the Underwriter Defendants were entitled to rely, and did rely reasonably and in good faith, upon the written opinion of issuer's counsel and other representations and opinions provided to the Underwriter Defendants in connection with the Registration Statement and Prospectus that, subject to the conditions stated therein, the Registration Statement did not violate Section 11 of the Securities Act.

### TWELFTH DEFENSE

The Underwriter Defendants are not liable to Lead Plaintiff and members of the putative class for any damages to the extent such damages, if any, resulted from the intervening and superseding act of a third party.

### THIRTEENTH DEFENSE

The Underwriter Defendants are not liable to Lead Plaintiff and members of the putative class for any damages to the extent Lead Plaintiff and members of the putative class have incurred no legally cognizable injury or damages.

### FOURTEENTH DEFENSE

Lead Plaintiff and members of the putative class' claims against the Underwriter Defendants are barred in whole, or in part, because the depreciation in the market price of the Mesa stock resulted from factors other than the purported misstatements or omissions alleged in the Complaint.

### FIFTEENTH DEFENSE

Lead Plaintiff and members of the putative class' claims against the Underwriter Defendants are barred in whole, or in part, to the extent the alleged damages or other

injuries were caused solely by the acts or omissions of the Lead Plaintiff and members of the putative class or others over which the Underwriter Defendants had no control.

## SIXTEENTH DEFENSE

The Underwriter Defendants are not liable to Lead Plaintiff and members of the putative class for any damages to the extent such damages, if any, are due to the negligence, or other acts or omissions, of persons or entities other than the Underwriter Defendants; however, in the event that a finding is made that negligence exists on the part of the Underwriter Defendants, which proximately contributed to Lead Plaintiff and members of the putative class' damages alleged in the Complaint, the Underwriter Defendants' liability, if any, should be reduced, at least, by an amount proportionate to the amount by which the comparative negligence, or other acts or omissions, of such other person or entities contributed to the happening of the incident and alleged damages upon which Lead Plaintiff and members of the putative class seek recovery.

## SEVENTEENTH DEFENSE

The Underwriter Defendants are not liable to Lead Plaintiff and members of the putative class to the extent their claims against the Underwriter Defendants are barred in whole, or in part, by laches, equitable estoppel, waiver or other related equitable doctrine.

## EIGHTEENTH DEFENSE

The Underwriter Defendants are not liable to Lead Plaintiff and members of the putative class to the extent their claims against the Underwriter Defendants are barred in whole, or in part, because of Lead Plaintiff and members of the putative class' inequitable conduct and unclean hands.

**NINETEENTH DEFENSE**

The Underwriter Defendants are not liable to Lead Plaintiff and members of the putative class in connection with any purchase of securities offered in the IPO that (i) were not offered in the United States pursuant to the Registration Statement and Prospectus or (ii) were not sold or purchased in the United States.

**TWENTIETH DEFENSE**

Lead Plaintiff and members of the putative class' claims are not properly maintainable as a class action.

**TWENTY-FIRST DEFENSE**

To the extent Lead Plaintiff and members of the putative class purport to request injunctive relief, any such claim is barred because Lead Plaintiff and members of the putative class have an adequate remedy at law.

**TWENTY-SECOND DEFENSE**

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was omitted, and if the Lead Plaintiff or any members of the putative class were aware of that statement or omission, then such Lead Plaintiff and members of the putative class cannot prevail.

**TWENTY-THIRD DEFENSE**

Lead Plaintiff and members of the putative class are not entitled to recover attorneys' fees, experts' fees or other costs and disbursements.

**TWENTY-FOURTH DEFENSE**

Lead Plaintiff and members of the putative class' claims are barred in whole, or in part, against Underwriter Defendants as to which this Court lacks general or specific personal jurisdiction.

**TWENTY-FIFTH DEFENSE**

Lead Plaintiff and members of the putative class' claims against the Underwriter Defendants are barred by the one-year statute of limitations under Section 13 of the Securities Act.

**TWENTY-SIXTH DEFENSE**

Lead Plaintiff and members of the putative class are not entitled to any recovery under the Securities Act from the Underwriter Defendants because the Underwriter Defendants did not know, and in the exercise of reasonable care, could not have known, of the alleged misstatements or omissions of fact in the offering materials.

**TWENTY-SEVENTH DEFENSE**

The Underwriter Defendants are entitled to recover contribution from others for any liability they incur as a result of any of the alleged misrepresentations, omissions and conduct alleged in the Securities Act claims against the Underwriter Defendants.

**TWENTY-EIGHTH DEFENSE**

None of the Underwriter Defendants are liable under Section 11 of the Securities Act for damages in excess of the total price at which the specific offered securities underwritten and distributed by such underwriter to the public were offered to the public.

**TWENTY-NINTH DEFENSE**

Lead Plaintiff's and members of the putative class' claims are barred in whole, or in part, because certain of the challenged statements contain expressions of opinion that Lead Plaintiff has not alleged, and cannot prove, either were not honestly held or contained embedded statements of false, material facts.

**THIRTIETH DEFENSE**

Lead Plaintiff and members of the putative class' claims are barred in whole, or in part, because the Registration Statement complied with applicable statutes, rules and regulations of the SEC and any other statutes, rules or regulations in effect at the time of the conduct alleged in the Complaint.

**THIRTY-FIRST DEFENSE**

Lead Plaintiff and members of the putative class' claims are barred in whole, or in part, because Lead Plaintiff assumed the risks disclosed in the Registration Statement associated with the securities in question and any alleged losses were caused by those risks coming to fruition.

**THIRTY-SECOND DEFENSE**

Lead Plaintiff and members of the putative class' claims are barred in whole, or in part, to the extent they seek damages "which exceed the price at which the security was offered to the public." 15 U.S.C. § 77k(g).

-44-

## THIRTY-THIRD DEFENSE

Lead Plaintiff and members of the putative class' claims are barred in whole, or in part, to the extent that they held, disposed of or could have disposed of the securities at a price in excess of the offering price.

## THIRTY-FOURTH DEFENSE

Without admitting that Lead Plaintiff or members of the putative class suffered damages in any amount, or that any defendants are or should be liable for any such damages, to the extent that Lead Plaintiff failed to mitigate, minimize or avoid any loss or damage referred to in the Complaint, any recovery against the Underwriter Defendants must be reduced by that amount or eliminated.

## THIRTY-FIFTH DEFENSE

The Underwriter Defendants reserve all separate or affirmative defenses or rights that they may have against the putative class and its members.  It is not necessary at this time for the Underwriter Defendants to delineate such defenses because no class has been certified and the putative class members are not parties to the litigation.

## THIRTY-SIXTH DEFENSE

The Underwriter Defendants reserve the right to raise any additional defenses, crossclaims and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.  The Underwriter Defendants adopt and incorporate any and all separate defenses asserted by other defendants in this action, to the extent that such defenses are applicable to the Underwriter Defendants.

Dated: September 15, 2021

Respectfully submitted,

/s/ *John C. Gray*
John C. Gray
Edwin A. Barkel
Michael C. Brown
LEWIS ROCA ROTHGERBER
CHRISTIE LLP

Adam S. Hakki
Agnès Dunogué
SHEARMAN & STERLING LLP

*Counsel for Defendants*
*Raymond James & Associates, Inc.;*
*Merrill Lynch, Pierce, Fenner & Smith*
*Incorporated; Cowen and Company,*
*LLC; Stifel, Nicolaus & Company,*
*Incorporated; and Imperial Capital, LLC*