IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

David G. Lowthorp,

        Plaintiff,

        v.

Mesa Air Group, Inc., *et al.*,

        Defendants.

No. CV-20-00648-PHX-MTL

**[PROPOSED] ORDER**

WHEREAS, on April 1, 2020, Plaintiff David Lowthorp filed a putative class action complaint (the "Complaint") alleging violations of Sections 11, 12(a)(2), and/or 15 of the Securities Act of 1933 ("Securities Act") against Defendants Mesa Air Group, Inc. ("Mesa" or "the Company"), Jonathan G. Ornstein, Michael J. Lotz, Daniel J. Altobello, Ellen N. Artist, Mitchell Gordon, Dana J. Lockhart, G. Grant Lyon, Giacomo Picco, Harvey Schiller, and Don Skiados (collectively with Mesa, the "Mesa Defendants"), and Raymond James & Associates, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Cowen and Company, LLC, Stifel, Nicolaus & Company, Incorporated, and Imperial Capital, LLC (collectively, the "Underwriter Defendants," and together with the Mesa Defendants, "Defendants"),;

WHEREAS, on June 22, 2020, the Court appointed DeKalb County Pension Fund as Lead Plaintiff;

WHEREAS, on August 17, 2020, Lead Plaintiff filed an Amended Class Action Complaint;

WHEREAS, on October 1, 2020, the Mesa Defendants filed a Motion to Dismiss the Amended Complaint, which the Underwriter Defendants joined;

WHEREAS, on July 22, 2021, the Court granted in part and denied in part the Mesa Defendants' Motion to Dismiss;

WHEREAS, on September 3, 2021, the Mesa Defendants filed their Answer to the Amended Class Action Complaint, and on September 15, 2021, the Underwriter Defendants filed their Answer to the Amended Class Action Complaint;

WHEREAS, in its Rule 16 Scheduling Order dated October 15, 2021, the Court ordered that Lead Plaintiff file its motion for class certification by January 4, 2022;

WHEREAS, to avoid unnecessary motion practice, Lead Plaintiff and Defendants have conferred and reached an agreement to stipulate to the certification of a class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on the terms set forth below;

WHEREAS, Lead Plaintiff asserts, and pursuant to the parties' stipulation, Defendants do not contest, the following:

a) Mesa offered approximately 11 million shares of common stock in its initial public offering in August 2018 (the "IPO"), and accordingly joinder of all members is impracticable;

b) Numerous questions of law or fact are common to members of the class, such as whether the offering documents for the IPO contained material misstatements or misleading omissions;

c) Lead Plaintiff's claims are typical of the claims of the class because Lead Plaintiff seeks to recover alleged damages in connection with the same alleged misstatements and omissions that purportedly damages all class members;

d) Lead Plaintiff will fairly and adequately represent the interest of the class because their interests are not antagonistic to those of other class members and Lead Plaintiff's attorneys are qualified, experienced and generally able to conduct the litigation;

e) Common questions predominate because the factual and legal questions presented by Lead Plaintiff's claims are common to all class members; and

f) Class action treatment is superior to other methods of adjudication because it would be costly and inefficient to litigate the class members' claims via numerous individual actions.

Whereas, the parties, by and through their undersigned counsel, have filed a stipulation stipulating to the following terms, and the Court has undertaken an analysis and determined that the requirements under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure are met, it is hereby Ordered that:

1. This action is certified to proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and shall consist of a "Class" of all individuals and entities that purchased or otherwise acquired Mesa's securities pursuant and/or traceable

to the Company's initial public offering commenced on or around August 9, 2018, and were damaged thereby.

2.    Excluded from the Class are the Company, its officers and directors, employees, affiliates, legal representatives, heirs, predecessors, successors and assigns, and any entity in which the Company has a controlling interest or of which the Company is a parent or subsidiary, and the Underwriter Defendants.

3.    Lead Plaintiff DeKalb County Pension Fund is hereby designated as the Class representative.

4.    Faruqi & Faruqi, LLC is appointed as Lead Counsel for the Class and The DeConcini Firm is appointed as Liaison Counsel for the Class pursuant to Rule 23(g).

5.    The parties reserve all rights and arguments that the parties may make in connection with this action – other than that the requirements of Rule 23 have been met – including without limitation all arguments about negative causation, due diligence, and whether any class member suffered damages.  Without limiting the prior sentence and for the avoidance of doubt, this Stipulation is without prejudice to: (a) the right of any party to bring an appropriate motion at a later time to seek to alter or amend the Order certifying the class, if entered, including to decertify, limit, extend, or otherwise modify or redefine the Class, including without limitation (i) to exclude purchasers who sold all of their Mesa securities prior to the alleged correct disclosure dated May 10, 2019, and/or (ii) based on arguments relating to *Pirani v. Slack Technologies, Inc.*, 445 F. Supp. 3d 367 (N.D. Cal. 2020), *aff'd*, 13 F.4th 940 (9th Cir. 2021), *Order for Response to En Banc Petition*, No. 20-16419, 2021 U.S. App. LEXIS 35193 (9th Cir. Nov. 29, 2021).

6.    Within forty-five (45) days of entry of this Order, Lead Counsel, after meeting and conferring with counsel for Defendants, shall submit to the Court for its review a proposed form of notice and a proposed schedule for disseminating notice to the Class.

**IT IS SO ORDERED.**

-4-