**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
NINA F. LOCKER (*pro hac vice*)
nlocker@wsgr.com
LAURIE B. SMILAN (*pro hac vice*)
lsmilan@wsgr.com
CHARLES A. TALPAS (*pro hac vice*)
ctalpas@wsgr.com
DOUGLAS W. MCMANAWAY (*pro hac vice*)
dmcmanaway@wsgr.com
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300

**SACKS, RICKETTS & CASE LLP**
CYNTHIA A. RICKETTS (AZ 012668)
cricketts@srclaw.com
2800 N. Central Avenue, Suite 1920
Phoenix, Arizona 85004
Telephone: (602) 385-3370

*Attorneys for Defendants Mesa Air Group, Inc., Jonathan G. Ornstein, Michael J. Lotz, Daniel J. Altobello, Ellen N. Artist, Mitchell Gordon, Dana J. Lockhart, G. Grant Lyon, Giacomo Picco, Harvey Schiller and Don Skiados*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David G. Lowthorp, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Mesa Air Group, Incorporated, *et al.*,<br><br>Defendants. | Case No. 2:20-cv-00648-MTL<br><br>**DECLARATION OF CHARLES A. TALPAS IN SUPPORT OF MESA DEFENDANTS' REPLY IN SUPPORT OF MESA DEFENDANTS' MOTION FOR LEAVE TO FILE EARLY MOTION FOR SUMMARY JUDGMENT** |

I, Charles A. Talpas, declare as follows:

1.    I am an attorney with Wilson Sonsini Goodrich & Rosati, P.C. and am admitted to practice law *pro hac vice* before this Court.  I am counsel for Defendants Mesa Air Group, Inc. ("Mesa"), Jonathan G. Ornstein, Michael J. Lotz, Daniel J. Altobello, Ellen N. Artist, Mitchell Gordon, Dana J. Lockhart, G. Grant Lyon, Giacomo Picco, Harvey Schiller, and Don Skiados (the "Individual Defendants") (collectively, the "Mesa Defendants"), in the above-captioned action.

2.    The following statements are true to the best of my knowledge, information and belief.  If called upon to testify, I could and would testify competently thereto.

3.    On August 23, 2021, the Parties held a conference as required by Fed. R. Civ. Proc. 26(f), and after further discussions, filed a Joint Proposed Rule 16 Scheduling Report with the Court on August 30, 2021.

4.    On October 18, 2021, Lead Plaintiff DeKalb County Pension Fund ("Plaintiff") served its First Set of Requests for Production of Documents and First Set of Interrogatories to Mesa, and on October 19, 2021, Plaintiff served its First Set of Requests for Production of Documents and First Set of Interrogatories to the Individual Defendants.

5.    On November 24, 2021, Mesa served its Responses and Objections to Plaintiff's propounded discovery and produced certain documents, and on December 24, 2021, the Individual Defendants served their responses and objections to Plaintiff's propounded discovery.  In their Responses and Objections, Mesa and the Individual Defendants offered to meet and confer regarding Plaintiff's requests and interrogatories.

6.    On October 26, 2021, Mesa served its First Set of Interrogatories to Plaintiff, along with its First Set of Requests for Production of Documents to Plaintiff.  Attached hereto as Exhibit C is a true and correct copy of Mesa's First Set of Interrogatories to Plaintiff.

7.    Mesa's Interrogatory Nos. 3 and 4 requested Plaintiff to identify the challenged statements in the Registration Statement for which Plaintiff intends to seek damages on behalf of the class (Interrogatory No. 3) and to identify when corrective

information was revealed to the market regarding those challenged statements (Interrogatory No. 4).  *See* Ex. C.

8.    On December 3, 2021, Plaintiff served its Responses and Objections to Mesa's First Set of Interrogatories.  Attached hereto as Exhibit D is a true and correct copy of Plaintiff's Responses and Objections to Mesa's First Set of Interrogatories.

9.    On December 14, 2021, Mesa sent a letter to Plaintiff regarding its Responses and Objections to Mesa's First Set of Interrogatories, requesting to meet and confer regarding the inadequacy of Plaintiff's responses, including to Mesa's Interrogatory Nos. 3 and 4.  Attached hereto as Exhibit E is a true and correct copy of the December 14, 2021 letter to Plaintiff regarding its inadequate Responses and Objections.

10.    As explained in the letter, Plaintiff's Responses and Objections to Mesa's Interrogatory Nos. 3 and 4 were inadequate because Plaintiff's objections were contrary to law and its responses merely cited to large portions of its Amended Complaint in a manner that failed to direct Defendants to the particular allegations that were responsive to the Interrogatories.  *See* Ex. E at 2.

11.    On December 16, 2021, Mesa and Plaintiff met and conferred telephonically regarding Plaintiff's Responses and Objections to Mesa's First Set of Interrogatories and the arguments contained in Mesa's December 14, 2021 letter.  Following the meet and confer call, Plaintiff sent a letter on December 22, 2021, confirming that it would supplement its Responses to Mesa's Interrogatory Nos. 1, 3 and 4.  Attached hereto as Exhibit F is a true and correct copy of Plaintiff's December 22, 2021 letter to Mesa.

12.    As of January 21, 2022, Plaintiff still had not served supplemental responses to Mesa's Interrogatory Nos. 1, 3 and 4.  Accordingly, Mesa sent a letter to Plaintiff on January 21, 2022, which reminded Plaintiff of its prior commitment to serve supplemental responses to Mesa's Interrogatory Nos. 1, 3 and 4.  Attached hereto as Exhibit G is a true and correct copy of Mesa's January 21, 2022 letter to Plaintiff.

13.    On January 24, 2022, counsel for Plaintiff responded to Mesa's letter via email.  Attached hereto as Exhibit H is a true and correct copy of an email from Robert W.

Killorin, counsel for Plaintiff, dated January 24, 2022.  In the email, counsel for Plaintiff wrote that Plaintiff would provide supplemental responses to Mesa by January 26, 2022. *See* Ex. H.

14.     On January 26, 2022, Plaintiff served its First Supplemental Responses and Objections to Mesa's First Set of Interrogatories, which supplemented Plaintiff's responses to Interrogatory Nos. 1-3.  Plaintiff did not serve a Supplemental Response to Interrogatory No. 4, as it previously stated it would.  Attached hereto as Exhibit I is a true and correct copy of Plaintiff's First Supplemental Responses and Objections to Mesa's First Set of Interrogatories.  As of February 1, 2022, Plaintiff has not served any supplemental response to Interrogatory No. 4.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief. Executed February 1, 2022 in Palo Alto, California.

 */s/ Charles A. Talpas*
Charles A. Talpas