# EXHIBIT C

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
NINA F. LOCKER (*pro hac vice*)
nlocker@wsgr.com
CHARLES A. TALPAS (*pro hac vice*)
ctalpas@wsgr.com
DOUGLAS W. MCMANAWAY (*pro hac vice*)
dmcmanaway@wsgr.com
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
LAURIE B. SMILAN (*pro hac vice*)
lsmilan@wsgr.com
1700 K Street NW, 5th Floor
Washington, D.C. 20006
Telephone: (202) 973-8800

**SACKS, RICKETTS & CASE LLP**
CYNTHIA A. RICKETTS (AZ 012668)
cricketts@srclaw.com
2800 N. Central Avenue, Suite 1920
Phoenix, Arizona 85004
Telephone: (602) 385-3370

*Attorneys for Defendants Mesa Air Group, Inc.,*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID G. LOWTHROP, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MESA AIR GROUP, INC., *et al.*,<br><br>　　　　　Defendants. | Case No. 2:20-cv-00648-MTL<br><br>**DEFENDANT MESA AIR GROUP, INC.'S FIRST SET OF INTERROGATORIES TO LEAD PLAINTIFF DEKALB COUNTY PENSION FUND** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, defendant Mesa Air Group, Inc. ("Mesa") hereby requests that Lead Plaintiff DeKalb County Pension Fund ("Lead Plaintiff") provides written responses under oath to the following Interrogatories within thirty (30) days of service.

**DEFINITIONS**

As used herein, the following terms have the meanings indicated below:

1. References to "all" shall be understood to mean every, including each component of a whole.

2. References to "and" and/or "or" when used herein shall be construed conjunctively or disjunctively as necessary to make the interrogatory inclusive rather than exclusive.

3. References to "any" shall be understood to include and encompass all.

4. "COMPLAINT" means Lead Plaintiff's Amended Class Action Complaint for Violations of the Federal Securities Laws in the above-captioned action, Dkt. 52.

5. "COUNSEL" means any attorney offering YOU advice or other services in the above-captioned action, including, but not limited to, the law firm of and any partner, associate, counsel, special counsel, paralegal, contractor, consultant, investigator, or employee of Faruqi & Faruqi, LLP or DeConcini McDonald Yetwin & Lacy, P.C., or any of their predecessor firms.

6. "DESCRIBE" means to state with particularity the facts and circumstances that relate to the subject matter of the interrogatory.

7. "DOCUMENTS" means, without limitation, any record or communication, whether originals or copies, all printed, written, electronic, recorded, or graphic material, photographic, pictorial, film, tape, disc, file, printout, or any other type of material intended for visual or oral communication, however produced or reproduced, of every kind and description, in the possession, custody, care, or control of Plaintiffs or Plaintiffs' past or present agents and attorneys, including, without limitation, correspondence, memoranda, notes, e-mails, photographs, films, computer discs, or printouts or recordings of events,

audio and video tapes, any form of recording of telephone conversations, messages, or meetings, appointment books or diaries showing dates of events, telephone conversations or meetings, agreements, invoices, charge slips, receipts, books of account, vouchers, bank checks, working papers, or summaries of the above, any copies or reproductions of any of the above, in whole or in part, which in any way differ from the originals, and all papers similar to the foregoing, however denominated.  In addition, any comment, notation, or marking appearing on any document, not a part of the original, is to be considered a separate document.  Any draft, preliminary form, or superseded version of any document is also to be considered a separate document.

8.    "IDENTIFY" when referring to an individual or entity shall mean the name, physical address, phone number, and email address of said individual or entity.

9.    "LAWSUIT" means the above-captioned action.

10.    "LEAD PLAINTIFF" means DeKalb County Pension Fund, the Lead Plaintiff in this lawsuit.

11.    "MESA" refers to Defendant Mesa Air Group, Inc.

12.    "PERSON" means any individual, natural person, firm, association, organization, partnership, joint venture, business, trust, corporation, or public entity.

13.    "REGISTRATION STATEMENT" refers to, collectively, the Registration Statement that was filed by Mesa on July 13, 2018, all amendments thereto, and the Prospectus filed on Form 424B4 on August 10, 2018, as well as all Preliminary Prospectuses and updates and supplements thereto, which were incorporated into and formed a part of the Registration Statement that became effective on August 9, 2018, as described in footnote 2 of paragraph 1 of the COMPLAINT.

14.    "YOU" or "YOUR" refer to LEAD PLAINTIFF and any other PERSON acting or purporting to act on its behalf, including but not limited to, its respective agents, representatives, employees, attorneys, brokers, accountants, and FINANCIAL ADVISORS.

15.    All references to the singular include the plural; and, all references to the

plural include the singular.

## INSTRUCTIONS

1.      Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objections shall be stated instead of an answer. The answers are to be signed by the LEAD PLAINTIFF making them, and the objections signed by the attorney making them.

2.      The response to each interrogatory shall, pursuant to Federal Rule of Civil Procedure 33(b)(1)(B), include all information available to the LEAD PLAINTIFF, including but not limited to knowledge in the possession, custody, or control of LEAD PLAINTIFF'S investigators, consultants, attorneys, or other agents.

3.      In the event YOUR answer to any interrogatory is "not applicable" or any similar phrase or response, please explain in detail why that interrogatory is not applicable. In the event that YOUR answer to any interrogatory is "unknown" or similar response, explain in detail who, if anyone, would know the answer to the interrogatory or where the answer to the interrogatory may be found.

4.      If you withhold any responsive information under a claim of privilege or upon any other ground, you must substantiate your claim of privilege by stating sufficient detail to permit defendants and the Court to ascertain the viability of your privilege claim, including which privilege is asserted, on whose behalf it is asserted, a statement of the facts upon which the claim is based, and confirmation that no waiver of the privilege occurred by sharing the information with third parties.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY Confidential Witness 1 ("CW 1") and Confidential Witness 2 ("CW 2") whose accounts are related in paragraphs 112 through 120 of the COMPLAINT.

**INTERROGATORY NO. 2:**

IDENTIFY any other current or former MESA employees with whom YOU or YOUR COUNSEL have discussed any DEFENDANT in this LAWSUIT or any matter

-4-

alleged in the COMPLAINT.

**INTERROGATORY NO. 3:**

IDENTIFY each allegedly false or misleading statement in the REGISTRATION STATEMENT for which LEAD PLAINTIFF intends to seek damages on behalf of the class.

**INTERROGATORY NO. 4:**

For each allegedly false or misleading statement identified in response to Interrogatory No. 3, IDENTIFY every date on which Plaintiff contends corrective information was revealed and specify the corrective information that was revealed on such date.

Dated: October 26, 2021                    WILSON SONSINI GOODRICH & ROSATI
                                           Professional Corporation


                                           By: */s/ Nina F. Locker*
                                               Nina F. Locker

                                           SACKS, RICKETTS & CASE LLP
                                           Cynthia A. Ricketts (Arizona Bar No. 012668)
                                           2800 N. Central Avenue, Suite 1910
                                           Phoenix, AZ 85004

                                           Attorneys for Defendant
                                           Mesa Air Group, Inc.