# EXHIBIT D

Gary F. Urman (AZ 11748)
gurman@dmyl.com
**DECONCINI MCDONALD YETWIN & LACY, P.C.**
2525 East Broadway, Suite 500
Tucson, Arizona 85716
Telephone:520-322-5000
Facsimile: 520-322-5585

*Attorneys for Lead Plaintiff DeKalb County
Pension Fund and Liaison Counsel for the Class*

Lubna Faruqi (*Admitted pro hac vice*)
Robert W. Killorin (*Admitted pro hac vice*)
James M. Wilson, Jr. (*Admitted pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: lfaruqi@faruqilaw.com
        rkillorin@faruqilaw.com
        jwilson@faruqilaw.com

*Attorneys for Lead Plaintiff DeKalb County
Pension Fund and Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| David G. Lowthorp, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br>V.<br><br>Mesa Air Group, Inc.; Jonathan G. Ornstein; Michael J. Lotz; Daniel J. Altobello; Ellen N. Artist; Mitchell Gordon; Dana J. Lockhart; G. Grant Lyon; Giacomo Picco; Harvey Schiller; Don Skiados; Raymond James & Associates, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Cowen and Company, LLC; Stifel, Nicolaus & Company, Incorporated; and Imperial Capital, LLC,<br><br>Defendants. | Case No. 2:20-cv-00648-MTL<br><br>**LEAD PLAINTIFF'S RESPONSES AND OBJECTIONS TO MESA AIR GROUP, INC.'S FIRST SET OF INTERROGATORIES**<br><br><u>CLASS ACTION</u><br><br>(DEMAND FOR JURY TRIAL) |

Pursuant to Federal Rules of Civil Procedure 26 and 33 of the Federal Rules of Civil Procedure, Lead Plaintiff DeKalb County Pension Fund ("Lead Plaintiff"), through its undersigned attorneys, hereby responds and objects (the "Responses and Objections") to the First Set of Interrogatories served by Defendant Mesa Air Group, Inc. ("Defendant"), dated October 26, 2021 (individually an "Interrogatory" and cumulatively, the "Interrogatories"), as follows:

## PRELIMINARY STATEMENT

1.      Lead Plaintiff's Responses to the Interrogatories are made without prejudice to Lead Plaintiff's rights to contend at any other stage of the proceedings that the Responses are irrelevant, inadmissible, or otherwise objectionable. No incidental or implied admissions are intended in these Responses, and the Responses below do not concede the relevance, materiality, or admissibility of any information sought. Lead Plaintiff's Responses to all or any part of an Interrogatory are not an admission that: (a) Lead Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by that Interrogatory; (b) Lead Plaintiff has in its possession, custody, or control any information responsive to that Interrogatory; or (c) Lead Plaintiff's Responses constitute admissible evidence that Lead Plaintiff's Response to all or any part of an Interrogatory does not waive all or any part of its Objection(s) to that Interrogatory.

2.      While Lead Plaintiff's investigative efforts have been substantial, Lead Plaintiff has not completed discovery of the facts relating to the action. The following Responses are based upon information known at this time. Lead Plaintiff reserves the right to revise, supplement, correct or clarify any of its Responses as necessary or appropriate.

## OBJECTIONS TO DEFINITIONS

1.      Lead Plaintiff objects to the Definitions set forth in the Interrogatories to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific Interrogatory.

1

2.      Lead Plaintiff objects to the Definitions to the extent that they purport to impose requirements, procedures, or obligations on Lead Plaintiff different than those agreed upon by the parties to this action in the Stipulated Protective Order dated November 16, 2021 governing the treatment of privileged, confidential, and highly confidential information.  ECF No. 107.

3.      Lead Plaintiff objects to the definition of "YOU" or "YOUR(S)" in ¶14 of the Interrogatories on the grounds that its inclusion of those "purporting to act on [Lead Plaintiff's] behalf" is vague, ambiguous, and disproportionate to the needs of the case in light of the factors set forth in Federal Rule of Civil Procedure 26(b)(1) because it requires Lead Plaintiff to know whether someone is "purporting to act" on its behalf. Lead Plaintiff also objects to this definition to the extent that it seeks information from third parties outside of Lead Plaintiff's possession, custody, or control. Lead Plaintiff also objects to this definition to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. For the purposes of these Responses, "YOU" or "YOUR(S)" refer only to Lead Plaintiff DeKalb and nonprivileged and nonprotected information within its possession, custody, or control.

## OBJECTIONS TO INSTRUCTIONS

1.      Lead Plaintiff objects to the Instructions to the extent that they purport to impose requirements, procedures, or obligations on Lead Plaintiff different than those agreed to by the parties to this action in the Stipulated Protective Order dated November 16, 2021 governing the treatment of privileged, confidential, and highly confidential information.  ECF No. 107.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**

IDENTIFY Confidential Witness 1 ("CW 1") and Confidential Witness 2 ("CW 2") whose accounts are related in paragraphs 112 through 120 of the COMPLAINT.

