# EXHIBIT E

# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

650 Page Mill Road
Palo Alto, California 94304-1050

O: 650.493.9300
F: 650.493.6811

December 14, 2021

**VIA EMAIL**

James M. Wilson, Jr.
Faruqi & Faruqi, LLP
685 Third Avenue, 26th Floor
New York, NY 10017
jwilson@faruqilaw.com

**Re:    Lowthorp v. Mesa Air Group, Inc., et al., 2:20-cv-00648-MTL**

Dear James:

We are in receipt of Plaintiff's Responses and Objections to Mesa's First Set of Interrogatories.  In advance of our meet and confer call, please find below Mesa's position regarding the insufficiency of Plaintiff's Responses and Objections.

**Interrogatory No. 1**

Interrogatory No. 1 seeks the identify of confidential witnesses related to Plaintiff allegations in the Amended Complaint.  Plaintiff objects that the Interrogatory is premature and seeks irrelevant and/or privileged information.

Plaintiff's objections are not well-taken.  The identity of a confidential witness cited in the complaint is discoverable information that must be disclosed where, as here, a defendant seeks the identity of confidential witnesses to whom allegations in a plaintiff's complaint are attributed. *See, e.g., Shenwick v. Twitter, Inc.*, 2018 U.S. Dist. LEXIS 225631, at *8-9 (collecting *many* cases).  Further, the Interrogatory is not premature.  Certainly, Plaintiff was aware of this information and relied upon it at the time they drafted and filed their own Amended Complaint. As such, Mesa is entitled to such information now.  *See, e.g., Lexington Luminance LLC v. Feit Elec. Co., Inc.*, 2020 WL 10052404, at *4 (C.D. Cal. July 21, 2020) (granting motion to compel the plaintiff to answer interrogatories, ordering plaintiff to "respond with the information that is currently available to it.").

**Interrogatory Nos. 3-4**

These Interrogatories ask Plaintiff to identify the challenged statements in the Registration Statement for which Plaintiff intends to seek damages on behalf of the class (Interrogatory No. 3) and to identify when corrective information was revealed regarding those

**WILSON
SONSINI**

James M. Wilson, Jr.
December 14, 2021
Page 2


challenged statements (Interrogatory No. 4).  Rather than responding to these Interrogatories, Plaintiff refers to several paragraphs of its Amended Complaint and objects on the ground that the Interrogatories are "premature contention interrogator[ies] because discovery is still ongoing."  These Responses and Objections do not suffice.

First, Plaintiff's "See the Complaint" response is inadequate because it "fail[s] to direct" Defendants to the allegations in the Amended Complaint that are responsive—and includes allegations that plainly cannot be responsive—to each Interrogatory.  *See In re MGM Secs. Litig.*, 2014 U.S. Dist. LEXIS 165486, at \*25-26 (D. Nev. Nov. 25, 2014).

Second, the Interrogatories are not premature simply because they are contention interrogatories, and Plaintiff may not "refrain from answering [them] until their own discovery [is] complete."  *See In re MGM Secs. Litig.*, 2014. U.S. Dist. LEXIS 165489, at \*19-20 ("Mere fact that interrogatories propounded by defendant in securities-fraud action were contention interrogatories did not warrant order allowing plaintiffs to refrain from answering interrogatories until their own discovery was complete.").

Rather, Plaintiff must answer the Interrogatories based on "the best of [its] knowledge, information, and belief formed after a reasonable inquiry."  *Id.*  Particularly so, here, since the Interrogatories ask about what Plaintiff itself has alleged and contends to be still in dispute in this case.  Defendants are entitled to know which challenged statements and purported corrective disclosures—among the dozens "lump[ed] together" in the Amended Complaint—Plaintiff intends to "link" together for the purposes of loss causation.  *See Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*, 998 F.3d 397, 407-408 (9th Cir. 2021).

That does not require information that Plaintiff can obtain only though future discovery. Rather, it is information that Defendants can obtain only from the Interrogatories they have propounded.  Plaintiff surely knows the challenged statements in its own complaint for which it intends to seek damages on behalf of the class.  Information regarding the corrective disclosures for those challenged statements is—by definition—available in the market, does not require discovery from Defendants, and has been alleged by Plaintiff in its complaint.  Nor do the Interrogatories call for information that would require expert opinions.  Thus, even though Interrogatory Nos. 3-4 seek information regarding Plaintiff's contentions, they are not premature.

\*     \*     \*     \*

We are open to further discussion of these issues and hope to resolve them informally.

**WILSON SONSINI**

James M. Wilson, Jr.
December 14, 2021
Page 3

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Charles A. Talpas*

Charles A. Talpas

cc:   Cindy Rickets
      Agnès Dunogué