# EXHIBIT G

**WILSON
SONSINI**

Wilson Sonsini Goodrich & Rosati
Professional Corporation

650 Page Mill Road
Palo Alto, California 94304-1050

O: 650.493.9300
F: 650.493.6811

January 21, 2022

**VIA EMAIL**

James M. Wilson, Jr.
Faruqi & Faruqi, LLP
685 Third Avenue, 26th Floor
New York, NY 10017
jwilson@faruqilaw.com

**Re:    Lowthorp v. Mesa Air Group, Inc., et al., 2:20-cv-00648-MTL**

Dear James:

We write regarding Plaintiff's Responses and Objections to Mesa's First Set of Interrogatories.  Mesa served its First Set of Interrogatories on October 26, 2021, and Plaintiff's served Responses and Objections on December 3, 2021.  The Interrogatories requested, *inter alia*, that Plaintiff identify (i) each alleged misrepresentation or omission in the Registration Statement on which Plaintiff bases its claims (Interrogatory No. 3) and (ii) as to each alleged misstatement or omission, the corrective disclosure that allegedly revealed that statement or omission to be false or misleading (Interrogatory No. 4).

On December 14, 2021, Mesa sent a letter detailing the inadequacy of Plaintiff's Responses, citing numerous authorities, and requested to meet and confer.  *See* Attachment 1.  As discussed during the parties' December 16, 2021 meet and confer call—and as confirmed in your December 22, 2021 letter—Plaintiff agreed to provide supplemental Responses to Interrogatory Nos. 1, 3 and 4.  *See* Attachment 2.

To date, Plaintiff has not done so.  Please serve Plaintiff's supplemental Responses without further delay.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Charles A. Talpas*
Charles A. Talpas

**WILSON SONSINI**

James M. Wilson, Jr.
December 21, 2021
Page 2


cc:     Cindy Rickets
        Agnès Dunogué

# ATTACHMENT 1

# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

650 Page Mill Road
Palo Alto, California 94304-1050

O: 650.493.9300
F: 650.493.6811

December 14, 2021

**VIA EMAIL**

James M. Wilson, Jr.
Faruqi & Faruqi, LLP
685 Third Avenue, 26th Floor
New York, NY 10017
jwilson@faruqilaw.com

**Re:   Lowthorp v. Mesa Air Group, Inc., et al., 2:20-cv-00648-MTL**

Dear James:

We are in receipt of Plaintiff's Responses and Objections to Mesa's First Set of Interrogatories. In advance of our meet and confer call, please find below Mesa's position regarding the insufficiency of Plaintiff's Responses and Objections.

**Interrogatory No. 1**

Interrogatory No. 1 seeks the identify of confidential witnesses related to Plaintiff allegations in the Amended Complaint. Plaintiff objects that the Interrogatory is premature and seeks irrelevant and/or privileged information.

Plaintiff's objections are not well-taken. The identity of a confidential witness cited in the complaint is discoverable information that must be disclosed where, as here, a defendant seeks the identity of confidential witnesses to whom allegations in a plaintiff's complaint are attributed. *See, e.g., Shenwick v. Twitter, Inc.*, 2018 U.S. Dist. LEXIS 225631, at *8-9 (collecting *many* cases). Further, the Interrogatory is not premature. Certainly, Plaintiff was aware of this information and relied upon it at the time they drafted and filed their own Amended Complaint. As such, Mesa is entitled to such information now. *See, e.g., Lexington Luminance LLC v. Feit Elec. Co., Inc.*, 2020 WL 10052404, at *4 (C.D. Cal. July 21, 2020) (granting motion to compel the plaintiff to answer interrogatories, ordering plaintiff to "respond with the information that is currently available to it.").

**Interrogatory Nos. 3-4**

These Interrogatories ask Plaintiff to identify the challenged statements in the Registration Statement for which Plaintiff intends to seek damages on behalf of the class (Interrogatory No. 3) and to identify when corrective information was revealed regarding those

AUSTIN   BEIJING   BOSTON   BRUSSELS   HONG KONG   LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN DIEGO   SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, DC   WILMINGTON, DE

**WILSON
SONSINI**

James M. Wilson, Jr.
December 14, 2021
Page 2

challenged statements (Interrogatory No. 4).  Rather than responding to these Interrogatories, Plaintiff refers to several paragraphs of its Amended Complaint and objects on the ground that the Interrogatories are "premature contention interrogator[ies] because discovery is still ongoing."  These Responses and Objections do not suffice.

