# EXHIBIT I

Gary F. Urman (AZ 11748)
gurman@dmyl.com
**DECONCINI MCDONALD YETWIN & LACY, P.C.**
2525 East Broadway, Suite 500
Tucson, Arizona 85716
Telephone:520-322-5000
Facsimile: 520-322-5585

*Attorneys for Lead Plaintiff DeKalb County
Pension Fund and Liaison Counsel for the Class*

Lubna Faruqi (*Admitted pro hac vice*)
Robert W. Killorin (*Admitted pro hac vice*)
James M. Wilson, Jr. (*Admitted pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: lfaruqi@faruqilaw.com
         rkillorin@faruqilaw.com
         jwilson@faruqilaw.com

*Attorneys for Lead Plaintiff DeKalb County
Pension Fund and Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| David G. Lowthorp, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br>V.<br><br>Mesa Air Group, Inc.; Jonathan G. Ornstein; Michael J. Lotz; Daniel J. Altobello; Ellen N. Artist; Mitchell Gordon; Dana J. Lockhart; G. Grant Lyon; Giacomo Picco; Harvey Schiller; Don Skiados; Raymond James & Associates, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Cowen and Company, LLC; Stifel, Nicolaus & Company, Incorporated; and Imperial Capital, LLC,<br><br>Defendants. | Case No. 2:20-cv-00648-MTL<br><br>**LEAD PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MESA AIR GROUP, INC.'S FIRST SET OF INTERROGATORIES NUMBERS 1 THROUGH 3**<br><br><u>CLASS ACTION</u><br><br>(DEMAND FOR JURY TRIAL) |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Lead Plaintiff DeKalb County Pension Fund ("Lead Plaintiff"), through its undersigned attorneys, hereby submits the following supplemental responses and objections (the "Responses and Objections") to Interrogatory Nos. 1-3 of the First Set of Interrogatories served by Defendant Mesa Air Group, Inc. ("Defendant"), dated October 26, 2021 (individually an "Interrogatory" and cumulatively, the "Interrogatories"), as follows:

## PRELIMINARY STATEMENT

1.      Lead Plaintiff's Responses to the Interrogatories are made without prejudice to Lead Plaintiff's rights to contend at any other stage of the proceedings that the Responses are irrelevant, inadmissible, or otherwise objectionable. Lead Plaintiff incorporates by reference and incorporates herein all objections previously made to these Interrogatories.  No incidental or implied admissions are intended in these Responses, and the Responses below do not concede the relevance, materiality, or admissibility of any information sought.  Lead Plaintiff's Responses to all or any part of an Interrogatory are not an admission that: (a) Lead Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by that Interrogatory; (b) Lead Plaintiff has in its possession, custody, or control any information responsive to that Interrogatory; or (c) Lead Plaintiff's Responses constitute admissible evidence that Lead Plaintiff's Response to all or any part of an Interrogatory does not waive all or any part of its Objection(s) to that Interrogatory.

2.      While Lead Plaintiff's investigative efforts have been substantial, Lead Plaintiff has not completed discovery of the facts relating to the action.  The following Responses are based upon information known at this time.  Lead Plaintiff reserves the right to revise, supplement, correct or clarify any of its Responses as necessary or appropriate.

1

**OBJECTIONS TO DEFINITIONS**

1.      Lead Plaintiff objects to the Definitions set forth in the Interrogatories to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific Interrogatory.

2.      Lead Plaintiff objects to the Definitions to the extent that they purport to impose requirements, procedures, or obligations on Lead Plaintiff different than those agreed upon by the parties to this action in the Stipulated Protective Order dated November 16, 2021 governing the treatment of privileged, confidential, and highly confidential information.  ECF No. 107.

3.      Lead Plaintiff objects to the definition of "YOU" or "YOUR(S)" in ¶14 of the Interrogatories on the grounds that its inclusion of those "purporting to act on [Lead Plaintiff's] behalf" is vague, ambiguous, and disproportionate to the needs of the case in light of the factors set forth in Federal Rule of Civil Procedure 26(b)(1) because it requires Lead Plaintiff to know whether someone is "purporting to act" on its behalf. Lead Plaintiff also objects to this definition to the extent that it seeks information from third parties outside of Lead Plaintiff's possession, custody, or control.  Lead Plaintiff also objects to this definition to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  For the purposes of these Responses, "YOU" or "YOUR(S)" refer only to Lead Plaintiff DeKalb and nonprivileged and nonprotected information within its possession, custody, or control.

