**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David G Lowthorp, | No. CV-20-00648-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Mesa Air Group Incorporated, et al., | |
| Defendants. | |

The Court now considers Mesa Defendants' Motion for Leave to File an Early Motion for Summary Judgment. (Doc. 109.) The scheduling order for this case limits each party, or parties represented by common counsel, to a single summary judgment motion. More summary judgment motions may be filed only with leave of court. Defendants seek leave to file an immediate summary judgment motion on what they view as a case-dispositive issue, that being negative loss causation. Defendants ask for leave, rather than using their one summary judgment opportunity, presumably because, if the negative loss causation motion is denied, they will retain the opportunity to move for summary judgment on other issues after the close of discovery. Plaintiffs oppose this motion, arguing that discovery here has just begun, and factual development is necessary to formulate a response to Defendants' negative loss causation theory.

The district court has broad discretion in managing the conduct and sequencing of pretrial events, including the filing of dispositive motions. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). In the context of summary judgment motions, Rule 56(d),

Fed. R. Civ. P., offers a responding party a device for obtaining further factual development, the lack of which may lead to a premature determination. "Where . . . a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56[(d)] motion fairly freely." *Jacobson v. United States Dep't of Homeland Sec.*, 882 F.3d 878, 883 (9th Cir. 2018) (quoting *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Ft. Peck Reservation*, 323 F.3d 767, 773 (9th Civ. 2003)).

Plaintiffs' opposition brief makes clear that, if leave is granted, they intend to file a motion under Rule 56(d) to postpone ruling on the proposed negative loss causation summary judgment motion. The opposition brief attaches the declaration of Professor Steven P. Feinstein, Ph.D., CFA, in which Professor Feinstein provides some areas where further factual development is necessary before the Court can thoroughly consider the negative loss causation argument. (Doc. 112-1 at 4 ¶ 15.) The Court does not wish to opine on the merits of Professor Feinstein's declaration right now, except to say that his statement in paragraph 15 is formulated at such a high level of generality as to be of limited usefulness. Yet it does foreshadow a Rule 56(d) opposition that may satisfy the lenient standards in this Circuit necessary for relief. Under those likely circumstances, and considering Ninth Circuit precedent, the parties and the Court would not realize any savings in resources but may, in fact, end up expending resources needlessly.

Accordingly, **IT IS ORDERED** that the Motion for Leave (Doc. 109) is **denied**.

Dated this 1st day of March, 2022.

Michael T. Liburdi
United States District Judge

- 2 -