Gary F. Urman (AZ 11748)
gurman@dmyl.com
**DECONCINI MCDONALD YETWIN & LACY, P.C.**
2525 East Broadway, Suite 500
Tucson, Arizona 85716
Telephone:520-322-5000
Facsimile: 520-322-5585

*Attorneys for Class Representative DeKalb County Pension Fund and Liaison Counsel for the Class*

Lubna Faruqi (*Admitted pro hac vice*)
Robert W. Killorin (*Admitted pro hac vice*)
James M. Wilson, Jr. (*Admitted pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: lfaruqi@faruqilaw.com
        rkillorin@faruqilaw.com
        jwilson@faruqilaw.com

*Attorneys for Class Representative DeKalb County Pension Fund and Lead Counsel for the Class*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| David G. Lowthorp, Individually And On Behalf Of All Others Similarly Situated, <br><br> Plaintiff, <br> V. <br> Mesa Air Group, Inc.; Jonathan G. Ornstein; Michael J. Lotz; Daniel J. Altobello; Ellen N. Artist; Mitchell Gordon; Dana J. Lockhart; G. Grant Lyon; Giacomo Picco; Harvey Schiller; Don Skiados; Raymond James & Associates, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Cowen and Company, LLC; Stifel, Nicolaus & Company, Incorporated; and Imperial Capital, LLC, <br> Defendants. | No. 20-00648-PHX-MTL <br><br> **STIPULATION AND AGREEMENT OF SETTLEMENT** <br><br> <u>CLASS ACTION</u> |

This Stipulation and Agreement of Settlement dated May 6, 2022 ("Stipulation") is made and entered into between and among Lead Plaintiff DeKalb County Pension Fund ("Plaintiff"), individually and on behalf of each member of the Settlement Class (defined below), and Defendants Mesa Air Group, Inc., Jonathan G. Ornstein, Michael J. Lotz, Daniel J. Altobello, Ellen N. Artist, Mitchell Gordon, Dana J. Lockhart, G. Grant Lyon, Giacomo Picco, Harvey Schiller, and Don Skiados (collectively, the "Mesa Defendants"), Raymond James & Associates, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Cowen and Company, LLC, Stifel, Nicolaus & Company, Incorporated, and Imperial Capital, LLC (collectively, the "Underwriter Defendants") by and through their respective counsel, and sets forth a settlement ("Settlement") of the above captioned action ("Action").[1] The Settlement is intended to fully, finally, and forever resolve, discharge, and settle the Action and the Released Claims (including Unknown Claims) upon and subject to the terms and conditions set forth herein.

**WHEREAS:**

A.     All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms herein and in ¶ 1 hereof entitled "Definitions."

B.     On April 1, 2020, the initial federal complaint in this action was filed in the United States District Court for the District of Arizona.  ECF No. 1.

C.     On June 22, 2020, the Court entered an Order appointing DeKalb as Lead Plaintiff and Faruqi & Faruqi, LLP as Lead Counsel.  ECF No. 33.

D.     On August 17, 2020, Lead Plaintiff filed an Amended Class Action Complaint ("AC") for Violations of the Federal Securities Laws, alleging that Mesa's registration statement for its IPO contained material misstatements and omissions in violation of Sections 11, 12(a)(2), and 15 of the Securities Act (15 U.S.C. §§ 77k,

---

[1]     All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 below.  The Mesa Defendants and Underwriter Defendants are referred to collectively herein as "Defendants."

1

77l(a)(2), 77o).  ECF No. 52 at ¶ 1. The Section 11 and 12(a)(2) claims also alleged that Defendants violated Items 303 (17 C.F.R. § 229.303(a)(3)(ii)) and 503 (17 C.F.R. § 229.503(c)) by omitting adverse trends and risks from the Registration Statement.  ECF No. 52 at ¶¶ 1, 76, 86.

E.      On October 1, 2020, Defendants moved to dismiss the AC.  *See* ECF Nos. 56 to 59.

F.      Following oral argument on Defendants' motion to dismiss, on July 22, 2021, the Court dismissed certain of Plaintiff's claims and sustained claims that were premised on statements concerning Mesa's aircraft maintenance (the "MTD Order").  *See* MTD Order 19-25, ECF No. 81.

G.      On September 3, 2021, Defendant Mesa Air and the Individual Defendants filed their Answer to the AC.  ECF No. 91. The Underwriter Defendants subsequently filed their Answer on September 15, 2021.  ECF No. 95.

H.      The parties attended two Scheduling Conferences on September 9, 2021 and October 14, 2021.  The Court entered a Scheduling Order on October 15, 2021 (ECF No. 101) and the parties commenced discovery.

