# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| David G. Lowthorp, | No. CV-20-00648-PHX-MTL |
| Plaintiff, | **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |
| v. | |
| Mesa Air Group Incorporated, et al., | **EXHIBIT A TO STIPULATION OF SETTLEMENT** |
| Defendants. | |

WHEREAS:

A.      On May 6, 2022 Lead Plaintiff DeKalb County Pension Fund ("Plaintiff"), and all other Settlement Class Members, on the one hand, and Mesa Air Group, Inc. ("Mesa," or the "Company"), Jonathan G. Ornstein, Michael J. Lotz, Daniel J. Altobello, Ellen N. Artist, Mitchell Gordon, Dana J. Lockhart, G. Grant Lyon, Giacomo Picco, Harvey Schiller, and Don Skiados, Raymond James & Associates, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Cowen and Company, LLC, Stifel, Nicolaus & Company, Incorporated, and Imperial Capital, LLC (collectively, "Defendants"), on the other, entered into the Stipulation of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Amended Class Action Complaint, filed on August 17, 2020, on the merits and with prejudice (the "Settlement");

B.      The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C.      The Parties to the Stipulation have consented to the entry of this order; and

D.      All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, that:

1.      The Court has reviewed the Stipulation and does hereby preliminarily find, pursuant to Fed. R. Civ. P. 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Fed. R. Civ. P. 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.      Excluded from the previously-certified class is any Person who would otherwise be a Settlement Class Member but who timely and validly excludes themselves therefrom.

3.      A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, either in person or

telephonically at the Court's discretion, on _____, 2022, at __:____ __.m. [a date that is at least 120 calendar days from the date of this Order], for the following purposes:

(a)     to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court;

(b)     to determine whether the proposed Judgment as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by this Court;

(d)     to consider Lead Counsel's application for an award of attorneys' fees and expenses (which may include an application for an award to Lead Plaintiff for its reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to 15 U.S.C. § 77z-1(a)(4)); and

(e) to rule upon such other matters as the Court may deem appropriate.

4.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing, decide to hold the hearing telephonically, or modify any of the dates herein without further individual notice to the members of the Settlement Class.  Any such changes shall be posted on the Claims Administrator's website.

5.     The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and the Proof of Claim and Release form (the "Claim Form"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

6.     The Court approves the retention of A.B. Data, Ltd. as the Claims Administrator.

7.     The Court approves the appointment of Huntington National Bank as the Escrow Agent to manage and administer the Settlement Fund for the benefit of the Class.

-2-

8.      Not later than seven (7) calendar days after the Court signs and enters this Order, Mesa shall provide and/or cause its transfer agent to provide to Lead Counsel transfer records in electronic searchable form, such as an Excel spreadsheet, containing the names and addresses of Persons who may have purchased or acquired Mesa's securities pursuant and/or traceable to the Company's IPO commenced on or around August 9, 2018.  This information shall be kept confidential and shall not be used for any purpose other than to provide the notice contemplated by this Order.

9.      Not later than twenty-one (21) calendar days after entry of this Preliminary Approval Order (the "Notice Date"), the Claims Administrator, shall mail, by first-class mail, postage prepaid, the Notice and Claim Form to the list of record holders of Mesa securities, and shall post to its website at www._____.com the Stipulation and its exhibits, this Order, and a copy of the Notice and Claim Form.

10.     The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities that purchased or acquired Mesa securities pursuant and/or traceable to the Company's IPO as record owners but not as beneficial owners.   Such nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice and Claim Form, request from the Claims Administrator sufficient copies of the Notice and Claim Form to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS after receipt thereof forward them to all such beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice and Claim Form, provide a list of the names, addresses, and email addresses (to the extent known) to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to such beneficial owners.  The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, up to $0.70 per unit if the nominee or custodian elects to undertake the mailing of the Notice and Claim Form or up to $0.10 per name if the nominee or custodian provides the names and addresses to the Claims Administrator, which expenses would not have been incurred except

-3-

for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

11.    The Court approves the form of the Summary Notice substantially in the form annexed hereto as Exhibit 3, and directs that the Claims Administrator shall cause the Summary Notice to be published in *Investor's Business Daily* and transmitted over *GlobeNewswire* within fourteen (14) calendar days after the Notice Date.

12.    Lead Counsel shall, at least seven (7) calendar days prior to the Settlement Hearing, file with the Court proof of mailing of the Notice and Claim Form and proof of publishing of the Summary Notice.

13.    The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1(a)(7), and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

14.    In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)    A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked or submitted electronically no later than _____ __, 2022 [a date that is at least ninety (90) calendar days from the Notice Date]. Such deadline may be further extended by Court order. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid), or when received if submitted electronically. Any Class Member who does not timely submit a Claim Form within the time provided for, shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and

-4-

judgments in this Action concerning the Settlement, as provided in paragraph 16 of this order. Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Lead Plaintiff, Lead Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted claims.

(b)    The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)    As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

15.    Any Settlement Class Member may enter an appearance in this Action at his, her, or its own expense, individually or through counsel of his, her, or its choice.  If any Settlement Class Member does not enter an appearance, he, she, or it will be represented by Lead Counsel.

16.    Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A Settlement Class Member wishing to make such request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received, not simply postmarked, on or before _____ __, 2022 [a date that is at least twenty-one (21) calendar days prior to the Settlement Hearing].  Such request for exclusion must

state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Class and does not wish to participate in the settlement in *Lowthorp v. Mesa Air Group Inc., et al*, 2:20-cv-00648-MTL (D. Ariz.)," and must be signed by such Person.  Such Persons requesting exclusion are also directed to state the transaction information requested in the Notice, and provide copies of broker confirmations or other documentation of those transactions.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

17.     Putative Settlement Class Members who timely (as determined by the Court) and validly request exclusion from the Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

18.     The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, the application for an award of attorneys' fees, expenses, and/or an award to Lead Plaintiff only if such Settlement Class Member has served by hand or by mail his, her, or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, by the Clerk of Court, Lead Counsel, and Defendants' Counsel at the addresses set forth below:

**<u>Clerk's Office</u>**
Clerk of the Court
United States District Court District of Arizona - Phoenix Division
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 West Washington Street, SPC 1
Phoenix, AZ 85003-2118

**<u>Lead Counsel</u>**
James M. Wilson, Jr.
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, NY 10017

**<u>Defendants' Counsel</u>**
Nina F. Locker
Charles A. Talpas
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050

Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the requests for attorneys' fees, expenses, or Lead Plaintiff award, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, expenses, and an award to Lead Plaintiff are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, expenses, and an award to Lead Plaintiff and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

19.    Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

20.    Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action which asserts Released Claims against the Released Defendant Parties.

21.    As provided in the Stipulation, the Escrow Agent may disburse at the direction of Lead Counsel up to $150,000 from the Settlement Fund prior to the Effective Date to pay Notice and Administration Expenses. For any additional Notice and Administration Expenses above $150,000, Lead Counsel shall obtain Court approval for payments out of the Escrow Account.

22.    All papers in support of the settlement, Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses or by Lead Plaintiff for his costs and expenses shall be filed and served on or before _____ __, 2022 [a date that is at least fifty-six (56) calendar days prior to the date set herein for the Settlement Hearing]. If reply papers are necessary, they

-7-

are to be filed and served by _____ __, 2022 [a date that is at least seven (7) calendar days prior to the Settlement Hearing].

23.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order(s) of the Court.

24.    Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for fees, expenses, or costs submitted by Lead Counsel or Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

25.    If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of March 2, 2022.

26.    All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts incurred or disbursed pursuant to ¶¶11 or 22 of the Stipulation.