# EXHIBIT 3

**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Attorneys for Plaintiff*
[Additional Counsel Appear on Signature Page]

**ENDORSED FILED**
**SAN MATEO COUNTY**

AUG 1 6 2018

Clerk of the Superior Court
By TERRI MARAGOULAS
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

| | |
|---|---|
| JOHNNY HOSEY, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>         v.<br><br>RICHARD COSTOLO, MIKE GUPTA, LUCA BARATTA, JACK DORSEY, PETER CHERNIN, PETER CURRIE, PETER FENTON, DAVID ROSENBLATT, EVAN WILLIAMS, and TWITTER, INC.,<br><br>              Defendants. | Case No. 16-CIV-02228<br><br>CLASS ACTION<br><br>**JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Assigned for All Purposes to<br>Hon. Marie S. Weiner, Dept. 2<br><br>Date Action Filed:   Nov. 4, 2016<br>Trial Date:         Not Set |

JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, the Settling Parties,[1] through their counsel, have agreed, subject to Court approval following notice to the Class and a hearing, to settle the above-entitled action (the "Action") upon the terms and conditions set forth in the Stipulation of Settlement dated April 6, 2018 (the "Stipulation"), which was filed with the Court, and

WHEREAS, on May 3, 2018, the Court entered its Order Preliminarily Approving Settlement and Confirming Settlement Hearing, which preliminarily approved the Settlement, and approved the form and manner of notice to the Class of the Settlement, and said notice has been made, and the Settlement Fairness Hearing having been held,

NOW, THEREFORE, based upon the Stipulation and all of the filings, records and proceedings herein, and it appearing to the Court upon examination that the Settlement set forth in the Stipulation is fair, reasonable and adequate,

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

A.      This Court has jurisdiction of the subject matter of this Action and over all of the Settling Parties and all members of the Class for purposes of the Settlement;

B.      With respect to the Class, the Court finds that

(i)      The members of the Class are so numerous that their joinder in this Action is impracticable.

(ii)      The Class is ascertainable because members of the Class share common characteristics that are sufficient for persons to determine whether they are members of the Class, *i.e.*, they purchased or otherwise acquired Twitter common stock pursuant or traceable to the Registration Statement issued in connection with Twitter's IPO (the "Registration Statement"). The Class is limited

---

[1] As used herein, the term "Settling Parties" means (i) Plaintiff Johnny Hosey ("Plaintiff") (on behalf of himself and each of the Class Members), by and through his counsel of record, and (ii) Defendants Twitter, Inc. ("Twitter"), Richard Costolo, Jack Dorsey, Peter Chernin, Peter Currie, Peter Fenton, David Rosenblatt, Evan Williams, Luca Baratta, and Mike Gupta (the "Individual Defendants," and collectively with Twitter, "Defendants").

to persons who purchased or otherwise acquired Twitter common stock issued pursuant to the Registration Statement between November 7, 2013 and February 18, 2014, inclusive, because Twitter stock that was not issued pursuant to the Registration Statement was publicly trading by February 19, 2014, making it difficult or impossible for persons who purchased on or after February 19, 2014 to trace their stock to the Registration Statement.

(iii)    There are questions of law and fact common to the Class. Those questions include whether the Defendants violated the Securities Act of 1933, whether the Registration Statement contained misstatements or omissions, whether any misstatements or omissions were material, and whether any misstatements or omissions caused harm to the members of the Class.

(iv)    The claims of Plaintiff are typical of the claims of the Class Members. Plaintiff claims to have purchased the common stock traceable to the same Registration Statement as the members of the Class. Consequently, Plaintiff claims that he and the other members of the Class sustained damages as a result of the same misconduct by Defendants.

(v)    Plaintiff and Plaintiff's Counsel have fairly and adequately represented and protected the interests of the Class Members. Plaintiff has no interests in conflict with absent members of the Class. The Court is satisfied that Plaintiff's Counsel are qualified and experienced and have represented the Class to the best of their abilities.

