# EXHIBIT 5

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/3/13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x

In re WORLDSPACE, INC. SECURITIES :    No. 07 Civ 02252 (RMB)
LITIGATION                :

                                     :        **ORDER**

------------------------------------------------------x

### ORDER CERTIFYING THE SETTLEMENT CLASS, APPROVING THE SETTLEMENT AND THE PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS, AND DIRECTING PAYMENT TO CLASS MEMBERS

This matter came before the Court for hearing on May 22, 2013, pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated January 25, 2013, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated October 11, 2012 (the "Stipulation") in the Action. Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class.

3.      The Court hereby finally certifies a Class defined as: "All Persons (other than those Persons who timely and validly request exclusion from the Class), who purchased the common stock of WorldSpace pursuant and/or traceable to the Company's initial public offering on or about August 4, 2005 through March 16, 2006, inclusive, excluding (i) one of the Defendants; (ii) a member of the immediate family of an Individual Defendant in the Action; (iii) any entity in which a Defendant has a controlling interest; (iv) a director or officer of WorldSpace during the Class Period; or (v) the legal representative, heir, predecessor, successor, or assign of any Defendant in the Action.

4. The court finds that the prerequisites for a class action under Rule 23 have been satisfied. The Class meets the requirements of 23(a) in that: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; and (d) the Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of the Class Members. The Class also meets the requirements of 23(b)(3) in that: (a) there are questions of law and fact common to the Class which predominate over any individual questions; (b) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, considering (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of this Litigation.

5. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the settlement set forth in the Stipulation and finds that:

(a) said Stipulation is, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel with the assistance of an experienced mediator, who was a retired federal District Court Judge, and the Settlement is procedurally fair; and

(d) the record is sufficiently developed and complete to have enabled the Lead Plaintiff and the Defendants to have adequately evaluated and considered their positions.

6. In addition, the Settlement satisfies the standard set forth in this Circuit in *Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974):

(a) This securities litigation has been, and would have continued to be, complex, lengthy and expensive. Among other things, the issues according to plaintiffs involved the determination of the number of subscribers and the Company's churn rate, which was complicated by a subscription grace period provided before radio service was turned off, a passcode providing access that was changed periodically, but which allowed non-paying

subscribers access until it was changed, and a promotional campaign instituted by the Company several months after its initial public offering, which allowed for a shortened subscription period. The determination of damages and loss causation were also disputed issues, which likely would have required expert testimony to resolve. The parties were adamant that their positions were correct and that the evidence supported them. Litigation may have continued for years with depositions about to begin, summary judgment and class certification motions soon to be filed and a possible trial.

(b)     The reaction of the Class to the Settlement is one of the most significant factors and here, not a single Class Member has objected to the Settlement or any of its terms, and only one shareholder has requested to be excluded from the Class without providing any reason for such request. Given that more than 10,000 notices were sent to potential Class Members, the reaction of the Class strongly supports the Settlement.

(c)     The stage of the proceedings were also advanced enough to allow the parties and the Court to be sufficiently informed about the merits of the issues and the strengths and weaknesses of the case to make informed decisions. Defendants' motion to dismiss was denied, hundreds of thousands of pages of documents were produced and analyzed, and the parties engaged in three separate mediation sessions where the issues in dispute were thoroughly debated. As such, there was sufficient information to negotiate the terms of the Settlement.

(d)     Plaintiffs faced a continued risk of establishing liability and would have had to overcome several hurdles to succeed. Defendants consistently claimed they did not make any false statements in connection with the Company's IPO documents and that a variation, if any, was not material given the number of subscribers the Company disclosed it needed for its business plan. In addition, Defendants asserted that any alleged confusion about the Company's subscriber numbers only arose after the IPO in connection with a promotional campaign, and would be immaterial given the number of subscribers. Beyond liability, Plaintiffs had the risk of establishing damages as Defendants offered alternative explanations for the decline in WorldSpace's stock price, and loss causation may have severely limited, if not eliminated, the possible recovery for Plaintiffs.

(e)     While the risk of maintaining a class through trial may not have been a great risk, it still existed as Defendants would likely have attempted to deny class certification

and, even if a class were certified, would likely have attempted to challenge the class representatives.

(f)     The reasonableness of the Settlement in light of the best possible recovery and the risks of litigation is another factor to be considered. This factor must be judged in light of the strengths and weaknesses of the case. Here, the recovery represents approximately 3.3 - 5% of the maximum recoverable damages estimated by Plaintiffs if they were successful on all issues at trial. This amount is within the range of estimated damages for class action securities settlements during the past decade. Moreover, the Settlement provides a recovery for the Class now rather than a speculative recovery sometime in the future.

(g)     A final *Grinnell* factor is the ability of the Defendants to withstand a greater judgment. However, this factor does not render a settlement unreasonable. In any event, here, WorldSpace had filed for bankruptcy and was being liquidated. While certain of the other Defendants may have been able to pay a greater judgment, they had stronger defenses than WorldSpace, including a due diligence defense, and liability against them may have been more difficult for the Plaintiffs to prove.

7.     Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.

8.     Upon the Effective Date hereof, the Lead Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Settled Claims against the Released Parties, whether or not such Class Member executes and delivers the Proof of Claim and Release form or shares in the Settlement Fund.

9.     All Class Members are hereby forever barred and enjoined from prosecuting any of the Settled Claims against any of the Released Parties.

10.     Upon the Effective Date hereto, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiff, each and all Class Members, and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Settled Claims.

11.     The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

12.     Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Settled Claim, or of any wrongdoing or liability of the Defendants or the other Released Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or the other Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Defendants and/or the other Released Parties may file the Stipulation and/or the Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     The Plan of Allocation is approved as fair and reasonable, and Lead Plaintiff's Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

14.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation; and (d) the award of legal fees and costs.

15.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16.     In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     The Court directs the Claims Administrator forthwith to distribute funds to the Class in accordance with this order and the Stipulation. This Order does not provide for legal fees and other related costs. The Claims Administrator shall reserve in escrow $737,224.06, the amount requested by Plaintiff's Lead Counsel for attorneys' fees and expenses. This includes $593,750 (25% of the Settlement Fund) for attorneys' fees and $143,474.06 claimed for expenses. The Court reserves the right to award an amount different from that currently requested by class counsel. After review of Plaintiff's Lead Counsel's expenses and billing records, the Court shall award compensation accordingly.

IT IS SO ORDERED.

DATED:___6/3/13___          _____
                            **THE HONORABLE RICHARD M. BERMAN**
                            **UNITED STATES DISTRICT JUDGE**