# EXHIBIT 7

LIONEL Z. GLANCY #134180
PETER A. BINKOW  #173848
ANDY SOHRN #241388
KATHERINE C. DEN BLEYKER # 257187
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
E-mail:    info@glancylaw.com

LAURENCE ROSEN #219683
ROSEN LAW FIRM
350 Fifth Avenue, Suite 5508
New York, NY 10118
Telephone:  (212) 686-1060
Facsimile:  (212) 202-3827
E-mail:    lrosen@rosenlegal.com

*Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| VIVIAN OH, MICHAEL PFEIFFER, ABHILASH RAO, AND MARC MASONER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MAX CHAN, HIMAX TECHNOLOGIES, INC., BIING-SENG WU, JORDAN WU, JUNG-CHUN LIN, AND CHI MEI OPTOELECTRONICS CORP.,<br><br>Defendants. | Case No.  07-04891 DDP (AJWx)<br>CLASS ACTION<br><br>[~~PROPOSED~~] ORDER AND FINAL JUDGMENT<br><br>Hearing:<br>Date: July 27, 2009<br>Time: 10:00 a.m.<br>Ctrm: Hon. Dean D. Pregerson |

Closed

FILED
CLERK, U.S. DISTRICT COURT

SEP 2 4 2009
9-24-09

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

On July 27, 2009, following notice to all parties and notice to the Class members as described herein, a hearing was held before this Court to consider: Lead Plaintiffs' Motion for Final Approval of Class Action Settlement (the "Settlement Approval Motion") and the Motion of Lead Plaintiffs and Lead Plaintiffs' Counsel for an Award of Attorneys' Fees and Reimbursement of Expenses (the "Fee Petition") and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated January 22, 2009 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants in the Amended Complaint (the "Amended Complaint" or the "Litigation" or the "Action") now pending in this Court under the above caption, including the release of the Defendants and the other Released Parties (as defined in the Stipulation), and should be approved; (2) whether judgment should be entered dismissing the Amended Complaint on the merits and with prejudice as against the Defendants and as against all Persons who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Lead Plaintiffs' Counsel attorneys' fees and reimbursement of expenses.

The Court having considered all matters submitted to it at the hearing and otherwise, and it appearing that: (1) a notice of the hearing on the Settlement Approval Motion and the Fee Petition, substantially in the form approved by the Court was mailed to all Persons reasonably identifiable who purchased or otherwise acquired the American Depositary Shares or common stock ("Securities") of Himax Technologies, Inc. ("Himax") pursuant and/or traceable to Himax's initial public offering ("IPO"), which took place on or about March 30,

2006, during the period from March 30, 2006 through and including November 6, 2006 (the "Class Period"), and were damaged thereby (the "Class"); (2) that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and on the *Marketwire* pursuant to the specifications of the Court; (3) the notices required by the Class Action Fairness Act, 28 U.S.C. §§ 1711 et seq. have been provided; (4) the Court considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and (5) all capitalized terms used herein have the meanings as set forth and defined in the Stipulation,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court has jurisdiction over the subject matter of the Litigation, the Lead Plaintiffs, all Class Members and the Defendants. The Court retains jurisdiction over the parties for purposes of this settlement only.

2.      The Court finds for the purposes of settlement only that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this Court hereby finally certifies this action as a class action on behalf of all persons who purchased or otherwise

acquired the Securities of Himax pursuant and/or traceable to Himax's IPO during the period from March 30, 2006 through and including November 6, 2006, and designates Lead Plaintiffs Vivian Oh, Michael Pfeiffer, Abhilash Rao, and Marc Masoner as Class Representatives.  Excluded from the Class are the Defendants; members of Defendants' immediate families; all individuals who are either current officers and/or directors, or who served as officers and directors at the time of Himax's IPO, in each case, of any of the Defendants or their subsidiaries; any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or any entity which is related to or affiliated with any Defendant and the legal representatives, agents, affiliates, heirs, successors and assigns of any such excluded persons.  Also excluded from the Class are those persons who file valid and timely requests for exclusion in accordance with the Court's Order of Preliminary Approval of Settlement ("Preliminary Approval Order") concerning this Stipulation

4.     Notice of the pendency of this Litigation as a class action, the proposed Settlement and of the date of the July 27, 2009 hearing on the Settlement Approval Motion and Fee Petition was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the pendency of the Litigation as a class action and of the terms and conditions of the proposed Settlement meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C.A. § 77z-1(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

5.     The Court finds that the Stipulation is fair, reasonable, just and adequate as to each of the Parties, and that the Stipulation is hereby finally

approved in all respects, and the Parties are hereby directed to perform according to its terms.

