# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| David G. Lowthorp, Individually And On Behalf Of All Others Similarly Situated,<br><br>          Plaintiff,<br>   V.<br>Mesa Air Group, Inc.; Jonathan G. Ornstein; Michael J. Lotz; Daniel J. Altobello; Ellen N. Artist; Mitchell Gordon; Dana J. Lockhart; G. Grant Lyon; Giacomo Picco; Harvey Schiller; Don Skiados; Raymond James & Associates, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Cowen and Company, LLC; Stifel, Nicolaus & Company, Incorporated; and Imperial Capital, LLC,<br>                    Defendants. | No. 20-00648-PHX-MTL |

**NOTICE OF PENDENCY AND PROPOSED**
**SETTLEMENT OF CLASS ACTION**

**If you purchased or otherwise acquired Mesa Air Group, Inc. ("Mesa" or the "Company") securities pursuant and/or traceable to the Company's initial public offering ("IPO") commenced on or around August 9, 2018 and were damaged thereby, then you may be entitled to a payment from a class action settlement.[1]**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- The purpose of this notice (the "Notice") is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) Lead Counsel's Fee and Expense Application. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Settlement Class.

- On _____, the Court preliminarily approved the Settlement. If given final

---

[1]    All capitalized terms not otherwise defined in this document shall have the meaning provided in the Stipulation of Settlement dated May 6, 2022 (the "Stipulation").

approval by the Court, the proposed Settlement will create a $5,000,000 settlement fund, plus any interest or income earned thereon, for the benefit of eligible Settlement Class Members, less any attorneys' fees, expenses, and costs awarded by the Court, Notice and Administration Expenses, and Taxes.

- This Settlement resolves claims by DeKalb County Pension Fund ("Lead Plaintiff" or "Plaintiff") that have been asserted on behalf of the proposed Settlement Class against defendants Jonathan G. Ornstein, Michael J. Lotz, Daniel J. Altobello, Ellen N. Artist, Mitchell Gordon, Dana J. Lockhart, G. Grant Lyon, Giacomo Picco, Harvey Schiller, and Don Skiados, Raymond James & Associates, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Cowen and Company, LLC, Stifel, Nicolaus & Company, Incorporated, and Imperial Capital, LLC (collectively, "Defendants," and with "Lead Plaintiff," the "Parties"). Defendants deny all allegations of misconduct. The two sides disagree on whether the investors could have won at trial, and if so, how much money they could have won.

- Attorneys for Lead Plaintiff will ask the Court for 25% of the Settlement Fund and up to $80,000 in reimbursement for expenses incurred in prosecuting this lawsuit. Lead Counsel also intends to ask the Court to grant Lead Plaintiff an award of up to $10,000 for reasonable costs and expenses (including lost wages) directly relating to its representation of the class. If approved by the Court, these amounts (totaling approximately $0.14 per allegedly damaged share) will be paid from the Settlement Fund.

- The estimated average recovery, after deducting attorneys' fees and expenses, administrative costs,[2] and Lead Plaintiff's costs and expenses (if approved by the Court), is $0.36 per share).

- **Your legal rights are affected whether you act or do not act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY** _____ | The only way to get a payment. *See* Question 9 below for details. |

---

[2]    The estimated notice and claims administration costs for this Settlement, which shall be paid from the Settlement Fund, are $101,839. The cost is only an estimate, however, as the administration has not fully commenced as of the date of this Notice. Based upon the estimate, the notice and administration costs per share would be approximately $0.01.

2

| EXCLUDE YOURSELF BY _____ | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties (as defined below) concerning the Released Claims (as defined below). *See* Question 12 below for details. |
|---|---|
| OBJECT BY _____ | Write to the Court about why you do not like the Settlement, the proposed Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and payment of expenses, and/or an award of reasonable costs and expenses to Lead Plaintiff. If you object, you will still be a member of the Settlement Class. *See* Question 16 below for details. |
| GO TO A HEARING ON _____ AND FILE A NOTICE OF INTENTION TO APPEAR BY _____ | Ask to speak in Court about the Settlement at the Settlement Hearing about the Settlement. *See* Question 20 below for details. |
| DO NOTHING | Get no payment AND give up your rights to bring your own individual action. *See* Question 21 below for details. |

- These rights and options - **and the deadlines to exercise them** - are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms if the Court approves the Settlement and after appeals are resolved. Please be patient.

## SUMMARY OF THE NOTICE

### Statement of Plaintiff's Recovery

Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has entered into a proposed Settlement with Defendants that, if approved by the Court, will resolve this Action in its entirety. Pursuant to the proposed Settlement, a Settlement Fund consisting of $5 million in cash (the "Settlement Amount"), plus any accrued interest or earnings thereon (the "Settlement Fund"), has been established.

3

### Estimated of Average Amount of Recovery Per Share

Based on Lead Plaintiff's consulting damages expert's analysis, it is estimated that if Settlement Class Members submit claims for 100% of Mesa securities entitled to participate in the Settlement, the estimated average recovery per share of common stock would be $0.51 per share before deduction of Court-approved fees and expenses, and approximately $0.36 per share after Court-approved fees and expenses are deducted. **Please note, however, that these average recovery amounts are only estimates and an individual Settlement Class Member may recover more or less than these estimated amounts.** As described more fully below in the Plan of Allocation beginning on page 17, an individual Settlement Class Member's actual recovery will depend on several factors, including: (a) the total number of claims submitted; (b) the amount of the Net Settlement Fund; (c) when the Settlement Class Member purchased his, her, or its Mesa securities; and (d) whether and when the Settlement Class Member sold his, her, or its Mesa securities.

### Statement of Potential Outcome of the Case if the Action Continued to be Litigated

The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff were to prevail on each claim asserted against Defendants. The issues on which the Parties disagree include, for example: (i) whether the statements made or facts allegedly omitted were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) the causes of the loss in the value of the stock; and (iii) the amount of alleged damages, if any, that could be recovered at trial.

Defendants have denied and continue to deny any wrongdoing, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Defendants' actions. While Lead Plaintiff believes it has meritorious claims, it recognizes that there are significant obstacles in the way to recovery.

### Statement of Attorneys' Fees and Expenses Sought

Lead Counsel, on behalf of itself and Liaison Counsel ("Plaintiffs' Counsel"), will apply to the Court for attorneys' fees of 25% of the Settlement Fund, which includes any accrued interest or earnings thereon. Plaintiff's Counsel has not received any payment for their services rendered or expenses incurred in conducting this Action on behalf of Lead Plaintiff and the Class. Lead Counsel will also apply for payment of expenses incurred by Plaintiffs' Counsel in prosecuting the Action of up to $80,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses of Lead Plaintiff of up to $10,000 directly relating to its representation of the Settlement Class. Collectively, these applications are referred to as the "Fee and Expense Application." If approved by the Court, these amounts (totaling approximately $0.14 per share, assuming

claims are filed for all shares eligible to participate in the Settlement) will be paid from the Settlement Fund.

## Reasons for the Settlement

For Lead Plaintiff, the principal reason for the Settlement is the immediate benefit of a substantial cash recovery to the Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the operative complaint; the risk that the Court may grant, in whole or in part, some or all of the anticipated motions for summary judgment to be filed by Defendants; the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation (including any trial and appeals).

For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that any Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

## Identification of Legal Representatives

Lead Plaintiff and the Settlement Class are represented by Faruqi & Faruqi, LLP, Court-appointed Lead Counsel, and DeConcini McDonald Yetwin & Lacy, P.C., Court-appointed Liaison Counsel.  Any questions regarding the Settlement should be directed to James M. Wilson, Jr. at Faruqi & Faruqi, LLP, 685 Third Avenue, 26th Floor, New York, NY 10017, (212) 983-9330, jwilson@faruqilaw.com.

## BASIC INFORMATION

| 1. Why did I get this Notice? |
| --- |

You or someone in your family, or an investment account for which you serve as a custodian, may have purchased or otherwise acquired Mesa securities pursuant and/or traceable to Mesa's IPO commenced on or around August 9, 2018.  This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.  Receipt of this Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment.  **If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice.**

The court directed that this Notice be sent to Settlement Class Members to inform them of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the

5

fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application (the "Settlement Hearing").

The Court in charge of the case is the United States District Court for the District of Arizona, and the Action is known as *Lowthorp v. Mesa Air Group Inc., et al.*, 2:20-cv-00648-MTL (D. Ariz.).

| 2. | What is a class action? |
|----|-------------------------|

In a class action, one or more plaintiffs, called lead plaintiffs or class representatives, sue on behalf of people who have similar claims. The individuals and entities on whose behalf the class representative is suing are known as class members. One court resolves the issues in the case for all class members, except for those who choose to exclude themselves from the class if exclusion is permitted by applicable rules of procedure.

| 3. | What is this case about and what has happened so far? |
|----|-------------------------------------------------------|

This is a federal securities class action lawsuit.

Mesa is a regional aircraft carrier for American Airlines and United Airlines. On or around August 9, 2018, Mesa commenced its initial public offering ("IPO"). Lead Plaintiff alleges that the registration statement and related prospectus (collectively, the "Registration Statement") issued in connection with the IPO contained materially false and/or misleading statements, as alleged in the Amended Action Complaint For Violations Of The Federal Securities Laws ("AC").

The initial federal complaint in the Action was filed on April 1, 2020. On June 22, 2020, the Court appointed DeKalb as Lead Plaintiff, Faruqi & Faruqi, LLP as Lead Counsel, and DeConcini McDonald Yetwin & Lacy, P.C., as Liaison Counsel. Lead Plaintiff filed the AC on August 17, 2020, alleging violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), against Defendants Mesa, Jonathan G. Ornstein, Michael J. Lotz, Daniel J. Altobello, Ellen N. Artist, Mitchell Gordon, Dana J. Lockhart, G. Grant Lyon, Giacomo Picco, Harvey Schiller, and Don Skiados (collectively, the "Mesa Defendants"), Raymond James & Associates, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Cowen and Company, LLC, Stifel, Nicolaus & Company, Incorporated, and Imperial Capital, LLC (collectively, the "Underwriter Defendants").

On October 1, 2020, the Mesa Defendants filed the Motion to Dismiss the AC and the Notice of Incorporation by Reference and Request for Judicial Notice ("Request for Judicial Notice"), both of which the Underwriter Defendants joined and Lead Plaintiff

6

opposed.  On July 22, 2021, the Court issued an Order denying in part Defendants' motion to dismiss.

The Mesa Defendants filed their Answer to the AC on September 3, 2021 and the Underwriter Defendants did the same on September 15, 2021, denying the claims and asserting affirmative defenses.

On December 31, 2021, all parties entered into a Joint Stipulation regarding Class Certification (ECF No. 108), which was adopted by the Court on January 24, 2022. ECF No. 113. The certified class included all individuals and entities that purchased or otherwise acquired Mesa securities pursuant and/or traceable to the Company's IPO commenced on or around August 9, 2018, and were damaged thereby.[3]

Shortly thereafter, on January 5, 2022, Defendants filed a Motion for Leave to File an Early Motion for Summary Judgment based on negative causation ("Motion for Leave"), which Plaintiff opposed.  The Court denied the motion on March 1, 2022.

| 4. | How and when was the Settlement reached? |

On March 2, 2022, the Parties attended a mediation session with Jed Melnick, Esq. a well-respected mediator affiliated with JAMS Mediation Services a well-respected firm specializing in mediation.  The mediation session was preceded by the Parties' submission of mediation statements and exhibits.  The mediation session was attended by Lead Counsel, the Mesa Defendants' counsel, and certain of Mesa's insurers.  The Parties were able to reach an agreement in principle to settle the claims against Defendants, subject to Defendants providing Lead Plaintiff with additional discovery.  Before entering into the Stipulation, Lead Plaintiff first requested, received and reviewed specific categories of documents from Defendants.  After reviewing these documents, Lead Plaintiff submitted questions to Defendants and received and reviewed written responses thereto in order to better assess the fairness and reasonableness of the Settlement.  The Stipulation (together with its exhibits) constitutes the final and binding agreement between the Parties.

The Settlement was reached after arm's-length negotiations between Lead Counsel and counsel for Defendants, and only after: (a) Lead Counsel conducted a lengthy investigation into the facts alleged in the Action, which included an investigation by a

---

[3]    The certified class is identical to the Settlement Class, except that the Settlement Class excludes any Person who timely and validly seeks exclusion from the Settlement Class.

private investigator; (b) Lead Counsel drafted the AC; (c) the Parties engaged in comprehensive briefing on Defendants' Motion to Dismiss and Request for Judicial Notice; (d) Lead Counsel researched the applicable law with respect to the Class's claims against Defendants and the potential defenses thereto; (e) Lead Counsel consulted with experts regarding the facts of the case; (f) the Parties began to exchange discovery pursuant to the operative scheduling order and Federal Rules of Civil Procedure; (g) the Parties engaged in comprehensive briefing on Defendants' Motion For Leave; (h) the Parties exchanged detailed opening and reply mediation statements and exhibits; (i) the Parties conducted a mediation and engaged in settlement negotiations; and (j) Lead Counsel reviewed the more than 60,000 pages of discovery Defendants provided following the mediation to gauge the strengths and weaknesses of the Action and Defendants' potential defenses thereto to make sure that the Settlement Amount was fair, reasonable, and adequate.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Settlement Class Member.

| 5. | How do I know if I am part of the Settlement Class? |
| --- | --- |

Subject to certain exceptions identified below, everyone who fits this description is a Settlement Class Member: all Persons who purchased or otherwise acquired Mesa securities pursuant and/or traceable to Mesa's IPO commenced on or about August 9, 2018 and were damaged thereby.

Receipt of this Notice does not mean that you are a Settlement Class Member. **The Parties do not have access to your transactions in Mesa securities.** Please check your records or contact your broker to see if you are a member of the Settlement Class.

| 6. | Are there exceptions to being included? |
| --- | --- |

Yes. There are some individuals and entities that are excluded from the Settlement Class by definition. Excluded from the Settlement Class are the Company, its officers and directors, employees, affiliates, legal representatives, heirs, predecessors, successors, and assigns, and any entity in which the Company has a controlling interest or of which the Company is a parent or subsidiary, and the Underwriter Defendants.

Also excluded from the Settlement Class will be any Person who timely and validly seeks exclusion from the Settlement Class in accordance with the requirements explained in question 12 below.

| 7. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help by calling (877) 354-3789 or visiting www.mesasecuritiesclassaction.com. You can also fill out and return the Claim Form described on page 9, in question 9, to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

| 8. | What does the Settlement provide? |
|---|---|

In exchange for the Settlement and release of the Released Claims against the Released Defendant Parties, Defendants have agreed to create a $5 million cash fund. After deductions for Court-awarded fees, expenses, and costs, settlement administration costs, and any applicable Taxes, the balance of the fund (the "Net Settlement Fund") will be distributed *pro rata* pursuant to the "Plan of Allocation" among all Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

The Plan of Allocation, which is subject to Court approval, is discussed in more detail on pages 17-21 of this Notice.

| 9. | How can I receive a payment? |
|---|---|

To qualify for a payment, you must submit a timely and valid Claim Form with supporting documents.  A Claim Form is being circulated with this Notice.  You can also get a Claim Form from the website dedicated to the Settlement: www.mesasecuritiesclassaction.com.  You can request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (877) 354-3789.  Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and either mail it to the Claims Administrator or submit it through email at info@mesasecuritiesclassaction.com, so it is postmarked (or received if sent via email) no later than _____.

If you have large numbers of transactions, you may request, or may be requested to, submit information regarding your transactions in electronic files.  If you wish to submit your transaction data electronically, you must contact the Claims Administrator at info@mesasecuritiesclassaction.com or visit their website at www.mesasecuritiesclassaction.com to obtain the required file layout.  You must still timely submit a signed Claim Form by mail or email, as specified above.

No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.  All claimants MUST timely submit a signed Claim Form to be potentially eligible for a payment from this settlement.

| 10. | **When will I receive my payment?** |
|---|---|

The Court will hold a Settlement Hearing on _____, to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals after that.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  It also takes time for all the Claim Forms to be processed.  Please be patient.

| 11. | **What am I giving up to receive a payment or stay in the Settlement Class?** |
|---|---|

If you are a Settlement Class Member, unless you exclude yourself, you are staying in the Class, and that means that, upon the "Effective Date," you will release all "Released Claims" (as defined below) against the "Released Defendant Parties" (as defined below).

"Released Claims" means any and all pending claims arising from the same operative facts as this Action, and any and all causes of action of every nature and description, including both known claims and Unknown Claims (defined below), contingent or absolute, mature or not mature, liquidated or not liquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other Settlement Class Member: (i) asserted in the Action; or (ii) could have asserted in the Action or any forum, domestic or foreign, that arise out of, are based upon, or relate to, directly or indirectly, in whole or in part, to: (a) the allegations, transactions, facts, events, matters or occurrences, representations or omissions involved, set forth, alleged or referred to in the Action; and (b) the purchase or acquisition of Mesa securities pursuant and/or traceable to Mesa's Initial Public Offering ("IPO") that was commenced on or around August 9, 2018. For the avoidance of doubt, Released Claims include those claims asserted in *City of Pittsburgh Comprehensive Municipal Pension Trust Fund, et al. v. Mesa Air Group, Inc., et al.*, Civ. No. CV2020-003927 (Superior Court of Arizona in and for the County of Maricopa, filed March 24, 2020).  For the avoidance of doubt, Released Claims do not include: (i) claims relating to the enforcement of the Settlement; and (ii) any claims of Persons who submit a request for exclusion that is accepted by the Court.

"Released Defendant Parties" means Defendants, Defendants' Counsel, and each of their respective past or present direct or indirect subsidiaries, parents, affiliates, principals,

10

successors and predecessors, assigns, officers, directors, shareholders, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, auditors, insurers; the spouses, members of the immediate families, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest or assigns of Defendants.

"Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, that Defendants could have asserted against any of the Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement or any claims against any Person who submits a request for exclusion that is accepted by the Court.

"Released Plaintiff Parties" means each and every Settlement Class Member, Lead Plaintiff, Plaintiff's Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class

"Unknown Claims" means any and all Released Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

The "Effective Date" will occur when an Order entered by the Court approving the Settlement because Final and is not subject to appeal.  If you remain a member of the Settlement Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you.  Upon the Effective Date, Defendants will also provide a release of any claims against Lead Plaintiffs and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.  You will be bound by the releases whether or not you submit a Claim Form and/or receive a payment under the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be eligible to receive a payment from the Settlement, but you want to keep any right you may have to sue or continue to sue the Released Defendant Parties on your own about the Released Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out" of the Class.  **Please note: If you decide to exclude yourself and bring your own claims, Defendants will have the right to seek their dismissal, and there is a risk that any lawsuit you file or have already filed to pursue claims alleged in the Action may be dismissed.  Also, Defendant may terminate the Settlement if Settlement Class Members who purchased in excess of a certain amount of Mesa shares seek exclusion from the Settlement Class.**

12

| **12.** | **How do I exclude myself from the Settlement Class?** |

To exclude yourself from the Class, you must send a signed letter by mail stating that you request to be "excluded from the Settlement Class and do not wish to participate in the settlement in *Lowthorp v. Mesa Air Group Inc., et al*, 2:20-cv-00648-MTL (D. Ariz.)." You cannot exclude yourself by telephone or e-mail. To be valid, your letter must state: (A) your name, address, telephone number, and signature; (B) the date, number, and dollar amount of all purchases or acquisitions of Mesa securities from August 9, 2018 through February 5, 2019, inclusive; and (C) sales of Mesa securities from August 9, 2018 through [Date of Notice]. **The letter must also be accompanied by copies of broker confirmations or other documentation of your transactions in Mesa securities.** You must mail your exclusion request such that it is received, not simply postmarked, no later than _____ to:

Mesa Securities Class Action
ATTN: Exclusions/Objections
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) the Defendants and the other Released Defendant Parties in the future.

| **13.** | **If I do not exclude myself, can I sue the Defendants and the other Released Parties for the same thing later?** |

No. Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Defendant Parties for any and all Released Claims. If you have a pending lawsuit speak to your lawyer in that case immediately. You must exclude yourself from *this* Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is _____.

| **14.** | **If I exclude myself, can I get money from the proposed Settlement?** |

No. If you exclude yourself, you will not get money from the proposed Settlement.

13

## THE LAWYERS REPRESENTING THE CLASS

---
**15.    Do I have a lawyer in this case? How will the lawyers be paid?**

---

The Court has appointed the law firm of Faruqi & Faruqi, LLP as Lead Counsel and DeConcini McDonald Yetwin & Lacy P.C. as Liaison Counsel (collectively, "Plaintiff's Counsel") to represent Lead Plaintiff and all other Settlement Class Members in the Action.

You will not be separately charged for the fees or expenses of Plaintiff's Counsel appointed by the Court.  The Court will determine the amount of Plaintiff's Counsel's fees and expenses, which will be paid from the Settlement Fund.  *See also* Notice at 4 ("Statement of Attorneys' Fees and Expenses Sought").  If you want to be represented by your own lawyer, you may hire one at your own expense.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

If you are a Settlement Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. You can ask the Court to deny approval by filing an objection.  You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If this is what you want to happen, you must object.

---
**16.    How do I tell the Court that I do not like the proposed Settlement?**

---

If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the Fee and Expense Application, and give reasons why you think the Court should not approve it.  If the Court denies approval of the Settlement, no payments will be made to Settlement Class Members, the Parties will return to the position they were in before the Settlement was agreed to, and the Action will continue.

To object, you must send a signed letter stating that you object to the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application in *Lowthorp v. Mesa Air Group Inc., et al*, 2:20-cv-00648-MTL (D. Ariz.)."  Your objection must state why you are objecting and must also: (i) include your name, address, telephone number, and signature; (ii) contain a statement of the objection and the specific reasons for it, including any legal and evidentiary support (including witnesses) you wish to bring to the Court's attention; and (iii) documentation identifying the number of Mesa shares you purchased or acquired between August 9, 2018 and February 5, 2019, and

14

documentation identifying the number of Mesa shares you sold between August 9, 2018 and [Date of Notice], inclusive.  Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.  Your objection must be filed with the Court at the address below, either by mail or in person, **and** be mailed or delivered to each of the following counsel so that it is received, not simply postmarked, no later than _____, 2022:

> **Clerk's Office**
> Clerk of the Court
> United States District Court District of Arizona - Phoenix Division
> Sandra Day O'Connor U.S. Courthouse, Suite 130
> 401 West Washington Street, SPC 1
> Phoenix, AZ 85003-2118
>
> **Lead Counsel**
> James M. Wilson, Jr.
> FARUQI & FARUQI, LLP
> 685 Third Avenue, 26th Floor
> New York, NY 10017
>
> **Defendants' Counsel**
> Nina F. Locker
> Charles A. Talpas
> Wilson Sonsini Goodrich & Rosati
> 650 Page Mill Road
> Palo Alto, CA 94304-1050

| | |
|---|---|
| **17.** | **What is the difference between objecting and seeking exclusion?** |

Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Fee and Expense Application. You can still recover money from the Settlement. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the Settlement and the Action no longer affect you.

**THE COURT'S SETTLEMENT HEARING**

| 18. When and where will the Court decide whether to approve the proposed settlement? |
| --- |

The Court will hold a Settlement Hearing at _____ **a.m/p.m.** on the _____ **day of** _____, at the United States District Court for District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, Arizona 85003.  At this hearing the Court will consider whether: (i) the Settlement is fair, reasonable and adequate, and should receive final approval; (ii) the Plan of Allocation is fair and reasonable, and should be approved; (iii) the Fee and Expense Application is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in question 16 above. We do not know how long it will take the Court to make these decisions.

You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing telephonically, without another notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Settlement website at www.mesasecuritiesclassaction.com, to see if the Settlement Hearing stays as calendared or is changed.

| 19. Do I have to come to the Settlement Hearing? |
| --- |

No. Lead Counsel will answer any questions the Court may have.  But, you are welcome to come at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file a Notice of Appearance in the manner described in the answer to Question 20 below no later than _____, 2022.

| 20. May I speak at the Settlement Hearing? |
| --- |

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* question 16 above) a statement stating that it is your "Notice of Intention to Appear in *Lowthorp v. Mesa Air Group Inc., et al*, 2:20-cv-00648-MTL (D. Ariz.)."  Persons who intend to present evidence at the Settlement Hearing must also include in their written objections the identities of any witnesses they wish to call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing.  Unless otherwise ordered by the Court, you cannot speak at the hearing if you excluded yourself from the Settlement

Class or if you have not provided written notice of your intention to speak at the Settlement Hearing by the deadline identified, and in accordance with the procedures described in this Question 20 and Question 16.

## IF YOU DO NOTHING

| 21. | What happens if I do nothing at all? |
|---|---|

If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* question 9 above). To start, continue, or be part of any other lawsuit against the Defendants and the other Released Defendant Parties concerning the Released Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from this Settlement Class (*see* question 12).

## GETTING MORE INFORMATION

| 22. | Are there more details about the proposed Settlement? |
|---|---|

This Notice summarizes the proposed Settlement.  For the precise terms and conditions of the Settlement, please see the Stipulation available at [website], by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.azd.uscourts.gov, or by visiting the Office of the Clerk of the United States District Court for the District of Arizona, Sandra Day O'Connor U.S. Courthouse, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona, 85003, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website dedicated to the Settlement, www.mesasecuritiesclassaction.com; writing to the Claims Administrator at info@mesasecuritiesclassaction.com; or by calling the Claims Administrator toll free at (877) 354-3789.

## PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS

1.      The Settlement Amount of $5,000,000 and any interest or income earned thereon is the "Settlement Fund." The Settlement Fund, less all Taxes, Notice and Administration Expenses, and Court-approved attorneys' fees and expenses and any award to Plaintiff pursuant to 15 U.S.C. §77z-1(a)(4) (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proofs of Claim to the Claims Administrator ("Authorized Claimants"). The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in shares purchased in the IPO.

2.      For purposes of formulating the Plan of Allocation and determining the amount an Authorized Claimant may recover under it, Lead Counsel have conferred with their damages consultant. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formulas described below (the "Recognized Loss"). In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Claim, *i.e.*, its Recognized Loss, as defined below. If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Claim bears to the total of the Recognized Claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants. The calculation of one's Recognized Loss depends upon several factors, including: when Mesa shares were purchased and for what price; whether those shares were sold, and if sold, for what price; the price of the shares in the IPO; and when the first complaint was filed in this Action[4] and the price of the shares on such date. The Recognized Loss calculation  below is not an estimate of the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.

3.      Sections 11 and 12 of the Securities Act of 1933 provide for an affirmative defense of negative causation which prevents recovery for losses that Defendants prove are not attributable to misrepresentations and/or omissions alleged by Plaintiff in the

---

[4]      The first suit was filed in Arizona state court on March 24, 2020, captioned *City of Pittsburgh Comprehensive Municipal Pension Trust Fund, et al. v. Mesa Air Group, Inc., et al.*, Civ. No. CV2020-003927 (Superior Court of Arizona in and for the County of Maricopa).

Registration Statement. In developing the Plan of Allocation, Plaintiff's damages expert calculated the estimated decline in the price of Mesa common stock that was allegedly proximately caused by Defendants' alleged misrepresentations and/or omissions in the Registration Statement. In calculating the estimated declines in the price of Mesa common stock caused by those alleged misrepresentations and/or omissions, Plaintiff's damages expert considered the price changes in the securities in reaction to events which revealed the alleged misstatements and/or omissions concerning Mesa's maintenance solutions, adjusting the price change for factors that were attributable to market and industry forces, and for Mesa-specific information unrelated to the alleged misstatements and omissions. The Recognized Loss calculation assumes that the decline in the price of Mesa stock in response to corrective disclosures alleged by Plaintiff is the only compensable loss. Lead Counsel, in consultation with their damages expert, has determined that such disclosures occurred on or about August 9, 2019 and caused a $3.08 stock price decline attributable to the alleged misrepresentations and/or omissions.

4.      In order to have recoverable damages, claimants must have purchased or otherwise acquired shares of Mesa common stock pursuant or traceable to the IPO on August 9, 2018.

5.      The claims asserted in the Action serve as the basis for the calculation of the Recognized Loss Amounts under the Plan of Allocation.

6.      Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase/acquisition of Mesa common stock during the Securities Act Class Period, which is August 9, 2018 through February 5, 2019, inclusive. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

7. The only shares eligible for recovery are those that were purchased during the period from August 9, 2018 (IPO date) through February 5, 2019 (date of end of lockup period) inclusive.

8.   For each share of Mesa common stock purchased from August 9, 2018 (IPO date) through February 5, 2019 inclusive, and

    i.      sold on or before August 8, 2019, the Recognized Loss shall be $0.

    ii.     sold from August 9, 2019 through March 23, 2020, inclusive, the Recognized Loss shall be the lesser of (a) the difference between the purchase price per share (not to exceed $12.00 per share, the issue price of the shares) minus the sales price per share, or (b) $3.08 per share.

19

iii.     sold on or after March 24, 2020 but before **[date of notice],** the Recognized Loss shall be the lesser of (a) the difference between the purchase price per share (not to exceed $12.00 per share, the issue price of the shares) minus the sales price per share, or (b) the difference between the purchase price per share (not to exceed $12.00 per share, the issue price of the shares) minus 3.43 (the stock price on March 24, 2020, the date of suit), or (c) $3.08 per share.

iv.     still held as of **[date of notice]** (whether or not sold thereafter), the Recognized Loss shall be the lesser of (a) the difference between the purchase price per share (not to exceed $12.00 per share, the issue price of the shares) minus $3.43 (the stock price on March 24, 2020, the date of suit), or (b) $3.08 per share.

9.      For each share of Mesa common stock purchased from February 6, 2019 through March 24, 2020, inclusive, the Recognized Loss shall be $0.

10.     The first-in-first-out ("FIFO") method will be applied to each Class Member's purchases, acquisitions, or sales of Mesa common stock. Under the FIFO method, shares will be matched, in chronological order, against the shares purchased or acquired by trade date, beginning with the earliest purchase.

11.     The date of purchase, acquisition or sale is the "contract" or "trade" date as distinguished from the "settlement" date. All purchase, acquisition and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise or operation of law of shares purchased in the IPO shall not be deemed a purchase, acquisition or sale of securities for the calculation of a claimant's recognized claim, nor shall it be deemed an assignment of any claim relating to the purchase of such securities unless specifically provided in the instrument of gift or assignment.

12.     A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all securities described above are subtracted from all losses. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

13.     Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Plaintiff, Plaintiff's Counsel, the Claims Administrator or other Person designated by Lead Counsel, Defendants, or Defendants' counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation or further orders of the Court. All Class Members who fail to complete and

submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

14.    Please contact the Claims Administrator if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Claims Administrator to reconsider the determination.

15.    Defendants, their counsel and all other Released Parties will have no responsibility or liability whatsoever with respect to the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the payment or non-payment of any claim, including the allocation or distribution of proceeds from the Settlement Fund. Plaintiff and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer and distribute the Settlement.

16.    Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation set forth above and approved by the Court. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, redistribute such balance in an equitable and economic fashion among Authorized Claimants who have cashed their checks.  Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be donated to Investor Protection Trust, a nation-wide non-profit organization dedicated to providing investor education and advocacy, or to another non-sectarian, not-for-profit charitable organization serving the public interest designated and approved by the Court.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased Mesa securities pursuant and/or traceable to Mesa's IPO commenced on or about August 9, 2018 for the beneficial interest of a person or organization other than yourself, the Court has directed that WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE AND CLAIM FORM, YOU MUST EITHER: (a) request from the Claims Administrator sufficient copies of the Notice and Claim Form to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS after receipt thereof forward them to all such beneficial owners; or

(b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice and Claim Form, provide a list of the names, addresses, and email addresses (to the extent known) to the Claims Administrator. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

Mesa Securities Class Action
c/o A.B. Data, Ltd.
P.O. Box 173087
Milwaukee, WI 53217
Phone: (877) 354-3789
Email: info@mesasecuritiesclassaction.com

Dated:

_____

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA