**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| David G. Lowthorp, Individually And On Behalf Of All Others Similarly Situated,<br><br>        Plaintiff,<br>    V.<br>Mesa Air Group, Inc.; Jonathan G. Ornstein; Michael J. Lotz; Daniel J. Altobello; Ellen N. Artist; Mitchell Gordon; Dana J. Lockhart; G. Grant Lyon; Giacomo Picco; Harvey Schiller; Don Skiados; Raymond James & Associates, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Cowen and Company, LLC; Stifel, Nicolaus & Company, Incorporated; and Imperial Capital, LLC,<br>                Defendants. | No. 20-00648-PHX-MTL<br><br>**[PROPOSED] FINAL ORDER AND JUDGMENT**<br><br><u>CLASS ACTION</u> |

WHEREAS:

        A.      On May 6, 2022, Dekalb County Pension Fund ("Lead Plaintiff"), and all other members of the Settlement Class, on the one hand, and Defendants Mesa Air Group, Inc. ("Mesa"), Jonathan G. Ornstein, Michael J. Lotz, Daniel J. Altobello, Ellen N. Artist, Mitchell Gordon, Dana J. Lockhart, G. Grant Lyon, Giacomo Picco, Harvey Schiller, and Don Skiados (collectively with Mesa, the "Mesa Defendants"), and Raymond James & Associates, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated,

1

Cowen and Company, LLC, Stifel, Nicolaus & Company, Incorporated, and Imperial Capital, LLC (collectively, the "Underwriter Defendants," and together with the Mesa Defendants, "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action");

B.    Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered October 28, 2022 (the Preliminary Approval Order"), the Court scheduled a hearing for April 6, 2023, to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

C.    The Court ordered that the Notice of Pendency of Class Action and Proposed Settlement (the "Notice") and a Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before twenty-one (21) calendar days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members to the list of record holders of Mesa Securities, and that a Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and transmitted over *GlobeNewswire* within fourteen (14) calendar days of the Notice Date;

D.    The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by March 17,

2

2023;

E.      The provisions of the Preliminary Approval Order as to notice were complied with;

F.      On February 10, 2023, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on April 6, 2023, at which time all interested Persons were afforded the opportunity to be heard; and

G.      This Court has duly considered Lead Plaintiff's motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporate and makes a part hereof: (i) the Stipulation filed with the Court on May 6, 2022; and (ii) the Notice, which was filed with the Court on May 6, 2022. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3.      The Court finds that that the mailing and publication of the Notice, Claim Form, and Summary Notice: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's anticipated Fee and Expense Application, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of

3

the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Private Securities Litigation Reform Act of 1995 (the "PSLRA")., 15 U.S.C. § 77z-1(a)(7).

4.    [There have been no objections to the Settlement.]

5.    Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiff and Plaintiff's Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.  Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

6.    The Amended Complaint ("AC"), filed on August 17, 2020, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

7.    The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

8.    Upon the Effective Date, Lead Plaintiff and each and every other

Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties.

9.    Upon the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

10.    Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

11.    This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

a.    Do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with

respect to the truth of any allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

b.    Do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

c.    Do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

d.    Do not constitute, and shall not be construed against Defendants, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

e.    Do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or

6

any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount. Plaintiff shall return or certify the deletion of all documents voluntarily provided by Defendants as "confirmatory discovery" in connection with the settlement.

12.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

13.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15.     The Parties are hereby directed to execute the Stipulation and to perform its terms.

16.     The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Settlement Fund among Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

17.     Lead Counsel is awarded attorneys' fees in the amount of $1,250,000, and expenses in the amount of $95,089.47, plus any applicable interest, and these amount shall be paid of the of the Settlement Fund immediately following entry of this Order subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

18.    Lead Plaintiff is awarded in total $5,382.18 as an award for reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 77z-1(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

19.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.