Gary F. Urman (AZ 11748)
gurman@dmyl.com
**DECONCINI MCDONALD YETWIN & LACY, P.C.**
2525 East Broadway, Suite 500
Tucson, Arizona 85716
Telephone:520-322-5000
Facsimile: 520-322-5585

*Attorneys for Class Representative DeKalb County*
*Pension Fund and Liaison Counsel for the Class*

Lubna Faruqi (*Admitted pro hac vice*)
Robert W. Killorin (*Admitted pro hac vice*)
James M. Wilson, Jr. (*Admitted pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: lfaruqi@faruqilaw.com
        rkillorin@faruqilaw.com
        jwilson@faruqilaw.com

*Attorneys for Class Representative DeKalb County*
*Pension Fund and Lead Counsel for the Class*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| David G. Lowthorp, Individually And On Behalf Of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    V.<br><br>Mesa Air Group, Inc.; Jonathan G. Ornstein; Michael J. Lotz; Daniel J. Altobello; Ellen N. Artist; Mitchell Gordon; Dana J. Lockhart; G. Grant Lyon; Giacomo Picco; Harvey Schiller; Don Skiados; Raymond James & Associates, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Cowen and Company, LLC; Stifel, Nicolaus & Company, Incorporated; and Imperial Capital, LLC,<br><br>                    Defendants. | No. 20-00648-PHX-MTL<br><br>**REPLY IN SUPPORT OF CLASS REPRESENTATIVE'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AN AWARD TO LEAD PLAINTIFF**<br><br><u>CLASS ACTION</u> |

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................ 1

ARGUMENT ................................................................................................................... 2

I.        THE NOTICE PROGRAM TO DATE..................................................................... 2

II.       THE CLASS'S REACTION FURTHER SUPPORTS APPROVAL OF THE
          SETTLEMENT AND PLAN OF ALLOCATION ..................................................... 3

III.      THE CLASS'S REACTION FURTHER SUPPORTS APPROVAL OF THE
          FEE REQUESTS.................................................................................................. 5

CONCLUSION ............................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*In re Apollo Grp. Inc. Sec. Litig.*,
   No. CV 04-2147-PHX-JAT, 2012 WL 1378677 (D. Ariz. Apr. 20, 2012) ................... 4

*In re Celera Corp. Sec. Litig.*,
   No. 5:10-cv-02604-EJD, 2015 WL 7351449 (N.D. Cal. Nov. 20, 2015) ..................... 3

*DeStefano v. Zynga, Inc.*,
   No. 12-cv-04007-JSC, 2016 WL 537946 (N.D. Cal. Feb. 11, 2016) ........................... 5

*In re HP Sec. Litig.*,
   No. 3:12-cv-05980-CRB, 2015 WL 4477936 (N.D. Cal. July 20, 2015) .................... 4

*In re Omnivision Techs., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2008) .................................................................. 3, 5

*In re Portal Software, Inc. Sec. Litig.*,
   No. C-03-5138 VRW, 2007 WL 1991529 (N.D. Cal. June 30, 2007) ........................ 4

*In re Rambus Inc. Derivative Litig.*,
   No. C 06-3513 JF (HRL), 2009 WL 166689 (N.D. Cal. Jan. 20, 2009) ....................... 3

*Wood v. Ionatron, Inc.*,
   No. CV 06-354-TUC-CKJ, 2009 WL 10673479 (D. Ariz. Sept. 28, 2009) .............. 4, 5

Class Representative DeKalb County Pension Fund ("Plaintiff" or "DeKalb") on behalf of itself and the proposed Settlement Class, and Lead Counsel, Faruqi & Faruqi, LLP, respectfully submits this reply memorandum of law in support of Class Representative's Motion for Final Approval of Class Action Settlement ("Final Approval Motion" or "FA Mot.") (Doc. 140) and Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and an Award to Lead Plaintiff ("Fee Motion") (Doc. 141) (collectively, the "Motions").[1]  This reply is supported by the Supplemental Declaration of Jack Ewashko Regarding: (A) Mailing of the Notice Packet; and (B) Report on Requests for Exclusions and Objections Received ("Ewashko Supplemental Declaration" or "Ewashko Suppl. Decl."), submitted herewith.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **INTRODUCTION**

Plaintiff and Lead Counsel are pleased to advise the Court of the positive reaction to the proposed Settlement and Plan of Allocation, in addition to the request for attorneys' fees, reimbursement of expenses, and an award to Plaintiff ("Fee Requests"). Following an extensive notice program, which included the mailing of 10,823 Notices of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release forms ("Claim Form") (collectively, "Notice Packet") to potential Class members and nominees, no one has requested exclusion from the Settlement, or objected to the Settlement, Plan of Allocation, or Fee Requests.  *See* Ewashko Suppl. Decl. ¶¶ 3, 7-8.

Courts in this Circuit and throughout the country have uniformly recognized that the Class's reaction is a significant factor for the Court to consider when evaluating

---

[1]  All capitalized terms not otherwise defined herein have the same meaning as those in the Stipulation and Agreement of Settlement, dated May 6, 2022 (the "Stipulation" or "Stip."), Doc. 124.  "Settlement" refers to the settlement set forth in the Stipulation.  All internal quotation marks and citations are omitted and all emphases are added unless otherwise noted.

1

whether the proposed Settlement and Plan of Allocation are fair, adequate, and reasonable, and whether the requested attorneys' fees, expenses, and award for Plaintiff are fair and reasonable.  The Class's reaction has been overwhelmingly positive.  Thus, Plaintiff respectfully requests that the Court approve the Settlement and Plan of Allocation as fair, reasonable, and adequate, and likewise approve the Fee Requests.

**ARGUMENT**

## I.    THE NOTICE PROGRAM TO DATE

As detailed in the Final Approval Motion, the notice program approved by the Court was implemented and satisfies the requirements of Rule 23, the PSLRA, and due process.  *See* FA Mot. at 16-17; Preliminary Approval Order ¶ 13 (Doc. 137) (providing that the notice program set forth therein is "the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto[]").

Pursuant to the Preliminary Approval Order, Notice Packets have been mailed to 10,823 potential Class Members and nominees beginning on November 18, 2022.  Mailing Decl.[2] ¶ 2; Ewashko Suppl. Decl. ¶ 3.  On that same date, the Notice and Claim Form were also made available on the website www.mesasecuritiesclassaction.com.  Mailing Decl. ¶ 9.   The Summary Notice was published in *Investor's Business Daily* and transmitted over *Globe Newswire* on November 28, 2022.  *Id.* ¶ 8.  The Claims Administrator also set up a toll-free telephone number through which potential Class Members could contact the Claims Administrator with any questions or concerns.  *See id.* at ¶ 10.

Pursuant to the schedule set forth in the Preliminary Approval Order, Plaintiff and Lead Counsel filed their opening papers in support of the Final Approval Motion and the

---

[2]    "Mailing Decl." refers to the Declaration of Jack Ewashko Regarding: (A) Mailing of the Notice Packet; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections Received.  Doc. 139.

2

Fee Motion on February 10, 2023. *See* Docs. 139 to 143. Those papers described the Settlement, Plaintiff's and Lead Counsel's views about the Settlement, the work performed in this litigation, and the specific fees and expenses requested. *See generally id.*

Further information about the notice program's progress is set forth in the Ewashko Supplemental Declaration, filed herewith.

## II.    THE CLASS'S REACTION FURTHER SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION

The class's reaction to the proposed Settlement is "perhaps the most significant factor to be weighed in considering its adequacy[.]" *In re Rambus Inc. Derivative Litig.*, No. C 06-3513 JF (HRL), 2009 WL 166689, at *3 (N.D. Cal. Jan. 20, 2009). "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class [action settlement] are favorable to the class members." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008). "[T]he willingness of the overwhelming majority of the class to approve the offer and remain part of the class presents at least some objective positive commentary as to its fairness." *In re Celera Corp. Sec. Litig.*, No. 5:10-cv-02604-EJD, 2015 WL 7351449, at *7 (N.D. Cal. Nov. 20, 2015).

In accordance with the Court's Order preliminarily approving the Settlement (Doc. 137), 10,823 copies of the Notice Packet have been mailed to potential Class Members and their nominees. *See* Ewashko Suppl. Decl. ¶ 3. Key aspects of the Settlement were also contained in the Summary Notice published in *Investor's Business Daily* and *Globe Newswire*, which directed potential Class Members to contact the Claims Administrator or visit the Settlement website to obtain copies of the Notice. *See* Docs. 139-2, 139-3. The settlement website at www.mesasecuritiesclassaction.com also provided copies of the Stipulation, Preliminary Approval Order, Final Approval Motion, and Fee Motion in this case for class members to review, information on how to report a change of address,

and provided links to submit a claim electronically through the website.  The Notice informed Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel, on behalf of all Plaintiff's Counsel, would seek attorneys' fees of 25% of the Settlement Fund, reimbursement of up to $100,000 in expenses, and an award for Plaintiff pursuant to 15 U.S.C. § 77z-1(a)(4) of up to $10,000.  Doc. 139-1 at 1, 3, 11-13.  The Notice also informed investors of how to object should they consider any portion unreasonable.  *See id.* at 9.  Specifically, Class Members seeking to object were required to submit a letter delivered by hand or postmarked by March 17, 2023 containing the information required in the Notice to the Clerk of the Court, as well as to Lead Counsel and Defendants' Counsel.  *See id.*

These procedures provided Class Members with notice of the terms of the Settlement, the Fee Requests, the steps to submit a claim, and the option to object to or request exclusion from the Settlement, satisfying due process, Rule 23, and the PSLRA. *See In re HP Sec. Litig.*, No. 3:12-cv-05980-CRB, 2015 WL 4477936, at *2 (N.D. Cal. July 20, 2015) (finding that the procedures for notice, including mailing individual notice and publication notice satisfy Rule 23, the PSLRA, and constitute the best notice practicable); *see also e.g., In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2007 WL 1991529, at *7 (N.D. Cal. June 30, 2007).

No objections to any aspect of the Settlement, Plan of Allocation, or the Fee Requests have been served on Lead Counsel or the Claims Administrator, *see* Ewashko Suppl. Decl. ¶¶ 7-8, and no objections appear to have been filed on the Action's docket. A lack of objections strongly supports final approval.  *See In re Apollo Grp. Inc. Sec. Litig.*, No. CV 04-2147-PHX-JAT, 2012 WL 1378677, at *3 (D. Ariz. Apr. 20, 2012) ("There have been no objections from Class Members or potential class members, which itself is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate.").

Additionally, the fact that no requests for exclusion (due by March 17, 2023) have been submitted further supports final approval.  *See* Ewashko Suppl. Decl. ¶¶ 7-8; *Wood v. Ionatron, Inc.*, No. CV 06-354-TUC-CKJ, 2009 WL 10673479, at \*5 (D. Ariz. Sept. 28, 2009) (finding that the class's reaction "supports final approval" where no objections and only one request for exclusion were received); *DeStefano v. Zynga, Inc.*, No. 12-cv-04007-JSC, 2016 WL 537946, at \*14 (N.D. Cal. Feb. 11, 2016) (stating that a low number of exclusions supports a settlement's reasonableness).

## III.    THE CLASS'S REACTION FURTHER SUPPORTS APPROVAL OF THE FEE REQUESTS

As noted above, the Notice informed Class Members that Lead Counsel would apply for an award of attorneys' fees of 25% of the Settlement Fund, reimbursement of expenses up to $100,000, and an award for Plaintiff not to exceed $10,000.  *See* Doc. 139-1 at 1, 3.  The Notice also informed Class Members of their right to object to the Fee Requests and the March 17, 2023 deadlines for filing such objections.  *See id.* at 9.  On February 10, 2023, Lead Counsel filed the Fee Motion seeking an award of 25% of the Settlement Fund, reimbursement of $95,089.47 in expenses, plus accrued interest, and an award for Lead Plaintiff of $5,382.18 for the time and effort it devoted to representing the Class in this Action.  *See generally* Fee Motion.  The deadline for objections has passed and no objections have been received.

The absence of any objections to the Fee Requests weighs strongly in favor of approval.  *See Zynga*, 2016 WL 537946, at \*18 (stating that "the lack of objection by any Class Members also supports the 25 percent fee award"); *Omnivision*, 559 F. Supp. 2d at 1048-49 (stating that where no objections "raised any concerns about the amount of the fee . . . . [t]his factor . . . also supports the requested award of 28% of the Settlement Fund" and granting the lead plaintiff's requested award of $29,913.80 where no one objected); *see also Wood*, 2009 WL 10673479, at \*5, \*8 (granting the requested award of 30% of the settlement fund where no class members objected).

**CONCLUSION**

For the reasons stated above, Lead Counsel respectfully requests that the Court award: (a) attorneys' fees of 25% of the Settlement Fund, or $1,250,000 plus accrued interest; (b) reimbursement of litigation expenses in the amount of $95,089.47, plus accrued interest; and (c) an award to Lead Plaintiff pursuant to 15 U.S.C. § 77z-1(a)(4) in the amount of $5,382.18.

Dated: March 31, 2023

By: s/   James M. Wilson, Jr.
James M. Wilson, Jr.

Lubna Faruqi (*Admitted pro hac vice*)
Robert W. Killorin (*Admitted pro hac vice*)
James M. Wilson, Jr. (*Admitted pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: lfaruqi@faruqilaw.com
        rkillorin@faruqilaw.com
        jwilson@faruqilaw.com

*Attorneys for Class Representative DeKalb County Pension Fund and Lead Counsel for the Class*

Gary F. Urman
**DECONCINI MCDONALD YETWIN & LACY, P.C.**
2525 East Broadway, Suite 500
Tucson, Arizona 85716
Telephone:520-322-5000
Facsimile: 520-322-5585
Email: gurman@dmyl.com

*Attorneys for Class Representative DeKalb County Pension Fund and Liaison Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

By: s/  James M. Wilson, Jr.
James M. Wilson, Jr.

7