Gary F. Urman (AZ 11748)
gurman@dmyl.com
**DECONCINI MCDONALD YETWIN & LACY, P.C.**
2525 East Broadway, Suite 500
Tucson, Arizona 85716
Telephone:520-322-5000
Facsimile: 520-322-5585

*Attorneys for Class Representative DeKalb County
Pension Fund and Liaison Class Counsel*

Lubna Faruqi (*Admitted pro hac vice*)
Robert W. Killorin (*Admitted pro hac vice*)
James M. Wilson, Jr. (*Admitted pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: lfaruqi@faruqilaw.com
          rkillorin@faruqilaw.com
          jwilson@faruqilaw.com

*Attorneys for Class Representative DeKalb County
Pension Fund and Class Counsel*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| David G. Lowthorp, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>V.<br><br>Mesa Air Group, Inc.; Jonathan G. Ornstein; Michael J. Lotz; Daniel J. Altobello; Ellen N. Artist; Mitchell Gordon; Dana J. Lockhart; G. Grant Lyon; Giacomo Picco; Harvey Schiller; Don Skiados; Raymond James & Associates, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Cowen and Company, LLC; Stifel, Nicolaus & Company, Incorporated; and Imperial Capital, LLC,<br><br>Defendants. | Case No. 2:20-cv-00648-MTL<br><br>**CLASS REPRESENTATIVE'S UNOPPOSED MOTION FOR DISTRIBUTION OF THE NET SETTLEMENT FUND AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>CLASS ACTION</u> |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 1

RELEVANT PROCEDURAL BACKGROUND ................................................................. 1

ARGUMENT ........................................................................................................................... 2

      I.     THE CLAIMS ADMINISTRATOR'S ADMINISTRATIVE DETERMINATIONS SHOULD BE APPROVED ...................................... 2

            A.     Overview of the Claims Administration Process .............................. 3

            B.     Ineligible Claims Should Be Rejected ................................................ 4

            C.     Timely Eligible Claims And Late But Otherwise Eligible Claims Should Be Accepted ........................................................................... 4

      II.    THE DISTRIBUTION OF THE NET SETTLEMENT FUND TO AUTHORIZED CLAIMANTS SHOULD BE APPROVED ....................... 5

      III.   PAYMENT OF A.B. DATA'S OUTSTANDING FEES AND EXPENSES FROM THE SETTLEMENT FUND SHOULD BE AUTHORIZED ................................................................................................. 7

      IV.   RETENTION OF CLAIM FORMS AND OTHER DOCUMENTS ............ 8

      V.    RELEASE OF CLAIMS ........................................................................... 8

CONCLUSION ........................................................................................................................ 9

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*In re Authentidate Holding Corp. Sec. Litig.*,
    No. 05 Civ. 5323(LTS), 2013 WL 324153 (S.D.N.Y. Jan. 25, 2013)............................ 5

*In re Capstone Turbine Corp. Sec. Litig.*,
    CV 15-8914-DMG, 2020 WL 7889062 (C.D. Cal. Aug. 26, 2020).............................. 9

*Kuehbeck v. Genesis Microchip Inc.*,
    No. C 02-05344 JSW, 2007 WL 2382030 (N.D. Cal. Aug. 17, 2007)......................... 5

*Meyer v. United Microelectronics Corp.*,
    No. 19-cv-02304-VM, 2022 WL 43345 (S.D.N.Y. Jan. 5, 2022) ................................ 7

*In re Qudian Inc. Sec. Litig.*,
    No. 1:17-CV-09741-JMF, 2022 WL 633863 (S.D.N.Y. Mar. 4, 2022) ........................ 9

*Sudunagunta v. Nantkwest, Inc.*,
    No. CV 16-1947-MWF, 2019 WL 13060483 (C.D. Cal. Dec. 9, 2019) ....................... 5

**PRELIMINARY STATEMENT**

Class Representative DeKalb County Pension Fund ("Plaintiff") on behalf of itself and the Class, respectfully moves this Court for an Order: (i) approving the administrative recommendations of A.B. Data, Ltd. ("A.B. Data"), the Court-approved Claims Administrator, rejecting and accepting Claims submitted in the above-captioned action ("the Action"); (ii) authorizing distribution of the Net Settlement Fund to Authorized Claimants whose claims have been accepted; (iii) authorizing payment from the Settlement Fund for A.B. Data's $24,380.05 requested fees and expenses and a reserve for A.B. Data's anticipated expenses in connection with the initial distribution of the Net Settlement Fund; (iv) authorizing A.B. Data's proposed timetable for destruction of paper and electronic claim forms and related documentation; and (v) granting the release of claims related to the administration or taxation of the Settlement Fund.[1]

Defendants have no interest in the distribution of the Settlement Fund, Stip. ¶7, and therefore do not oppose the motion.

This motion is based upon the below memorandum of points and authorities; the Declaration of Jack Ewashko in Support of Class Representative's Motion for Distribution of the Net Settlement Fund ("Ewashko Distribution Declaration" or "Ewashko Distrib. Decl."), filed herewith; the pleadings and records on file in this Action, and other such matters and argument as the Court may consider.

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

Plaintiff, on behalf of itself and the Class, respectfully submits this memorandum in support of its motion for distribution of the Net Settlement Fund.

**RELEVANT PROCEDURAL BACKGROUND**

On April 7, 2023, the Court issued the Order and Judgment ("Final Approval Order")

---

[1]    Unless otherwise noted, all capitalized terms not otherwise defined herein have the same meaning as those in the Stipulation and Agreement of Settlement, dated May 6, 2022 (the "Stipulation" or "Stip."), Doc. 124.

granting final approval to the $5,000,000.00 cash settlement between Plaintiff, on behalf of itself and the Class, and defendants Mesa Air Group, Inc. ("Mesa" or the "Company"), Jonathan G. Ornstein, Michael J. Lotz, Daniel J. Altobello, Ellen N. Artist, Mitchell Gordon, Dana J. Lockhart, G. Grant Lyon, Giacomo Picco, Harvey Schiller, Don Skiados (collectively, the "Mesa Defendants"), Raymond James & Associates, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Cowen and Company, LLC, Stifel, Nicolaus & Company, Incorporated, and Imperial Capital, LLC (collectively, "Defendants"), under the terms set forth in the Stipulation, and dismissing the Action.  Doc. 169.

As described in the Ewashko Distribution Declaration, A.B. Data, under Class Counsel's supervision, provided the requisite Notice of Pendency and Proposed Settlement of Class Action to potential Class Members, processed the Proof of Claim and Release forms ("Claims" or "Claim Forms"), calculated Recognized Loss amounts, and performed related work consistent with the Stipulation and the Final Approval Order.  *See generally* Ewashko Distrib. Decl.

A.B. Data has completed the processing of Claims, including Claims submitted after the March 7, 2023 Claims-submission deadline but received on or before September 20, 2023, and related work.  As a result, Class Counsel and the Claims Administrator are now prepared to distribute the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Allocation.

## ARGUMENT

### I.      THE CLAIMS ADMINISTRATOR'S ADMINISTRATIVE DETERMINATIONS SHOULD BE APPROVED

Pursuant to the Order preliminarily approving the settlement ("Preliminary Approval Order") (Doc. 137), all Class Members wishing to obtain their *pro rata* share of the Net Settlement Fund were required to timely submit a completed Claim Form with supporting documentation to A.B. Data, postmarked or submitted electronically on or before the submission deadline of March 7, 2023.  *See, e.g.,* Preliminary Approval Order at ¶ 14(a).

As detailed in the accompanying declaration, A.B. Data reviewed and processed all Claims received from potential Class Members through September 20, 2023.  Ewashko Distrib. Decl. ¶¶ 3, 7.  A.B. Data prepared exhibits detailing: (i) all timely eligible Claims postmarked or received on or before the Claims submission deadline (*id.* at ¶ 33; Ex. D); (ii) all late but otherwise eligible claims that were postmarked or received after the Claims submission deadline but received on or before September 20, 2023 (*id.* at ¶34; Ex. E); and (iii) all rejected Claims that were deemed ineligible through A.B. Data's deficiency process (Ewashko Distrib. Decl. ¶ 35: Ex. F).

### A.     Overview of the Claims Administration Process

To avoid undue repetition, Class Counsel respectfully refers the Court to the Ewashko Distribution Declaration filed herewith for a detailed description of the factual and procedural background of the claims review and administration process.

Briefly, A.B. Data sent 10,823 Notices and Claim Forms and received and processed 5,606 Claims.  Ewashko Distrib. Decl. ¶¶ 4, 7.  The information from each Claim was entered into a computerized database maintained by A.B. Data.  *Id*. at ¶¶ 10, 14.  A.B. Data reviewed all Claim Forms and supporting documentation to determine, among other things, whether each claimant had purchased Mesa securities during the Class Period and whether the claimant was in fact a Class Member.  *Id*. at ¶¶ 10-12, 14-17.

A.B. Data made substantial efforts to provide claimants with a fair opportunity to cure deficiencies in their Claim Forms.  As set forth in the Ewashko Distribution Declaration, A.B. Data sent notices ("Deficiency Notices") in letter or email form for claims that it determined contained deficiencies.  *Id*. at ¶¶ 19-20, 23.  For example, such deficiencies included inadequate supporting documentation or missing signatures.  *See id*. at ¶ 19.  A.B. Data sent Deficiency Notices to 71 claimants in an effort to inform the claimants of the steps needed to remedy the deficiencies.  *Id*. at ¶¶ 20, 23, 25.  The Deficiency Notices informed the claimant of the deficiency and requested the submission of the appropriate information or documentary evidence needed to correct the defect within twenty (20) days or the Claim may

have been rejected to the extent the deficiency was not cured.  *Id*. ¶¶ 20, 23.

A.B. Data received and processed claimants' responses to the Deficiency Notices.  *Id.* ¶¶ 21, 26.

### B.    Ineligible Claims Should Be Rejected

A.B. Data has completed the processing of the Claims received through September 20, 2023 and recommends 4,773 Claims for rejection.  *Id*. at ¶ 35; Ex. F (schedule of all ineligible claimants).  Most of the Rejected Claims either have no Recognized Loss (1,993 Claims) or no eligible purchases during the Class Period (2,722 Claims).  *Id*.  The remainder of the ineligible claims were rejected because the claim was a duplicate or replaced another claim (48 Claims), contained defects that were never cured (5 Claims) or were withdrawn (5 Claims).  *Id*.  Plaintiff respectfully requests that the Court approve A.B. Data's recommendation to reject the 4,773 Claims deemed ineligible.

### C.    Timely Eligible Claims And Late But Otherwise Eligible Claims Should Be Accepted

A.B. Data has determined that 833 Claims should be accepted.  *Id.* at ¶¶ 33-34.  Of the Claims received that are eligible to participate in the Settlement, 831 were postmarked or received on or before the Claims submission deadline ("Timely Eligible Claims") and 2 were postmarked or received after the Claims submission deadline but on or before September 20, 2023 ("Late But Otherwise Eligible Claims" or "Late Claims").  *Id*. at ¶¶ 33-34; Exs. D-E. The total Recognized Losses calculated pursuant to the Plan of Allocation for the Timely Eligible Claims is $17,926,360.33 and the total Recognized Losses for the Late Claims is $8,946.20.  Ewashko Distrib. Decl. ¶¶ 33-34.  A.B. Data recommends, and Class Counsel agrees, that the Late Claims should be deemed timely and included in the Settlement distribution.  *See id*. at ¶ 34.  A.B. Data believes that no delay in the processing or distribution of the Net Settlement Fund has resulted from provisionally accepting the Late Claims.  *See id*. at ¶ 28.  Further, the Recognized Loss amount of the Late Claims is about 5% of the total Recognized Losses for all 833 valid Claims.  *See id*. at ¶¶ 33-34;

4

*Sudunagunta v. Nantkwest, Inc.*, No. CV 16-1947-MWF (JEMx), 2019 WL 13060483, at *2 (C.D. Cal. Dec. 9, 2019) (approving distribution and accepting "late but otherwise valid claims because they have not caused significant delay to the distribution of the Net Settlement Fund to the Class, as [the Claims administrator]'s work on other claims was ongoing, or otherwise prejudiced any Authorized Claimant[]") (internal quotation marks omitted); *Kuehbeck v. Genesis Microchip Inc.*, No. C 02-05344 JSW, 2007 WL 2382030, at *1 (N.D. Cal. Aug. 17, 2007) (approving distribution and accepting claims of those "who timely filed their claims and those claimants whose claims were filed late but who, in every other respect, have filed valid claims, pursuant to the Plan of Allocation . . . "); *In re Authentidate Holding Corp. Sec. Litig.*, No. 05 Civ. 5323(LTS), 2013 WL 324153, at *1 (S.D.N.Y. Jan. 25, 2013) (courts have "inherent power to accept late claims") (internal quotation marks omitted).

Therefore, Class Counsel respectfully requests that the Court approve A.B. Data's recommendation to include the 2 valid Late Claims in the Settlement distribution.

## II. THE DISTRIBUTION OF THE NET SETTLEMENT FUND TO AUTHORIZED CLAIMANTS SHOULD BE APPROVED

Plaintiff respectfully requests that the Court authorize the distribution of the Net Settlement Fund to the Class Members whose claims have been accepted by A.B. Data. These Claims are listed in Exhibits D and E to the Ewashko Distribution Declaration.

The Ewashko Distribution Declaration sets forth a plan for distribution of the Net Settlement Fund in accordance with the Plan of Allocation. *See* Ewashko Distrib. Decl. ¶ 40. Briefly, pursuant to the plan, A.B. Data will calculate the *pro rata* distribution amounts from the Net Settlement Fund based on the amount of the Authorized Claimant's Recognized Loss in comparison to the total Recognized Losses of all Authorized Claimants. *Id.* at ¶ 40(a)(1), (3). A.B. Data will then prepare and distribute checks to all Authorized Claimants whose pro rata share of the Net Settlement Fund amounts to a distribution of $10.00 or more. *Id.* at ¶¶ 40(a)(2)-(3).

5

To encourage Authorized Claimants to cash their distribution checks promptly and to avoid or reduce future expenses relating to uncashed checks, all checks for distribution should bear the notation "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY DATE 90 DAYS AFTER ISSUE DATE." *Id*. at ¶ 40(b).

Consistent with the Stipulation of Settlement, if any funds remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to contact claimants who have not cashed their payments, the Claims Administrator will consult with Class Counsel to determine if a redistribution of the remaining Net Settlement Fund to Class members who cashed their initial distribution check and would receive a minimum of $10.00 is cost effective, after taking into consideration payment of any additional costs and expenses incurred by A.B. Data in carrying out the initial distribution, any additional costs and expenses that would be associated with a redistribution, any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees. *See id*. at ¶ 40(d); Stip. at ¶ 28.

These redistributions shall be repeated until it is no longer feasible to conduct any further distributions of the Net Settlement Fund. Stip. at ¶ 28; Ewashko Distrib. Decl. ¶ 40(d). Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to the Investor Protection Trust, in accordance with the Stipulation. Stip. at ¶ 28; Ewashko Distrib. Decl. ¶ 40(e).

New Claims received after September 20, 2023, and adjustments to previously-received Claims that would result in an increased Recognized Loss amount received after September 20, 2023, will not be accepted, subject to the following exception. If Claims are received or modified after September 20, 2023 that would have been eligible for payment or additional payment under the Plan of Allocation if timely received, then, at the time that Class Counsel, in consultation with A.B. Data, determines that a redistribution is not cost-effective as described above, such claimants, at the discretion of Class Counsel, may be paid the distribution amounts or additional distribution amounts on a *pro rata* basis that would

6

bring them into parity with other Authorized Claimants who have cashed their prior distribution checks, to the extent possible.  *See* Ewashko Distrib. Decl. ¶ 40(f); *see also Meyer v. United Microelectronics Corp.*, No. 19-cv-02304-VM, 2022 WL 43345, at *3 (S.D.N.Y. Jan. 5, 2022) (approving similar language in distribution order).

### III.    PAYMENT OF A.B. DATA'S OUTSTANDING FEES AND EXPENSES FROM THE SETTLEMENT FUND SHOULD BE AUTHORIZED

The Court retained jurisdiction to consider an application for an award of fees and reimbursement of expenses relating to the Claims Administrator's implementation of the terms of the Stipulation.  Final Approval Order at ¶ 19.  Pursuant to the Stipulation, the Settlement Fund may be used to pay Notice and Administration Expenses, which include costs and expenses incurred in connection with distributing the Notices to the Class and the costs of the Claims Administrator, among other things.  *See* Stip. at ¶¶ 1.v, 9, 22, 28.

A.B. Data was retained to supervise and administer the notice program and to process Claims in connection with the Settlement.  *See* Preliminary Approval Order at ¶ 6.  As Claims Administrator, A.B. Data was and is responsible for, among other things, printing and mailing copies of the Notice and Claim Form to Class Members, effecting publication of the Summary Notice of the Settlement, processing and reviewing the filed Claims, preparing the tax returns for the Settlement Fund, calculating the *pro rata* distribution amount by calculating each Authorized Claimant's percentage of the Net Settlement Fund in accordance with the Plan of Allocation, and distributing the Net Settlement Fund to accepted claimants. *See generally* Ewashko Distrib. Decl.; Preliminary Approval Order at ¶¶ 9-11; Stip. at ¶¶1.e, 11, 24-25, 28, 30-31.

In connection with that work, A.B. Data has incurred a total of $140,431.37 in administrative fees and expenses through the initial distribution of the Net Settlement Fund. Ewashko Distrib. Decl. at ¶ 37; Ex. G (invoice).  The estimated cost of conducting the initial distribution is $14,503.50.  Ewashko Distrib. Decl. at ¶ 38.

The Preliminary Approval Order allows for $150,000 to be paid to A.B. Data without

further order of the Court, and that any additional amounts may be approved by the Court. Preliminary Approval Order at ¶ 24.  Consistent with the Order, A.B. Data was paid $116,051.32 in payment from the Settlement Fund for its costs and expenses.  *See* Ewashko Distrib. Decl. at ¶ 37.  Plaintiff respectfully requests that the Court authorize payment to A.B. Data of the outstanding balance of $24,380.05 for costs and expenses already incurred, and the reservation of $14,503.50 for anticipated costs and expenses related to the initial distribution.  *See id.* at ¶¶ 37-38.  If the cost of the initial distribution is less than $14,503.50, the excess will be returned to the Net Settlement Fund.  *Id.*  If the cost of the initial distribution exceeds $14,503.50, and additional funds remain in the Net Settlement Fund following the initial distribution, A.B. Data will seek Lead Counsel's approval to be paid its excess costs, before the implementation of a second distribution or payment to the *cy pres* recipient, without further order of the Court.  *Id.* at ¶ 39.

## IV.    RETENTION OF CLAIM FORMS AND OTHER DOCUMENTS

Plaintiff also requests that the Court permit A.B. Data to destroy paper copies of the Claim Forms and all related documentation one (1) year after the initial distribution of the Net Settlement Fund and electronic copies of the same one (1) year after all funds have been distributed from the Net Settlement Fund.  *See* Ewashko Distrib. Decl. ¶ 40(g).

## V.    RELEASE OF CLAIMS

To allow the full and final distribution of the Net Settlement Fund, Plaintiff respectfully requests that the Court approve the following release:

All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in this matter, or otherwise involved in the administration or taxation of the Settlement Fund or Net Settlement Fund, including Plaintiff, Class Counsel, Liaison Class Counsel, and A.B. Data, are hereby released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are hereby barred

8

from making any further claims against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.  *See* Stipulation ¶ 36; *In re Capstone Turbine Corp. Sec. Litig.*, CV 15-8914-DMG (RAOx), 2020 WL 7889062, at *2 (C.D. Cal. Aug. 26, 2020) (approving a similar release); *In re Qudian Inc. Sec. Litig.*, No. 1:17-CV-09741-JMF, 2022 WL 633863, at *2 (S.D.N.Y. Mar. 4, 2022) (same).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that its Motion for Distribution of the Net Settlement should be granted, and the [Proposed] Distribution Order should be entered.

Dated: November 10, 2023

By: */s/ James M. Wilson, Jr.*
James M. Wilson, Jr.

Lubna Faruqi (*Admitted pro hac vice*)
Robert W. Killorin (*Admitted pro hac vice*)
James M. Wilson, Jr. (*Admitted pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: lfaruqi@faruqilaw.com
        rkillorin@faruqilaw.com
        jwilson@faruqilaw.com

*Attorneys for Class Representative DeKalb County Pension Fund and Lead Counsel for the Class*

Gary F. Urman
**DECONCINI MCDONALD YETWIN & LACY, P.C.**
2525 East Broadway, Suite 500
Tucson, Arizona 85716
Telephone:520-322-5000
Facsimile: 520-322-5585
Email: gurman@dmyl.com

*Attorneys for Class Representative DeKalb County Pension Fund and Liaison Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

By: s/  James M. Wilson, Jr.
James M. Wilson, Jr.

10