**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| David G. Lowthorp, | ) No. CV-20-00648-PHX-MTL |
| Plaintiff, | ) **[PROPOSED] DISTRIBUTION** ) **ORDER** |
| v. | ) |
| Mesa Air Group Incorporated, et al., | ) |
| Defendants. | ) |

WHEREAS Class Representative DeKalb County Pension Fund ("Plaintiff") moved this Court for an order approving distribution of the Net Settlement Fund in the above-captioned action (the "Action"). Having reviewed and considered all the materials and arguments submitted in support of the motion, IT IS HEREBY ORDERED that:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement ("Stipulation") filed with the Court on May 6, 2022, Doc. 124, and all terms used herein shall have the same meaning as set forth in the Stipulation, unless otherwise set forth herein.

2.      The motion is granted in its entirety and the court approves the administrative determinations of A.B. Data, Ltd. ("A.B. Data"), the Court-appointed Claims Administrator, in accepting and rejecting the Proof of Claim and Release forms ("Claim Forms" or "Claims").

3.      The Net Settlement Fund established by the settlement of this Action shall be distributed to Authorized Claimants identified in Exhibits D & E to the Declaration of Jack Ewashko in Support of Class Representative's Motion for Distribution of the Net Settlement Fund ("Ewashko Distribution Declaration"), at the direction of Lead Counsel, Faruqi & Faruqi, LLP, pursuant to the Stipulation, and the Plan of Allocation of the Net Settlement Fund set forth in the Notice of Pendency and Proposed Settlement of Class Action that was distributed pursuant to this Court's Order preliminarily approving the settlement ("Preliminary Approval Order") (Doc. 137).

4.      A.B. Data's administrative determinations rejecting the ineligible or otherwise deficient Claims, which are set forth in Exhibit F of the Ewashko Distribution Declaration, are approved. Such claims may not receive any distributions from the Settlement Fund.

5.      All distribution checks shall bear the notation "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY DATE 90 DAYS AFTER ISSUE DATE."

6.      Consistent with the Plan of Allocation, after A.B. Data has made reasonable and diligent efforts to have Authorized Claimants negotiate their distribution checks, Lead Counsel, in consultation with A.B. Data, will determine whether it is cost-effective to conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), in which any amounts

remaining in the Net Settlement Fund six months after the first distribution ("Initial Distribution"), after deducting A.B. Data's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such Second Distribution), and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants who (i) cashed their Initial Distribution checks; and (ii) would receive at least $10.00 from such distribution based on their *pro rata* share of the remaining funds.  Additional re-distributions, after deduction of costs and expenses as described above, may occur thereafter in six-month intervals, in an equitable and economical fashion, until Lead Counsel, in consultation with A.B. Data, determines that further redistribution would not be cost-effective.  If further redistribution of the funds remaining in the Net Settlement Fund is not feasible or economical to reallocate, the remaining balance of the Net Settlement Fund shall be donated to the Investor Protection Trust, in accordance with ¶ 28 of the Stipulation.

7.    No new Claims may be accepted after September 20, 2023, and no further adjustments to previously received claims that would result in an increased Recognized Loss may be made, subject to the following exception. If Claims are received or modified after September 20, 2023 that would have been eligible for payment or additional payment under the Plan of Allocation if timely received, then, at the time that Lead Counsel, in consultation with A.B. Data, determines that a redistribution is not cost-effective as described in ¶ 6 above, and after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, such claimants, at the discretion of Lead Counsel, may be paid the distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed their prior distribution checks, to the extent possible.

8.    The outstanding fees and expenses already incurred by A.B. Data and its estimate to complete the Initial Distribution are approved.  A.B. Data shall be paid the sum of $24,380.05 from the Settlement Fund for the outstanding balance of its costs and expenses in connection with

the services performed in administering the Settlement, as stated in the invoices attached as Exhibit G to the Ewashko Distribution Declaration.  An additional $14,503.50 shall be reserved from the Settlement Fund in anticipation of the work A.B. Data will perform in connection with the Initial Distribution, which shall be paid to A.B. Data as costs accrue, upon approval by Lead Counsel, without further Order from the Court.  If the cost of the Initial Distribution is less than $14,503.50, the excess shall be returned to the Net Settlement Fund.  To the extent A.B. Data's Initial Distribution costs and expenses exceed $14,503.50, and additional funds remain in the Net Settlement Fund following the Initial Distribution, A.B. Data may be paid its excess costs, upon approval by Lead Counsel, before the implementation of a Second Distribution, any further distributions, or payment to the *cy pres* recipient.

9.      A.B. Data may destroy paper copies of the Claim Forms and all supporting documentation one (1) year after the Initial Distribution of the Net Settlement Fund and may destroy electronic copies of the same one (1) year after all funds have been distributed from the Net Settlement Fund.

10.     All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in this matter, or otherwise involved in the administration or taxation of the Settlement Fund or Net Settlement Fund, including Plaintiff, Class Counsel, Liaison Class Counsel, and A.B. Data, are hereby released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

11.     The Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.