2

**RESPONSES AND OBJECTIONS TO INTERROGATORY NO. 1:**

Lead Plaintiff objects to this Interrogatory on the ground that it seeks information concerning Lead Plaintiff's and Lead Counsel's investigation into the claims alleged that is protected from disclosure by the work product doctrine or any other applicable privilege or protection.  Lead Plaintiff further objects to this Interrogatory on the grounds that discovery into Lead Plaintiff's and Lead Counsel's investigation is not relevant to any party's claim or defense.  Lead Plaintiff further objects to this Interrogatory on the ground that it contains multiple discrete subparts by seeking information concerning multiple persons.  Lead Plaintiff also objects to this Interrogatory as premature by seeking information identifying Confidential Witnesses at the commencement of discovery, as such information will be disclosed at the appropriate stage of the Action. *See* Fed. R. Civ. P. 26(a)(3).

**INTERROGATORY NO. 2:**

IDENTIFY any other current or former MESA employees with whom YOU or YOUR COUNSEL have discussed any DEFENDANT in this LAWSUIT or any matter alleged in the COMPLAINT.

**RESPONSES AND OBJECTIONS TO INTERROGATORY NO. 2:**

Lead Plaintiff objects to this Interrogatory on the ground that it seeks information concerning Lead Plaintiff's and Lead Counsel's investigation into the claims alleged that is protected by the work product doctrine or any other applicable privilege or protection. Lead Plaintiff further objects to this Interrogatory on the grounds that discovery into Lead Plaintiff's and Lead Counsel's investigation is not relevant to any party's claim or defense.  Lead Plaintiff further objects to this Interrogatory on the ground that it contains multiple discrete subparts by seeking information concerning multiple persons. Lead Plaintiff also objects to this Interrogatory as premature by seeking information identifying any and all current and former MESA employees at the commencement of discovery, as such information will be disclosed at the appropriate stage of Action.  *See*

Fed. R. Civ. P. 26(a)(3).  Lead Plaintiff further objects to this Interrogatory as unduly burdensome and cumulative to the extent it seeks information previously disclosed in Lead Plaintiff's Rule 26(a) Initial Disclosures.

**INTERROGATORY NO. 3:**

IDENTIFY each allegedly false or misleading statement in the REGISTRATION STATEMENT for which LEAD PLAINTIFF intends to seek damages on behalf of the class.

**RESPONSES AND OBJECTIONS TO INTERROGATORY NO. 3:**

Lead Plaintiff objects to this Interrogatory on the ground that it contains multiple discrete subparts by seeking information concerning multiple statements. Lead Plaintiff also objects to this Interrogatory insofar as it is a premature contention interrogatory because discovery is still ongoing. *See, e.g.*, Fed. R. Civ. P. 33. Subject to and without waiving the above objections and the right to supplement this response later in these proceedings, Lead Plaintiff refers Defendants to ¶¶ 6-10, 50, 65, 68, 70-76, and 79-90 of the COMPLAINT.

**INTERROGATORY NO. 4:**

For each allegedly false or misleading statement identified in response to Interrogatory No. 3, IDENTIFY every date on which Plaintiff contends corrective information was revealed and specify the corrective information that was revealed on such date.

**RESPONSES AND OBJECTIONS TO INTERROGATORY NO. 4:**

Lead Plaintiff objects to this Interrogatory on the ground that it contains multiple discrete subparts by seeking information concerning multiple statements. Lead Plaintiff also objects to this Interrogatory insofar as it is a premature contention interrogatory because discovery is still ongoing. *See, e.g.*, Fed. R. Civ. P. 33.  Subject to and without waiving the above objections and the right to supplement this response later in these

4

proceedings, Lead Plaintiff refers Defendants to ¶¶ 7, 11-12, 85(b), 99, 101-104, and 111 of the COMPLAINT.

Dated: December 3, 2021

By: */s/ James M. Wilson, Jr.*
James M. Wilson, Jr.

Lubna Faruqi (*Admitted pro hac vice*)
Robert W. Killorin (*Admitted pro hac vice*)
James M. Wilson, Jr. (*Admitted pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: lfaruqi@faruqilaw.com
　　　rkillorin@faruqilaw.com
　　　jwilson@faruqilaw.com

*Attorneys for Lead Plaintiff DeKalb County Pension Fund and Lead Counsel for the Class*

**DECONCINI MCDONALD YETWIN & LACY, P.C.**
2525 East Broadway, Suite 500
Tucson, Arizona 85716
Telephone:520-322-5000
Facsimile: 520-322-5585
Email: gurman@dmyl.com

*Attorneys for Lead Plaintiff DeKalb County Pension Fund and Liaison Counsel for the Class*

5

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2021, I authorized service of the foregoing via e-mail on the following:

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
Nina F. Locker
Laurie B. Smilan
Douglas W. McManaway
Charles A. Talpas
650 Page Mill Road
Palo Alto, CA 94304

**SHEARMAN AND STERLING LLP**
Agnès Dunogué
Adam S. Hakki
599 Lexington Avenue
New York, NY 10022-6069

**SACKS, RICKETTS & CASE LLP**
Cynthia A. Ricketts
2800 N. Central Avenue, Suite 1910
Phoenix, AZ 85004

*Attorneys for the Mesa Defendants*

**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
Edwin A. Barkel
John C. Gray
Michael C. Brown
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

*Attorneys for the Underwriter Defendants*

By: */s/ James M. Wilson, Jr.*
        James M. Wilson, Jr.

1