First, Plaintiff's "See the Complaint" response is inadequate because it "fail[s] to direct" Defendants to the allegations in the Amended Complaint that are responsive—and includes allegations that plainly cannot be responsive—to each Interrogatory.  *See In re MGM Secs. Litig.*, 2014 U.S. Dist. LEXIS 165486, at *25-26 (D. Nev. Nov. 25, 2014).

Second, the Interrogatories are not premature simply because they are contention interrogatories, and Plaintiff may not "refrain from answering [them] until their own discovery [is] complete."  *See In re MGM Secs. Litig.*, 2014. U.S. Dist. LEXIS 165489, at *19-20 ("Mere fact that interrogatories propounded by defendant in securities-fraud action were contention interrogatories did not warrant order allowing plaintiffs to refrain from answering interrogatories until their own discovery was complete.").

Rather, Plaintiff must answer the Interrogatories based on "the best of [its] knowledge, information, and belief formed after a reasonable inquiry."  *Id.*  Particularly so, here, since the Interrogatories ask about what Plaintiff itself has alleged and contends to be still in dispute in this case.  Defendants are entitled to know which challenged statements and purported corrective disclosures—among the dozens "lump[ed] together" in the Amended Complaint—Plaintiff intends to "link" together for the purposes of loss causation.  *See Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*, 998 F.3d 397, 407-408 (9th Cir. 2021).

That does not require information that Plaintiff can obtain only though future discovery.  Rather, it is information that Defendants can obtain only from the Interrogatories they have propounded.  Plaintiff surely knows the challenged statements in its own complaint for which it intends to seek damages on behalf of the class.  Information regarding the corrective disclosures for those challenged statements is—by definition—available in the market, does not require discovery from Defendants, and has been alleged by Plaintiff in its complaint.  Nor do the Interrogatories call for information that would require expert opinions.  Thus, even though Interrogatory Nos. 3-4 seek information regarding Plaintiff's contentions, they are not premature.

*          *          *          *

We are open to further discussion of these issues and hope to resolve them informally.

**WILSON
SONSINI**

James M. Wilson, Jr.
December 14, 2021
Page 3

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Charles A. Talpas*

Charles A. Talpas

cc:  Cindy Rickets
     Agnès Dunogué

**WILSON
SONSINI**

# ATTACHMENT 2



NEW YORK        CALIFORNIA        GEORGIA        PENNSYLVANIA

**VIA EMAIL**

Charles A. Talpas
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, California 94304-1050
ctalpas@wsgr.com

Re: *Lowthorp v. Mesa Air Group, Inc., et al.*, No. 2:20-cv-00648-MTL

Dear Charles:

I write in response to your December 14, 2021 letter regarding Lead Plaintiff's Responses and Objections to Mesa Air Group, Inc.'s First Set of Interrogatories. As discussed on December 16, 2021 ("December 16 Meet and Confer"), Plaintiff responds as follows:

**Interrogatory No.1**

Defendants seek the identity of confidential witnesses related to Plaintiff's allegations in the Amended Complaint in Interrogatory Number 1. As discussed during the December 16 Meet and Confer, we will supplement our response to Interrogatory Number 1 and provide you with the names of these confidential witnesses under separate cover.

**Interrogatories Nos. 3 and 4**

Defendants ask Plaintiff to identify the challenged statements in the Registration Statement for which it intends to seek damages on behalf of the class (Interrogatory Number 3) and to identify when corrective information was revealed regarding those challenged statements (Interrogatory Number 4). Plaintiff responded by referring to specific allegations in the Amended Complaint but objected to responding further to these interrogatories as premature in view of the fact that discovery is in the early stages and is ongoing. Defendants argued in your December 14 letter that Plaintiff's responses were inadequate because they did not direct them to the responsive allegations in the Amended Complaint and that contention interrogatories are appropriate.

Plaintiff contends that it is under no obligation at this stage of litigation to respond with any information regarding damages calculations. Lead Plaintiff has not yet engaged an expert to do so, and it is atypical to do so at the onset of discovery.

While we consider our responses and objections to be reasonable and appropriate at this stage of the case, we will supplement our responses to Interrogatories Numbers 3 and 4, under separate cover.



Charles A. Talpas
December 22, 2021
Page 2


We remain open to discuss these issues further, if necessary.


Regards

*/s/ James M. Wilson, Jr.*

James M. Wilson, Jr.


cc:    Robert W. Killorin
       Cindy Rickets
       Agnes Dunoque

685 THIRD AVENUE   26TH FLOOR   NEW YORK, NY 10017   PHONE: 212.983.9330   FAX: 212.983.9331   FARUQILAW.COM