**OBJECTIONS TO INSTRUCTIONS**

1.      Lead Plaintiff objects to the Instructions to the extent that they purport to impose requirements, procedures, or obligations on Lead Plaintiff different than those agreed to by the parties to this action in the Stipulated Protective Order dated November 16, 2021 governing the treatment of privileged, confidential, and highly confidential information.  ECF No. 107.

2

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**

IDENTIFY Confidential Witness 1 ("CW 1") and Confidential Witness 2 ("CW 2") whose accounts are related in paragraphs 112 through 120 of the COMPLAINT.

**RESPONSES AND OBJECTIONS TO INTERROGATORY NO. 1:**

Lead Plaintiff objects to this Interrogatory on the grounds that it seeks information concerning Lead Plaintiff's and Lead Counsel's investigation into the claims alleged that are protected from disclosure by the work product doctrine or any other applicable privilege or protection. Lead Plaintiff further objects to this Interrogatory on the grounds that discovery into Lead Plaintiff's and Lead Counsel's investigation is not relevant to any party's claim or defense. Lead Plaintiff further objects to this Interrogatory on the grounds that it contains multiple discrete subparts by seeking information concerning multiple persons. Lead Plaintiff also objects to this Interrogatory as premature by seeking information identifying Confidential Witnesses at the commencement of discovery, as such information will be disclosed at the appropriate stage of the Action. *See* Fed. R. Civ. P. 26(a)(3).

Subject to and without waiving the foregoing objections, Lead Plaintiff responds as follows:

CW 1: Jonna Gile
7329 West Ocotillo Road
Waddell, AZ  85355-9676
602-705-2430
Email: teamedward118633@gmail.com

CW 2: Ricky Parrish
880 Lee Street, Apt 404
Des Plaines, IL  60016-6455
843-864-9689
Email: Rparrish85@gmail.com

**INTERROGATORY NO. 2:**

IDENTIFY any other current or former MESA employees with whom YOU or YOUR COUNSEL have discussed any DEFENDANT in this LAWSUIT or any matter alleged in the COMPLAINT.

3

**RESPONSES AND OBJECTIONS TO INTERROGATORY NO. 2:**

Lead Plaintiff objects to this Interrogatory on the grounds that it seeks information concerning Lead Plaintiff's and Lead Counsel's investigation into the claims alleged that are protected by the work product doctrine or any other applicable privilege or protection. Lead Plaintiff further objects to this Interrogatory on the grounds that discovery into Lead Plaintiff's and Lead Counsel's investigation is not relevant to any party's claim or defense. Lead Plaintiff further objects to this Interrogatory on the grounds that it contains multiple discrete subparts by seeking information concerning multiple persons. Lead Plaintiff also objects to this Interrogatory as premature by seeking information identifying any and all current and former MESA employees at the commencement of discovery, as such information will be disclosed at the appropriate stage of Action. *See* Fed. R. Civ. P. 26(a)(3). Lead Plaintiff further objects to this Interrogatory as unduly burdensome and cumulative to the extent it seeks information previously disclosed in Lead Plaintiff's Rule 26(a) Initial Disclosures. Lead Plaintiff also objects to the term "employee" as vague and ambiguous, as whether someone is an employee of MESA versus an independent contractor or other classification is not information within its possession, custody, or control.

Subject to and without waiving the foregoing objections, Lead Plaintiff responds as follows: A private investigation firm hired by Lead Plaintiff contacted a number of people that may have been prior employees of MESA. Lead Plaintiff believes that the contact information of individuals that were reached out to but provided no useful information are not relevant and further objects to producing such information on that basis.

**INTERROGATORY NO. 3:**

IDENTIFY each allegedly false or misleading statement in the REGISTRATION STATEMENT for which LEAD PLAINTIFF intends to seek damages on behalf of the class.

**RESPONSES AND OBJECTIONS TO INTERROGATORY NO. 3:**

Lead Plaintiff objects to this Interrogatory on the ground that it contains multiple discrete subparts by seeking information concerning multiple statements. Lead Plaintiff also objects to this Interrogatory insofar as it is a premature contention interrogatory because discovery is still ongoing. *See, e.g*., Fed. R. Civ. P. 33. Subject to and without waiving the above objections and the right to supplement this response later in these proceedings, Lead Plaintiff refers Defendants to ¶¶ 6-10, 50, 65, 68, 70-76, and 79-90 of the COMPLAINT and responds as follows:

Lead Plaintiff intends to seek damages on behalf of the class for all false and misleading statements contained in the Registration Statement. Those statements include:

- All statements in the Registration Statement regarding Mesa's financial health and operational performance, including adverse trends and uncertainties occurring at the Company, along with all statements regarding Mesa's prospects for future operational performance and financial success.

- Low-Cost Operator. We believe that we are among the lowest cost operators of regional jet service in the United States. There are several key elements that contribute to our cost efficiencies:

  - Efficient Fleet Composition. . . . Larger regional aircraft require less fuel and crew resources per passenger carried, and may also have maintenance cost efficiencies.

    * * *

  - Competitive Procurement of Certain Operating Functions. We have long-term maintenance agreements . . . to provide parts procurement, inventory and engine, airframe and component overhaul services. We expect that our long-term agreements with these and other strategic vendors will provide predictable high-

5

quality and cost-effective solutions for most maintenance categories over the next several years. In prior periods, we also invested in long-term engine overhauls on certain aircraft, which we believe will reduce related maintenance obligations in future periods.  *See* ¶68.[1]

- Maintain Low-Cost Structure. . . . We intend to continue our disciplined cost control approach through responsible outsourcing of certain operating functions, by flying large regional aircraft with associated lower maintenance costs . . . . These efficiencies, coupled with the low average seniority of our pilots, has enabled us to compete aggressively on price in our capacity purchase agreement negotiations.  *See* ¶71.

- As of March 31, 2018, we employed approximately . . . 411 mechanics . . . . Our continued success is partly dependent on our ability to continue to attract and retain qualified personnel.  *See* ¶74.

- The claim that Mesa had a "strong recent record of operational performance" and "low-cost structure" as primary competitive strengths.  *See* ¶¶9, 70, 71.

- The claim that Mesa had expanded its share of its Major Airline Partners' total regional airline fleet due to the Company's "competitive cost structure" and "track record of reliable performance."  *See* ¶¶9, 66.

- The statements referenced in ¶¶ 66-74 concerning Mesa's operational performance—including, among other things, the Company's competitive cost structure, track record of reliable performance, efficient fleet composition including the Company's operational spare aircraft, and long-term maintenance agreements and in-house maintenance team.

---

[1]    Unless otherwise noted, all "¶" references are to the paragraphs in the COMPLAINT.

- The statements referenced in ¶¶79-84 regarding the Registration Statement's risk factors.

Dated: January 26, 2022                    By: */s/ James M. Wilson, Jr.*
                                                James M. Wilson, Jr.

                                           Lubna Faruqi (*Admitted pro hac vice*)
                                           Robert W. Killorin (*Admitted pro hac vice*)
                                           James M. Wilson, Jr. (*Admitted pro hac vice*)
                                           **FARUQI & FARUQI, LLP**
                                           685 Third Avenue, 26th Floor
                                           New York, NY 10017
                                           Telephone: 212-983-9330
                                           Facsimile: 212-983-9331
                                           Email: lfaruqi@faruqilaw.com
                                                   rkillorin@faruqilaw.com
                                                   jwilson@faruqilaw.com

                                           *Attorneys for Lead Plaintiff DeKalb County Pension Fund and Lead Counsel for the Class*

                                           **DECONCINI MCDONALD YETWIN & LACY, P.C.**
                                           2525 East Broadway, Suite 500
                                           Tucson, Arizona 85716
                                           Telephone:520-322-5000
                                           Facsimile: 520-322-5585
                                           Email: gurman@dmyl.com

                                           *Attorneys for Lead Plaintiff DeKalb County Pension Fund and Liaison Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2022, I authorized service of the foregoing via e-mail on the following:

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
Nina F. Locker
Laurie B. Smilan
Douglas W. McManaway
Charles A. Talpas
650 Page Mill Road
Palo Alto, CA 94304

**SACKS, RICKETTS & CASE LLP**
Cynthia A. Ricketts
2800 N. Central Avenue, Suite 1910
Phoenix, AZ 85004

*Attorneys for the Mesa Defendants*

**SHEARMAN AND STERLING LLP**
Agnès Dunogué
Adam S. Hakki
599 Lexington Avenue
New York, NY 10022-6069

**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
Edwin A. Barkel
John C. Gray
Michael C. Brown
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

*Attorneys for the Underwriter Defendants*

By: */s/ James M. Wilson, Jr.*
    James M. Wilson, Jr.

1