I.      On December 31, 2021, all parties entered into a Joint Stipulation regarding Class Certification (ECF No. 108), which was adopted by the Court on January 24, 2022. ECF No. 113.  The certified class included all individuals and entities that purchased or otherwise acquired Mesa securities pursuant and/or traceable to the Company's IPO commenced on or around August 9, 2018, and were damaged thereby.

J.      On January 5, 2022, Defendants filed a Motion for Leave to File an Early Motion for Summary Judgment based on negative causation, which Plaintiff opposed on January 19, 2022.  *See* ECF Nos. 109 to 112.  Defendants filed their replies on February 1, 2022.  *See* ECF Nos. 116 to 118.

K.      In early 2022, Lead Plaintiff and the Mesa Defendants engaged Jed D. Melnick of JAMS Mediation Services and reserved a mediation date in March 2022.  In

advance of mediation, the parties exchanged detailed opening and reply mediation statements to the Mediator, together with supporting exhibits, which addressed both liability and damages issues.

L.      On March 1, 2022, the Court entered an Order denying Defendants' Motion for Leave to File an Early Motion for Summary Judgment.  ECF No. 120.

M.      On March 2, 2022, a full-day mediation session was conducted before the mediator. The parties were able to reach an agreement in principle to settle the claims against Defendants.

N.      On March 9, 2022, the parties advised the Court of their agreement in principle for settlement and that, in light of the settlement in principle, there was no need to present the Court with the proposed form of notice and a proposed schedule for disseminating notice to the Class pursuant to the Class Certification Order, and requested an order staying all proceedings for sixty days from the date of the entry of the order.

O.      On March 10, 2022, the Court issued an order staying all pending deadlines and contemplating that Lead Plaintiff file its request for preliminary approval on or before May 9, 2022.

P.      Lead Plaintiff, through Lead Counsel, represents that it conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action.  This process included reviewing and analyzing: (i) documents filed publicly by the Company with the SEC; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and the Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; (v) press releases; (vi)  documents produced by Defendants in discovery; and (vii) the applicable law governing the claims and potential defenses.

Q.      Defendants have denied and continue to deny any wrongdoing, all

allegations by Lead Plaintiff, and that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Nonetheless, Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation to avoid the further expense, inconvenience, and burden of this Action, the distraction and diversion of personnel and resources, and to obtain the conclusive and complete dismissal and/or release of this Action and the Released Claims.

R.      The Stipulation, whether or not consummated, any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Defendants, or any of them, with respect to any fact or matter alleged in the Action, or any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in any claim or defense that has been or could have been asserted. Each Defendant reserves all defenses to any claims that may be filed by anyone, including any individual or entity that has sought, or seeks, exclusion from the Settlement Class.

S.      Lead Plaintiff believes that the claims asserted in the Action have merit and that the information developed to date supports the claims asserted. However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action through trial and appeals. They also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. Lead Counsel also are mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Action. Based on their evaluation, Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Settlement Class and is in the best interests of Lead Plaintiff and the Settlement Class.

4

**NOW THEREFORE**, without any concession by Lead Plaintiff that the Action lacks merit, and without any concession by the Defendants of any liability or wrongdoing or lack of merit of their defenses, it is hereby **STIPULATED AND AGREED**, by and among the parties to this Stipulation (the "Parties"), through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties hereto, all Released Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

<u>**DEFINITIONS**</u>

1.      As used in this Stipulation, the following terms shall have the meanings set forth below. In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

    a.      "Action" means the civil action captioned *Lowthorp v. Mesa Air Group Inc., et al*, 2:20-cv-00648-MTL (D. Ariz.), pending in the United States District Court for the District of Arizona before the Honorable Michael T. Liburdi.

    b.      "Alternative Judgment" means a form of final judgment that may be entered by the Court but in a form other than the form of Judgment provided for in this Stipulation and where none of the Parties hereto elects to terminate this Settlement by reason of such variance.

    c.      "Authorized Claimant" means a Settlement Class Member who submits a valid Proof of Claim and Release form to the Claims Administrator that is accepted for payment.

    d.      "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

e.      "Claims Administrator" means A.B. Data, Ltd., the firm retained by Lead Counsel, subject to Court approval, to provide all notices approved by the Court to Settlement Class Members, to process proofs of claim, and to administer the Settlement.

f.      "Defendants" means Mesa Air Group, Inc., Jonathan G. Ornstein, Michael J. Lotz, Daniel J. Altobello, Ellen N. Artist, Mitchell Gordon, Dana J. Lockhart, G. Grant Lyon, Giacomo Picco, Harvey Schiller, and Don Skiados, Raymond James & Associates, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Cowen and Company, LLC, Stifel, Nicolaus & Company, Incorporated, and Imperial Capital, LLC.

g.      "Defendants' Counsel" means the law firms of Wilson Sonsini Goodrich & Rosati, Ricketts Case, LLP, Shearman and Sterling, LLP, and Lewis Roca Rothergerber Christie, LLP.

h.      "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶40 below.

i.      "Escrow Account" means the separate escrow account maintained at The Huntington National Bank, wherein the Settlement Amount shall be deposited and held for the benefit of the Settlement Class pursuant to this Stipulation and subject to the jurisdiction of the Court.

j.      "Escrow Agent" means The Huntington National Bank or its successor.

k.      "Fee and Expense Application" means Lead Counsel's application, on behalf of all Plaintiff's Counsel, for an award of attorneys' fees and payment of litigation expenses incurred in prosecuting the case, including any award of reasonable costs and expenses to Lead Plaintiff pursuant to 15 U.S.C. § 77z-1(a)(4) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

l.      "Final," with respect to a court order, means the later of: (i) if there is an appeal from a court order, the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration or a petition

for a writ of certiorari and, if certiorari is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on certiorari to review the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for certiorari from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation of the Net Settlement Fund, to the Court's award of attorneys' fees and expenses, or to an award to Lead Plaintiff under 15 U.S.C. § 77z-1(a)(4), shall not in any way delay or affect the time set forth above for the Judgment or Alternative Judgment to become Final or otherwise preclude the Judgment or Alternative Judgment from becoming Final.

m.      "Individual Defendants" means Jonathan G. Ornstein, Michael J. Lotz, Daniel J. Altobello, Ellen N. Artist, Mitchell Gordon, Dana J. Lockhart, G. Grant Lyon, Giacomo Picco, Harvey Schiller, and Don Skiados.

n.      "Judgment" means the proposed Final Order and Judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

o.      "Lead Counsel" means the law firm of Faruqi & Faruqi, LLP.

p.      "Liaison Counsel" means the law firm of DeConcini McDonald Yetwin & Lacy, P.C.

q.      "Lead Plaintiff" means DeKalb County Pension Fund.

r.      "Mediator" means Jed D. Melnick of JAMS Mediation Services.

s.      "Mesa Defendants" means Mesa Air Group, Inc. and the Individual Defendants.

1            t.      "Net Settlement Fund" means the Settlement Fund less: (i) Court

2     awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii)

3     Taxes; and (iv) any other fees or expenses approved by the Court.

4            u.      "Notice" means the Notice of Pendency and Proposed Settlement of

5     Class Action to be sent to Settlement Class Members, which, subject to approval of the

6     Court, shall be substantially in the form attached as Exhibit 1 to Exhibit A hereto.

7            v.      "Notice and Administration Expenses" means all costs, fees, and

8     expenses incurred in connection with providing notice to the Settlement Class and the

9     administration of the Settlement, including but not limited to: (i) providing notice of the

10    proposed Settlement by mail, publication, and other means to Settlement Class Members;

11    (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv)

12    communicating with Persons regarding the proposed Settlement and claims

13    administration process; (v) distributing the proceeds of the Settlement; and (vi) fees

14    related to the Escrow Account and investment of the Settlement Fund.

15           w.      "Person(s)" means any individual, corporation (including all

16    divisions and subsidiaries), general or limited partnership, association, joint stock

17    company, joint venture, limited liability company, professional corporation, estate, legal

18    representative, trust, unincorporated association, government or any political subdivision

19    or agency thereof, and any other business or legal entity.

20           x.      "Plaintiff's Counsel" means Lead Counsel and Liaison Counsel.

21           y.      "Plan of Allocation" means the proposed Plan of Allocation of Net

22    Settlement Fund, which, subject to the approval of the Court, shall be substantially in the

23    form described in the Notice.

24           z.      "Preliminary Approval Order" means the Order Preliminarily

25    Approving Settlement and Providing for Notice, which, subject to the approval of the

26    Court, shall be substantially in the form of the proposed order attached hereto as Exhibit

27    A.

28

aa.    "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 2 to Exhibit A hereto.

bb.    "Released Claims" means any and all pending claims arising from the same operative facts as this Action, and any and all causes of action of every nature and description, including both known claims and Unknown Claims (defined below), contingent or absolute, mature or not mature, liquidated or not liquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other Settlement Class Member: (i) asserted in the Action; or (ii) could have asserted in the Action or any forum, domestic or foreign, that arise out of, are based upon, or relate to, directly or indirectly, in whole or in part, to: (a) the allegations, transactions, facts, events, matters or occurrences, representations or omissions involved, set forth, alleged or referred to in the Action; and (b) the purchase or sale or other acquisition or disposition, or holding of Mesa securities pursuant and/or traceable to Mesa's Initial Public Offering ("IPO") that was commenced on or around August 9, 2018.  For the avoidance of doubt, Released Claims include those claims asserted in *City of Pittsburgh Comprehensive Municipal Pension Trust Fund, et al. v. Mesa Air Group, Inc., et al.*, Civ. No. CV2020-003927 (Superior Court of Arizona in and for the County of Maricopa, filed March 24, 2020). For the avoidance of doubt, Released Claims do not include: (i) claims relating to the enforcement of the Settlement; and (ii) any claims of Persons who submit a request for exclusion that is accepted by the Court.

cc.    "Released Defendant Parties" means Defendants, Defendants' Counsel, and each of their respective past or present direct or indirect subsidiaries, parents, affiliates, principals, successors and predecessors, assigns, officers, directors, shareholders, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, auditors, insurers; the spouses, members of the immediate families, representatives, and

heirs of the Individual Defendants, as well as any trust of which any Individual

Defendant is the settlor or which is for the benefit of any of their immediate family

members; any firm, trust, corporation, or entity in which any Defendant has a controlling

interest; and any of the legal representatives, heirs, successors in interest or assigns of

Defendants.

dd.     "Released Defendants' Claims" means all claims and causes of

action of every nature and description, including both known claims and Unknown

Claims (as defined below), whether arising under federal, state, common or foreign law,

that Defendants could have asserted against any of the Released Plaintiff Parties that arise

out of or relate in any way to the institution, prosecution, or settlement of the claims in

the Action, except for claims relating to the enforcement of the Settlement or any claims

against any Person who submits a request for exclusion that is accepted by the Court.

ee.     "Released Parties" means the Released Defendant Parties and the

Released Plaintiff Parties.

ff.     "Released Plaintiff Parties" means each and every Settlement Class

Member, Lead Plaintiff, Plaintiff's Counsel, and each of their respective past or present

trustees, officers, directors, partners, employees, affiliates, contractors, auditors,

principals, agents, attorneys, predecessors, successors, assigns, insurers, parents,

subsidiaries, general or limited partners or partnerships, and limited liability companies;

and the spouses, members of the immediate families, representatives, and heirs of any

Released Plaintiff Party who is an individual, as well as any trust of which any Released

Plaintiff Party is the settlor or which is for the benefit of any of their immediate family

members.  Released Plaintiff Parties does not include any Person who timely and validly

seeks exclusion from the Settlement Class.

gg.     "Settlement" means the resolution of the Action in accordance with

the terms and provisions of this Stipulation.

hh.     "Settlement Amount" means the total principal amount of five

million U.S. dollars ($5,000,000) in cash.

   ii. "Settlement Class" or "Settlement Class Member" means all Persons that purchased or otherwise acquired Mesa's securities pursuant and/or traceable to the Company's IPO commenced on or around August 9, 2018, and were damaged thereby. Excluded from the Settlement Class are the Company, its officers and directors, employees, affiliates, legal representatives, heirs, predecessors, successors, and assigns, and any entity in which the Company has a controlling interest or of which the Company is a parent or subsidiary, and the Underwriter Defendants.  Also excluded from the Settlement Class will be any Person who or which timely and validly seeks exclusion from the Settlement Class.

   jj. "Settlement Fund" means the Settlement Amount plus any interest or income earned thereon.

   kk. "Settlement Hearing" means the hearing to be held by the Court to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved.

   ll. "Stipulation" means this Stipulation and Agreement of Settlement.

   mm. "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action for publication, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 3 to Exhibit A hereto.

   nn. "Tax" or "Taxes" mean all taxes, fees, levies, duties, tariffs, imposts, and charges of any kind imposed on the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto and the reasonable expenses of tax attorneys and accountants).

   oo. "Underwriter Defendants" means Raymond James & Associates, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Cowen and Company, LLC, Stifel, Nicolaus & Company, Incorporated, and Imperial Capital, LLC.

pp.      "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully,

finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiff and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

## DUE DILIGENCE

2.     The parties have conferred in good faith and, with the assistance of mediator Jed D. Melnick of JAMS, agreed on an appropriate set of documents reasonably necessary for Lead Plaintiff to confirm and determine in good faith that the Settlement is fair, reasonable, and adequate to the Settlement Class.  The Mesa Defendants have produced the mutually agreed set of documents to Lead Plaintiff which its counsel has reviewed. After reviewing these documents, Lead Plaintiff submitted questions to Defendants and received and reviewed written responses thereto in order to better assess the fairness and reasonableness of the Settlement.   Defendants produced over 72,000 pages of documents which were produced for settlement purposes only, are confidential and subject to an agreed-upon protective order, and Lead Plaintiff may only reference their review thereof as part of their assessment of the fairness and reasonableness of the Settlement and the potential risk of proceeding with the Action rather than settling now.

## SCOPE AND EFFECT OF SETTLEMENT

3.     The obligations incurred pursuant to this Stipulation are: (i) subject to approval by the Court and the Judgment, or Alternative Judgment, reflecting such approval becoming Final; and (ii) in full and final disposition of the Action with respect to the Released Parties and any and all Released Claims and Released Defendants' Claims.

4.     By operation of the Judgment or Alternative Judgment, as of the Effective

Date, Lead Plaintiff and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties.

5.      By operation of the Judgment or Alternative Judgment, as of the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

## THE SETTLEMENT CONSIDERATION

6.      In full settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified in ¶¶4-5, above, all of which the Parties agree are good and valuable consideration, Mesa and/or the Mesa Defendants' insurers shall pay, or cause to be paid, the Settlement Amount into the Escrow Account within thirty (30) calendar days following the later of: (i) the date of entry of the Preliminary Approval Order, and (ii) Lead Counsel providing to Defendants' Counsel the information necessary to effectuate a transfer of funds to the Escrow Account, consisting of wire transfer instructions and a complete and executed Form W-9 for the Settlement Fund that reflects a valid tax identification number.  If the Settlement Amount is not timely paid to the Escrow Agent, Lead Plaintiff may terminate the Settlement but only if (a) Lead

Counsel has notified Defendants' counsel in writing of Lead Counsel's intention to terminate the Settlement, and (b) the entire Settlement Amount is not transferred to the Escrow Agent within ten (10) business days after Lead Counsel has provided such written notice.  Once the Settlement Amount is deposited by Mesa and/or the Mesa Defendants' insurers, they shall have no right to the return of such funds except as provided in the termination provisions in ¶¶41-48 below.

7.     With the sole exception of Mesa's obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in ¶6, the Mesa Defendants' obligation pursuant to ¶22, and the Mesa Defendants' obligation pursuant to ¶38, Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

8.     Other than the obligation of Mesa and/or its insurance carriers to cause payment of the Settlement Amount pursuant to ¶6, and any Class Action Fairness Act of 2005 ("CAFA") expenses referred to in ¶22 which will be paid by Mesa and/or its insurance carriers, Defendants shall have no obligation to make any other payments into the Escrow Account or to any Settlement Class Member pursuant to this Stipulation.

## USE AND TAX TREATMENT OF SETTLEMENT FUND

9.     The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses awarded by

the Court; (iv) to pay any other fees and expenses awarded by the Court; and (v) to pay the claims of Authorized Claimants.

10.     The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶23-28 hereof.  The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court.  The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance.  Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent.  All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

11.     After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Amount being a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.  In addition, the Claims Administrator shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph 11, including the "relation-back election" (as defined in Tres. Reg. § 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation

for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur.  Consistent with the foregoing:

a.      For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be the Claims Administrator, who shall timely and properly file, or cause to be filed, all tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)).  Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this paragraph 11.

b.      All Taxes shall be paid out of the Settlement Fund.  In all events, Defendants and Defendants' Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any Tax return or other document with the Internal Revenue Service or any other state or local taxing authority.  Defendants shall have no liability or responsibility for the Taxes of the Escrow Account with respect to the Settlement Amount nor the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority.  In the event any Taxes are owed by any of the Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

c.      Taxes with respect to the Settlement Amount and the Escrow Account shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Escrow Agent out of the Settlement Fund without prior order from the Court or approval by Defendants, as directed by Lead Counsel and the Claims Administrator.  The Escrow Agent shall be

obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)), as directed by Lead Counsel and the Claims Administrator.  The Parties agree to cooperate with each other, the Escrow Agent, the Claims Administrator, and their tax attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this paragraph 11.

12.     This is not a claims-made settlement.  As of the Effective Date, Defendants, and/or any other Person funding the Settlement on a Defendant's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

## ATTORNEY'S FEES AND EXPENSES

13.     Lead Counsel, on behalf of all Plaintiff's Counsel, will apply to the Court for an award from the Settlement Fund of attorneys' fees and payment of litigation expenses incurred in prosecuting the Action, including reimbursement to Lead Plaintiff pursuant to the PSLRA, plus earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund.  Defendants shall take no position with respect to any Fee and Expense Application.

14.     The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.  Any attorneys' fees and expenses awarded by the Court shall be paid from the Settlement Fund to Lead Counsel immediately after entry of the Order awarding such attorneys' fees and expenses and entry of the Judgment or Alternative Judgment, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof.  Lead Counsel shall allocate any Court-awarded attorneys' fees and expenses among Plaintiff's Counsel.

15.     Any payment of attorneys' fees and expenses pursuant to ¶¶13-14 above shall be subject to Plaintiff's Counsel's obligation to make refunds or repayments to the

Settlement Fund of any paid amounts, plus accrued earnings at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable court order.  Lead Counsel shall make the appropriate refund or repayment in full no later than twenty (20) business days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.

16.     Lead Counsel's Fee and Expense Application may include a request for reimbursement of Lead Plaintiff's reasonable costs and expenses in connection with its representation of the Class pursuant to 15 U.S.C. § 77z-1(a)(4).  However, in the event that the Effective Date does not occur, or the judgment or the order approving Lead Plaintiff's application for an award for its costs and expenses is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes final and not subject to review, then Lead Plaintiff shall within twenty (20) business days after receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund or to Defendants if appropriate such amounts for costs and expenses previously paid to Lead Plaintiff from the Settlement Fund plus interest thereon at the same net rate as is earned by the Settlement Fund in an amount consistent with such reversal or modification.

17.     With the exception of Mesa's and/or its insurance carriers' obligation to pay the Settlement Amount into the Escrow Account as provided for in ¶6, Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Plaintiff's Counsel in the Action that may occur at any time.

18.     Defendants shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses among Plaintiff's Counsel in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

19.     Defendants shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Settlement Class Members, whether or not paid from the Escrow Account.  The Settlement Fund will be the sole source of payment from Defendants for any award of attorneys' fees and expenses ordered by the Court.

20.     The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and are separate from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment or Alternative Judgment approving the Stipulation and the Settlement set forth herein.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶41 or otherwise based on the Court's or any appellate court's ruling with respect to fees and expenses in the Action.

**<u>NOTICE AND ADMINISTRATION EXPENSES</u>**

21.     Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

22.     Prior to the Effective Date, without further approval from Defendants or further order of the Court, Lead Counsel may expend up to $150,000 from the Settlement Fund to pay Notice and Administration Expenses actually incurred. Additional sums for

this purpose prior to the Effective Date may be paid from the Settlement Fund upon order of the Court.  Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of Defendants or further order of the Court.  After the Effective Date, without approval of Defendants or further order of the Court, Notice and Administration Expenses may be paid as incurred. Mesa on behalf of all Defendants, shall be responsible for providing any required notice under CAFA, if any, at its own expense.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

23.     Except as otherwise provided herein, the Settlement Fund shall be held in the Escrow Account until the Effective Date.

24.     The Claims Administrator, subject to such supervision and direction of Lead Counsel and/or the Court as may be necessary or as circumstances may require, shall administer the Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of Allocation, and subject to the jurisdiction of the Court. Defendants and Defendants' Counsel shall have no responsibility for (except as stated in ¶¶6 and 38 hereof), interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability to the Settlement Class in connection with such administration.

25.     The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

26.     Defendants have no role in the development of, and will take no position with respect to, the Plan of Allocation. Any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Plan of Allocation is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff

and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶41 or otherwise based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action.  Defendants and Defendants' Counsel shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

27.     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

28.     If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, redistribute such balance in an equitable and economic fashion among Authorized Claimants who have cashed their checks.  Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be donated to Investor Protection Trust, a nation-wide non-profit organization dedicated to providing investor education and advocacy, or to another non-sectarian, not-for-profit charitable organization serving the public interest designated and approved by the Court.

## ADMINISTRATION OF THE SETTLEMENT

29.     Any Settlement Class Member who fails to timely submit a valid Proof of Claim (substantially in the form of Exhibit 2 to Exhibit A) will not be entitled to receive any of the proceeds from the Net Settlement Fund, except as otherwise ordered by the

Court, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and all releases provided for herein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept for processing late submitted claims so long as the distribution of the Net Settlement Fund is not materially delayed.  Plaintiff's Counsel shall have no liability for not accepting late claims.

30.     Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deems to be *de minimis* or formal or technical defects in any Proof of Claim submitted.  Defendants and Defendants' Counsel shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging of claims, subject to Defendants' right to receive reasonable information concerning the settlement administration process upon request.  Lead Counsel was and is solely responsible for designating the Claims Administrator, subject to approval by the Court.

31.     For purposes of determining the extent, if any, to which a claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.     Each Claimant shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b.     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is

extended by Order of the Court.  Any Settlement Class Member who fails to submit a Claim Form by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, late-filed Claim Forms are accepted by Lead Counsel in its discretion and approved by the Court), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment and all releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Defendant Party asserting any Released Claims.  A Claim Form shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator;

c.      Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, which shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

d.      Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim Form in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

e.      If any Claimant whose timely claim has been rejected in whole or in

part for curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

32.   Each Claimant who submits a Claim Form shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, including but not limited to, all releases provided for herein and in the Judgment or Alternative Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's claim.

33.   Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all Claimants.  All Settlement Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and the releases provided for herein and therein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

34.   All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment or Alternative Judgment.

35.     No Person shall have any claim of any kind against the Released Defendant Parties or Defendants' Counsel with respect to the matters set forth in this section (*i.e.*, ¶¶29-36) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

36.     No Person shall have any claim against Lead Plaintiff, Lead Counsel, or the Claims Administrator, or other agent designated by Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## **TERMS OF THE PRELIMINARY APPROVAL ORDER**

37.     Concurrently with their application for preliminary approval by the Court of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A. The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Settlement Class.

38.     Mesa shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiff or the Settlement Class, promptly after entry of the Preliminary Approval Order, transfer records in electronic searchable form, such as Excel, containing the names and addresses of Persons who purchased or acquired Mesa securities pursuant and/or traceable to the Company's IPO commenced on or around August 9, 2018, *i.e.*, those who purchased or acquired Mesa securities prior to February 5, 2019.

## **TERMS OF THE JUDGMENT**

39.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT

40.     The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

a.     Entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

b.     Payment of the Settlement Amount into the Escrow Account;

c.     Approval by the Court of the Settlement, following notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

d.     A Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final; or in the event that an Alternative Judgment has been entered, the Alternative Judgment has become Final.

## WAIVER OR TERMINATION

41.     Defendants and Lead Plaintiff shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties hereto within fourteen (14) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's Final refusal to approve this Stipulation or any material part of it; (iii) the Court's Final refusal to enter (a) the Judgment in any material respect or (b) an Alternative Judgment; or (iv) the date upon which the Judgment or Alternative Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals, or the Supreme Court of the United States. For the avoidance of doubt, Lead Plaintiff shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application or any plan of allocation.  For the further avoidance of doubt, Defendants shall deem any decision, ruling, or order that purports to limit the scope of the Released

27

Claims or the Released Defendant Parties to constitute a material change for purposes of the foregoing.

42.    In addition to the foregoing, Defendants shall also have the right to terminate the Settlement in the event the Opt-Out Threshold (defined below) has been reached.

a.    Simultaneously herewith, Defendants' Counsel and Lead Counsel are executing a Confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement").  The Supplemental Agreement sets forth certain conditions under which Defendants shall have the sole option to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Opt-Out Threshold").  The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties agree that the Supplemental Agreement and/or any of its termswill be submitted to the Court in camera or under seal. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶47-50 which shall continue to apply.

43.    The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Upon receiving any request for exclusion pursuant to the Notice, Lead Counsel shall promptly, and in no event no later than three (3) business days after receiving a request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, notify Defendants' Counsel of such request for exclusion and provide copies of such request for exclusion and any

28

documentation accompanying it by email.

44.     In addition to all of the rights and remedies that Lead Plaintiff has under the terms of this Stipulation, Lead Plaintiff shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶6 above, pursuant to the procedures described in ¶6 above.

45.     If, before the Settlement becomes Final, any Defendant files for protection under the Bankruptcy Code or any similar law or a trustee, receiver, conservator, or other fiduciary is appointed under Bankruptcy, or any similar law, and in the event of the entry of a Final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Settlement Fund by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund on behalf of such Defendant by others, then, at the election of Lead Plaintiff, the Parties shall jointly move the Court to vacate and set aside the release given and the Judgment or Alternative Judgment entered in favor of that Defendant and that Defendant and Lead Plaintiff and the members of the Settlement Class shall be restored to their litigation positions immediately prior to March 2, 2022.  All releases and the Judgment or Alternative Judgment as to other Defendants shall remain unaffected.

a.     Mesa warrants as to the payments it or its insurers makes pursuant to this Stipulation, that, at the time of such payment, it will not be insolvent, nor will payment render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof.

46.     If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶41-45 above: (i) neither Defendants nor Lead Plaintiff (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Defendants or Lead Plaintiff, as applicable.

47.     With the exception of the provisions of ¶¶47-50 which shall continue to apply, in the event the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to March 2, 2022; and, except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any related order had not been entered.  In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation, including the confirmatory discovery the Mesa Defendants provided, shall not be admissible in this Action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Lead Plaintiff, in any court filing, deposition, at trial, or otherwise.

48.     In the event the Settlement is terminated, as provided herein, or fails to become effective, any portion of the Settlement Amount previously paid into the Escrow Account, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned to the entity depositing such funds (i.e., Mesa and/or its insurers) within fifteen (15) business days after written notification of such event in accordance with instructions provided by Defendants' Counsel to Lead Counsel.  The Claims Administrator shall apply for any Tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to Defendants or as otherwise directed by Defendants.

## **NO ADMISSION**

49.     Except as set forth in ¶50 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any

matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, including documents produced as part of confirmatory discovery, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

a. Do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

b. Do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

c. Do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

d. Do not constitute, and shall not be construed against Defendants, Lead Plaintiff, or any other member of the Settlement Class, as an admission or

concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

        e.      Do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

        50.      Notwithstanding ¶49 above, the Parties, and their respective counsel, may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy.  The Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment or Alternative Judgment. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

### **MISCELLANEOUS**

        51.      All of the exhibits to the Stipulation, except any plan of allocation to the extent incorporated in those exhibits, and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

        52.      The Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Released Claims and Released Defendants' Claims.  Accordingly, the Parties agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis.  The Parties and their respective

counsel agree that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel and the assistance and recommendation of a well-qualified mediator.

53.     This Stipulation, along with its exhibits and the Supplemental Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by counsel for the Parties hereto, or their successors, that are materially and adversely affected by the modification, amendment, or waiver.

54.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

55.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees, expenses, and any award to Lead Plaintiff pursuant to 15 U.S.C. § 77z-1(a)(4) and implementing and enforcing the terms of this Stipulation.

56.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

57.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement as against the Defendants, and no representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized

33

in such documents.

58.    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

59.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

60.    All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation.

61.    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures sent by facsimile or via e-mail in pdf format shall be deemed originals.

62.    This Stipulation shall be binding when signed, subject to the settlement reaching its Effective Date pursuant to ¶40 and the provisions for termination set forth in ¶¶41-48.

63.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

64.    The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of Arizona without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

65.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

66.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

67.     The Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement and Lead Counsel's Fee and Expense Application, and to agree promptly upon and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

68.     If any disputes arise out of the finalization of the settlement documentation or the Settlement itself prior to joint submission to the Court of the application for preliminary approval of the Settlement as set forth in ¶37 above, those disputes will be resolved by the Mediator first by way of expedited telephonic mediation and, if unsuccessful, then by final, binding, non-appealable resolution by the Mediator.

69.     Except as otherwise provided herein, each Party shall bear its own costs.


Dated: May 6, 2022                    By: */s/ James M. Wilson, Jr.*
                                      James M. Wilson, Jr.

                                      Lubna Faruqi (*Admitted pro hac vice*)
                                      Robert W. Killorin (*Admitted pro hac vice*)
                                      James M. Wilson, Jr. (*Admitted pro hac vice*)
                                      **FARUQI & FARUQI, LLP**
                                      685 Third Avenue, 26th Floor
                                      New York, NY 10017
                                      Telephone: 212-983-9330
                                      Facsimile: 212-983-9331
                                      Email: lfaruqi@faruqilaw.com
                                             rkillorin@faruqilaw.com
                                             jwilson@faruqilaw.com

*Attorneys for Class Representative DeKalb County Pension Fund and Lead Counsel for the Class*

Gary F. Urman
**DECONCINI MCDONALD YETWIN & LACY, P.C.**
2525 East Broadway, Suite 500
Tucson, Arizona 85716
Telephone:520-322-5000
Facsimile: 520-322-5585
Email: gurman@dmyl.com
*Attorneys for Class Representative DeKalb County Pension Fund and Liaison Counsel for the Class*

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
Nina F. Locker (*pro hac vice*)
Laurie B. Smilan (*pro hac vice*)
Charles A. Talpas (*pro hac vice*)
Douglas W. McManaway (*pro hac vice*)
650 Page Mill Road
Palo Alto, CA 94304

*/s/ Laurie B. Smilan*
Laurie B. Smilan

**RICKETTS & CASE LLP**
Cynthia A. Ricketts (Arizona Bar No. 012668)
Andrew C. Stanley (Arizona Bar No. 029789)
2800 N. Central Avenue, Suite 1910
Phoenix, AZ 85004

*Attorneys for Mesa Defendants*

*/s/ Agnès Dunogué*
Agnès Dunogué

**SHEARMAN AND STERLING LLP**
Agnès Dunogué (*pro hac vice*)
Adam S. Hakki (*pro hac vice*)
599 Lexington Avenue
New York, NY 10022-6069

**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
Edwin A. Barkel (Arizona Bar No. 021666)
John C. Gray (Arizona Bar No. 028454)
Michael C. Brown (Arizona Bar No. 030524)
201 East Washington Street, Suite 1200

Phoenix, AZ 85004

*Attorneys for Underwriter Defendants*