(vi)    The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members.

(vii)    A class action is the superior means of resolving this Action.

C.    The form, content, and method of dissemination of notice given to the Class was adequate and reasonable, and constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort.

D.    Notice, as given, complied with the requirements of California law, satisfied the requirements of due process and constituted due and sufficient notice of the matters set forth herein.

E.    The Settlement of $2,500,000 set forth in the Stipulation is fair, reasonable, and adequate.

(i)    The Settlement was vigorously negotiated at arm's length by Plaintiff on behalf of the Class and by Defendants, all of whom were represented by highly experienced and skilled counsel.

2

The case settled only after: (a) a mediation conducted by an experienced mediator who was familiar with this Action; (b) Plaintiff's Counsel's extensive investigation, which included, among other things, a review of Twitter's press releases, Securities and Exchange Commission filings, analyst reports, media reports and other publicly disclosed reports and information about the Defendants; (c) the drafting and submission of a Complaint for Violation of §§ 11 and 15 of the Securities Act of 1933, of which the Section 11 claim survived Defendants' demurrer; (d) the review and analysis of non-public documents produced by Defendants and Plaintiff; and (e) extensive briefing on Defendants' motion for summary judgment on the statute of limitations issue. Accordingly, both Plaintiff and Defendants were well-positioned to evaluate the settlement value of this Action. The Stipulation has been entered into in good faith and is not collusive.

(ii)    If the Settlement had not been achieved, both Plaintiff and Defendants faced the expense, risk, and uncertainty of extended litigation. The Court takes no position on the merits of either Plaintiff's or Defendants' arguments, but notes these arguments as evidence in support of the reasonableness of the Settlement.

F.    Plaintiff and Plaintiff's Counsel have fairly and adequately represented the interest of the Class Members in connection with the Settlement.

G.    Plaintiff, all Class Members, and Defendants are hereby bound by the terms of the Settlement set forth in the Stipulation.

**IT IS HEREBY ORDERED THAT**

1.    The Class, defined in the Stipulation as "all Persons that purchased or otherwise acquired Twitter common stock pursuant or traceable to Twitter's Registration Statement, with a purchase or acquisition date between November 7, 2013 and February 18, 2014, inclusive" is certified solely for purposes of this Settlement. Excluded from the Class are (i) Twitter, (ii) the Individual Defendants, (iii) any current and former officers and directors of Twitter, (iv) the Underwriters, and (v) all such excluded Persons' immediate family members, legal representatives, heirs, parents, wholly-owned subsidiaries, successors, and assigns. Notwithstanding the foregoing sentence, the Class shall include any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which the Underwriters, or any of them, have, has or

3

may have a direct or indirect interest, or as to which any Underwriter's affiliates may act as an investment advisor, but as to which any Underwriter alone or together with any of its respective affiliates is neither a majority owner nor the holder of a majority beneficial interest. Also excluded from the Class are Persons otherwise meeting the definition of Class Members who submitted valid and timely requests for exclusion from the Settlement and whose names are set forth in the attached Exhibit A to this Order.

2. Persons who purchased or otherwise acquired Twitter common stock after February 18, 2014 are excluded from the certified class because it will be difficult or impossible for them to trace their stock to the Registration Statement due to the commingling of publicly traded Twitter common stock that had been registered under the Registration Statement with publicly traded Twitter common stock that had not been registered under the Registration Statement on February 19, 2014.

3. The Settlement on the terms set forth in the Stipulation is finally approved as fair, reasonable and adequate. The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

4. Upon the Effective Date, Plaintiff and each Class Member shall be deemed to have, and by operation of this judgment (the "Judgment") shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, whether or not such Class Member executes and delivers a Proof of Claim.

5. Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released Plaintiff, Plaintiff's Counsel and each and all of the Class Members from all Settled Defendants' Claims.

6. All Class Members who have not made their objections to the Settlement in the manner provided in the Notice of Proposed Settlement of Class Action (the "Long Notice") are deemed to have waived any objections by appeal, collateral attack, or otherwise.

7. All Class Members who have failed to properly file requests for exclusion (requests to opt out) from the Class are bound by the terms and conditions of the Stipulation and this Judgment.

4

8.     The requests for exclusion, if any, by the persons or entities identified in Exhibit A to this Judgment are accepted by the Court.

9.     All other provisions of the Stipulation are incorporated into this Judgment as if fully rewritten herein. To the extent that the terms of this Judgment conflict with the terms of the Stipulation, the Stipulation shall control.

10.     Plaintiff and all Class Members are hereby barred and enjoined from instituting, commencing, maintaining, or prosecuting in any court or tribunal any of the Released Claims against any of the Released Parties.

11.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be, or may be used, as a presumption, concession, or admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of the Defendants and the Released Parties, or (b) is or may be deemed to be, or may be used, as a presumption, concession, or admission of, or evidence of, any fault or omission of any of the Defendants and the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, or (c) is or may be deemed to be an admission or evidence that any claims asserted by Plaintiff were not valid in any civil, criminal or administrative proceeding. Defendants and the Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     Pursuant to and in full compliance with California law, this Court hereby finds and concludes that due and adequate notice was directed to all Persons and entities who are Class Members advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to all Persons and entities who are Class Members to be heard with respect to the Plan of Allocation.

13.     The Court hereby finds and concludes that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Long Notice available to Class Members, provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund established by the

5

Stipulation among Class Members, with due consideration having been given to administrative convenience and necessity.

14. The Court hereby awards Plaintiff's Counsel attorneys' fees of $ *750,000.00*, plus expenses in the amount of $ *99,813*, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable given the contingent nature of the case and the substantial risks of non-recovery, the time and effort involved, and the result obtained for the Class.

15. The awarded attorneys' fees and expenses and interest earned thereon shall immediately be paid to Plaintiff's Counsel from the Settlement Fund subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions and obligations are incorporated herein.

16. Time and expenses are awarded to Plaintiff in the amounts indicated: Johnny Hosey, $ *5000* . Such reimbursement is appropriate considering his active participation as Plaintiff in this Action, as attested to by the declarations submitted to the Court. Such reimbursement is to be paid from the Settlement Fund.

17. In the event that the Stipulation is terminated in accordance with its terms, (i) this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, and (ii) this Action shall proceed as provided in the Stipulation.

18. Without affecting the finality of this Judgment in any way, this Court retains continuing Jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and expenses in this Action; and (d) all Parties for the purpose of construing, enforcing, and administrating the Stipulation.

19. The Court finds that during the course of this Action, the Released Parties and their respective counsel at all times acted professionally and in compliance with California Code of Civil Procedure § 128.7, and all similar statutes or court rules with respect to any claims or defenses in this Action.

JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

IT IS SO ORDERED.

Dated: _8/16/18_

By: _____

HONORABLE MARIE S. WEINER
CALIFORNIA SUPERIOR COURT JUDGE

7

JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

## EXHIBIT A

Clare Baker
Talaat Berjawi
~~Susan L. Campana*~~
Contrarius Investment Management Limited
Contrarius Global Equity Fund
Contrarius Global Equity Fund (Ireland)
Contrarius Global Absolute Fund (Ireland)
Herman Ray Deary
Ida Fanelli
~~Bandula Fernando~~
Marilyn Gray
Susan Hum
~~Haruki Nakamoto~~
Diane Nebel (on behalf of James Nebel)
~~Gayle Roberts*~~
Igor Rudyak
Maureen Ryan
~~Michael and Diana Salton*~~
Jonathan Sato
~~Matthew Scinto~~
George and Diane Stittgen
~~Jeff Vaughn~~
Wai Yeung