6.    The Amended Complaint is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendants.

7.    Lead Plaintiffs and members of the Class on behalf of themselves and their current and former heirs, executors, administrators, successors, attorneys, insurers and assigns, and any person they represent shall have been deemed to have released, relinquished and forever discharged all Settled Claims (as defined below and in the Stipulation), whether or not the Class member submits a Proof of Claim and Release form, and are hereby permanently barred and enjoined from instituting, commencing or prosecuting any claims that were alleged in the Action, or that could have been alleged in the Action, or any other proceeding, manner of action, actions, causes of action, suits, claims for sums of money, contracts, controversies, agreements, costs, damages, judgments and demands in law, contract, trust or equity, including claims under the federal securities laws, state securities laws, common law and other federal, state laws relating to the purchase of the Securities of Himax pursuant and/or traceable to Himax's IPO on or about March 30, 2006 and the subject matter and facts relating to this Action, including any acts, failures to act, omissions, misrepresentations, statements, misstatements, facts, events, transactions, occurrences or other subject matter set forth, alleged, embraced, encompassed or otherwise referred to in or underlying the Action ("Settled Claims").  The claims that are to be released also include Unknown Claims (as defined in the Stipulation) and Lead Plaintiffs, on behalf of themselves and all members of the Settlement Class, will waive and relinquish such claims to the fullest extent possible under any state, federal or foreign law concerning the release of unknown claims.  Settled Claims do not include claims to enforce any of the terms of the Stipulation and the provisions of

this Order and Final Judgment.

8.    To the maximum extent permitted by law, the Court hereby forever bars all Settled Claims and all claims for indemnity or contribution by any person or entity, whether arising under state, federal or common law, relating specifically to the subject matter of the Action against the Released Parties (as defined in the Stipulation).

9.    The Defendants and any of the other Released Parties, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, demands, rights, duties, remedies, liabilities, and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Litigation or any forum by the Defendants or any of the other Released Parties against any of the Lead Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or Settlement of this Litigation or the Settled Claims, including, but not limited to, all claims for malicious prosecution or sanctions (the "Settled Defendants' Claims") against any of the Lead Plaintiffs, Class Members or their attorneys.  The Settled Defendants' Claims of all of the Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10.    Neither this Order and Final Judgment, the Stipulation, any of the related negotiations or proceedings, nor any of the documents, acts, or statements referred to therein shall be:

a.    offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or

[PROPOSED] ORDER AND FINAL JUDGMENT

6

admission by any of the Defendants with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that had been or could have been asserted in the Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

b.    offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Lead Plaintiffs and the Class as evidence of any infirmity in the claims of Lead Plaintiffs and the Class;

c.    offered or received against the Defendants or against the Lead Plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, Defendants and those in privy with Defendants may use the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or claim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim.

d.    construed against the Defendants or the Lead Plaintiffs and the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

e.    construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the

Complaint would not have exceeded the Settlement Amount.

11.    Any plan of allocation submitted by Lead Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

12.    The Court finds that all parties and their respective counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13.    Exclusive jurisdiction is hereby retained over the Parties and the Class Members for purposes of this Settlement only, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

14.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15.    In the event this Judgment does not become final (including, by way of example and not limitation, being vacated, modified or reversed on appeal), it shall be rendered null and void and shall be vacated and, in such event, (i) all orders entered and releases delivered in connection therewith shall be null and void, (ii) the Class shall be automatically decertified without prejudice to Lead Plaintiffs' right to seek, or Defendants' right to oppose, class certification in the future, and (iii) the Settlement Amount plus accrued interest minus any notice costs, administration costs, or tax expense shall be returned as provided for in the Stipulation.

16.    There is no just reason for delay in the entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is expressly

[PROPOSED] ORDER AND FINAL JUDGMENT

8

directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: _9-24_, 2009

_____
HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE